**DUANE MORRIS LLP**
Brian McQuillen
Vanessa C. Hew
R. Terry Parker
1540 Broadway
New York, NY 10036-4086
Tel: (212) 692-1015
Fax: (212) 202-7804

*Attorneys for Defendant-Counterclaim Plaintiff Kwik Lok Corporation*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCHUTTE BAGCLOSURES INC., | ) Case No. 12-cv-5541 (JFK) |
| Plaintiffs, | ) ECF Case |
| v. | ) |
| KWIK LOK CORPORATION, | ) |
| Defendant. | ) |
| KWIK LOK CORPORATION, | ) |
| Counterclaim Plaintiff, | ) |
| v. | ) |
| SCHUTTE BAGCLOSURES INC. and SCHUTTE BAGCLOSURES B.V., | ) |
| Counterclaim Defendants. | ) |

**DEFENDANT KWIK LOK'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES**
**TO SECOND AMENDED COMPLAINT, AND AMENDED COUNTERCLAIMS**

Defendant Kwik Lok Corporation ("Kwik Lok"), by its undersigned attorneys Duane

Morris LLP, hereby answers the Second Amended Complaint filed by plaintiff Schutte

Bagclosures Inc. ("Plaintiff") as follows:

<u>RESPONSE TO PRELIMINARY STATEMENT</u>

The allegations set forth in the 2 ½ page "Preliminary Statement" fails to comply with Fed. R. Civ. P. 10(b) which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  To the extent the "Preliminary Statement" contains allegations suggesting any wrongful conduct by Kwik Lok, the allegations in the Preliminary Statement are denied.   As to allegations in the "Preliminary Statement" relating to Schutte Bagclosures Inc. or its corporate parent company based in the Netherlands - Schutte Bagclosures B.V., Kwik Lok lacks knowledge or information sufficient to form a belief as to truth of such allegations, and, therefore, denies the same.

<u>PARTIES</u>

1.      Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1 of the Second Amended Complaint, and, therefore, denies the same.

2.      Kwik Lok admits it is a corporation, formed and existing under the laws of the State of Washington, and has an office and principal place of business at 2712 South 16th Avenue, Yakima, Washington 98903.

<u>JURISDICTION AND VENUE</u>

3.      Kwik Lok admits that this Court has original and subject matter jurisdiction over this action.

4.      Kwik Lok admits that this Court has personal jurisdiction over Kwik Lok, but denies the remaining allegations set forth in paragraph 4 of the Second Amended Complaint.

5.      Kwik Lok admits that venue is proper in this district.

DM2\4455316.1

<u>FACTS AND BACKGROUND</u>

6.     Kwik Lok admits the allegations set forth in paragraph 6 of the Second Amended Complaint.

7.     Kwik Lok admits the allegations set forth in paragraph 7 of the Second Amended Complaint.

8.     Kwik Lok admits that Kwik Lok's regional sales executive travels to New York State to conduct business, but denies the remaining allegations set forth in paragraph 8 of the Second Amended Complaint.

9.     Kwik Lok admits that an office address in Gasport, New York has been listed on its website, but denies the remaining allegations set forth in paragraph 9 of the Second Amended Complaint.

10.     Kwik Lok admits that Kwik Lok has entered into contracts with persons and/or entities in New York State, and has shipped its plastic bag closures products directly into New York State, but denies the remaining allegations set forth in paragraph 10 of the Second Amended Complaint.

11.     Kwik Lok admits that it distributes advertising/marketing materials in New York State and in this Judicial District, as well as its plastic bag closure products in New York State. Kwik Lok lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Second Amended Complaint, and, therefore, denies the same.

12.     Kwik Lok admits that it derives revenues from sales of its bag closure products in New York State and has contacts in New York State, but denies the remaining allegations set forth in paragraph 12 of the Second Amended Complaint, and, therefore, denies the same.

DM2\4455316.1

13.     Kwik Lok denies the allegations set forth in paragraph 13 of the Second Amended Complaint.

14.     Kwik Lok denies the allegations set forth in paragraph 14 of the Second Amended Complaint.

15.     Kwik Lok denies the allegations set forth in paragraph 15 of the Second Amended Complaint.

16.     Kwik Lok denies the allegations set forth in paragraph 16 of the Second Amended Complaint.

17.     Kwik Lok denies the allegations set forth in paragraph 17 of the Second Amended Complaint.

18.     Kwik Lok denies the allegations set forth in paragraph 18 of the Second Amended Complaint.

19.     Kwik Lok denies the allegations set forth in paragraph 19 of the Second Amended Complaint.

20.     Kwik Lok denies the allegations set forth in paragraph 20 of the Second Amended Complaint.

21.     Kwik Lok states that to the extent paragraph 21 of the Second Amended Complaint identifies patents related to "plastic bag closure products," such patents speak for themselves.

22.     Kwik Lok admits that it has no active United States patents.  Kwik Lok denies the remaining allegations set forth in paragraph 22 of the Second Amended Complaint.

23.     Kwik Lok denies the allegations set forth in paragraph 23 of the Second Amended Complaint.

DM2\4455316.1

24.     Kwik Lok denies the allegations set forth in paragraph 24 of the Second Amended Complaint.

25.     Kwik Lok denies the allegations set forth in paragraph 25 of the Second Amended Complaint.

26.     Kwik Lok denies the allegations set forth in paragraph 26 of the Second Amended Complaint.

27.     Kwik Lok denies the allegations set forth in paragraph 27 of the Second Amended Complaint.

28.     Kwik Lok denies the allegations set forth in paragraph 28 of the Second Amended Complaint.

29.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 29 of the Second Amended Complaint, and, therefore, denies the same.

30.     Kwik Lok denies the allegations set forth-in paragraph 30 of the Second Amended Complaint.

31.     Kwik Lok admits that on May 4, 1990, Kwik Lok filed applications with the United States Patent and Trademark Office to register the distinctive product configurations shown in U.S. Trademark Registration Nos. 1,972,043 and 1,975,545.  Kwik Lok denies the remaining allegations set forth in paragraph 31 of the Second Amended Complaint.

32.      Kwik Lok admits that the United States Patent and Trademark Office issued Registration No. 1,972,043 on May 7, 1996, and Registration No. 1,975,545 on May 28, 1996. Kwik Lok denies remaining allegations set forth in paragraph 32 of the Second Amended Complaint.

33.     Kwik Lok states that the Kwik Lok trademark registration described in paragraph 33 of the Second Amended Complaint speaks for itself.

34.     Kwik Lok states that the Kwik Lok trademark registration described in paragraph 34 of the Second Amended Complaint speaks for itself.

35.     Kwik Lok denies the allegations set forth in paragraph 35 of the Second Amended Complaint.

36.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Second Amended Complaint, and, therefore, denies the same.

37.     Kwik Lok denies the allegations set forth in paragraph 37 of the Second Amended Complaint.

38.     Kwik Lok denies the allegations set forth in paragraph 38 of the Second Amended Complaint.

39.     Kwik Lok denies the allegations set forth in paragraph 39 of the Second Amended Complaint.

40.     Kwik Lok states that the trademark registration described in paragraph 40 of the Second Amended Complaint speaks for itself.

41.     Kwik Lok states that the trademark registration described in paragraph 41 of the Second Amended Complaint is for a product configuration, which Kwik Lok has used continuously since at least 1972.  Kwik Lok denies the remaining allegations set forth in paragraph 41 of the Second Amended Complaint.

42.     Kwik Lok denies the allegations set forth in paragraph 42 of the Second Amended Complaint.

DM2\4455316.1

43.     Kwik Lok denies the allegations set forth in paragraph 43 of the Second Amended Complaint.

44.     Kwik Lok denies the allegations set forth in paragraph 44 of the Second Amended Complaint.

45.     Kwik Lok denies the allegations set forth in paragraph 45 of the Second Amended Complaint.

46.     Kwik Lok denies the allegations set forth in paragraph 46 of the Second Amended Complaint.

47.     Kwik Lok denies the allegations set forth in paragraph 47 of the Second Amended Complaint.

48.     Kwik Lok denies the allegations set forth in paragraph 48 of the Second Amended Complaint.

49.     Kwik Lok denies the allegations set forth in paragraph 49 of the Second Amended Complaint.

50.     Kwik Lok denies the allegations set forth in paragraph 50 of the Second Amended Complaint.

51.     Kwik Lok denies the allegations set forth in paragraph 51 of the Second Amended Complaint.

52.     Kwik Lok states that the trademark registration described in paragraph 52 of the Second Amended Complaint speaks for itself.

53.     Kwik Lok states that the trademark registration described in paragraph 53 speaks for itself.

54.     Kwik Lok denies the allegations set forth in paragraph 54 of the Second Amended Complaint.

55.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Second Amended Complaint, and, therefore, denies the same.

56.     Kwik Lok denies the allegations set forth in paragraph 56 of the Second Amended Complaint.

57.     Kwik Lok denies the allegations set forth in paragraph 57 of the Second Amended Complaint.

58.     Kwik Lok denies the allegations set forth in paragraph 58 of the Second Amended Complaint.

59.     Kwik Lok states that the trademark registration described in paragraph 59 of the Second Amended Complaint speaks for itself.

60.     Kwik Lok states that the trademark registration described in paragraph 60 of the Second Amended Complaint is for a product configuration, which Kwik Lok has used continuously since 1954.  Kwik Lok denies the remaining allegations set forth in paragraph 60 of the Second Amended Complaint.

61.     Kwik Lok denies the allegations set forth in paragraph 61 of the Second Amended Complaint.

62.     Kwik Lok denies the allegations set forth in paragraph 62 of the Second Amended Complaint.

63.     Kwik Lok denies the allegations set forth in paragraph 63 of the Second Amended Complaint.

64.     Kwik Lok denies the allegations set forth in paragraph 64 of the Second Amended Complaint.

65.     Kwik Lok denies the allegations set forth in paragraph 65 of the Second Amended Complaint.

66.     Kwik Lok denies the allegations set forth in paragraph 66 of the Second Amended Complaint.

67.     Kwik Lok denies the allegations set forth in paragraph 67 of the Second Amended Complaint.

68.     Kwik Lok denies the allegations set forth in paragraph 68 of the Second Amended Complaint.

69.     Kwik Lok states that the trademark registrations described in paragraph 69 of the Second Amended Complaint are for product configurations produced by Kwik Lok and are the subject of marketing and advertising materials from Kwik Lok.  Kwik Lok denies the remaining allegations set forth in paragraph 69 of the Second Amended Complaint.

70.     Kwik Lok denies the allegations set forth in paragraph 70 of the Second Amended Complaint.

71.     Kwik Lok denies the allegations set forth in paragraph 71 of the Second Amended Complaint.

72.     Kwik Lok denies the allegations set forth in paragraph 72 of the Second Amended Complaint.

73.     Kwik Lok denies the allegations set forth in paragraph 73 of the Second Amended Complaint.

74.    Kwik Lok denies the allegations set forth in paragraph 74 of the Second Amended Complaint.

75.    Kwik Lok denies the allegations set forth in paragraph 75 of the Second Amended Complaint.

76.    Kwik Lok denies the allegations set forth in paragraph 76 of the Second Amended Complaint.

77.    Kwik Lok denies the allegations set forth in paragraph 77 of the Second Amended Complaint.

78.    Kwik Lok states that trademark registration described in paragraph 78 of the Second Amended Complaint speaks for itself.

79.    Kwik Lok states that trademark registration described in paragraph 79 of the Second Amended Complaint speaks for itself.

80.    Kwik Lok denies the allegations set forth in paragraph 80 of the Second Amended Complaint.

81.    Kwik Lok denies the allegations set forth in paragraph 81 of the Second Amended Complaint.

82.    Kwik Lok lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Second Amended Complaint, and, therefore, denies the same.

83.    Kwik Lok denies the allegations set forth in paragraph 83 of the Second Amended Complaint.

84.    Kwik Lok states that trademark registration described in paragraph 84 of the Second Amended Complaint speaks for itself, and does not include a disclaimer.

85.     Kwik Lok denies the allegations set forth in paragraph 85 of the Second Amended Complaint.

86.     Kwik Lok denies the allegations set forth in paragraph 86 of the Second Amended Complaint.

87.     Kwik Lok denies the allegations set forth in paragraph 87 of the Second Amended Complaint.

88.     Kwik Lok denies the allegations set forth in paragraph 88 of the Second Amended Complaint.

89.     Kwik Lok states that the file wrapper for the trademark registration described in paragraph 89 of the Second Amended Complaint speaks for itself.  Kwik Lok denies the remaining allegations set forth in paragraph 89 of the Second Amended Complaint.

90.     Kwik Lok denies the allegations set forth in paragraph 90 of the Second Amended Complaint.

91.     Kwik Lok denies the allegations set forth in paragraph 91 of the Second Amended Complaint.

92.     Kwik Lok denies the allegations set forth in paragraph 92 of the Second Amended Complaint.

93.     Kwik Lok denies the allegations set forth in paragraph 93 of the Second Amended Complaint.

94.     Kwik Lok denies the allegations set forth in paragraph 94 of the Second Amended Complaint.

95.     Kwik Lok admits the allegations set forth in paragraph 95 of the Second Amended Complaint.

DM2\4455316.1

96.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 96 of the Second Amended Complaint, and, therefore, denies the same.

97.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 97 of the Second Amended Complaint, and, therefore, denies the same.

98.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 98 of the Second Amended Complaint, and, therefore, denies the same.

99.     Kwik Lok denies that the Schutte Bagclosures group of companies are a direct competitor of Kwik Lok in the United States.  Kwik Lok lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 99 of the Second Amended Complaint, and, therefore, denies the same.

100.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 100 of the Second Amended Complaint, and, therefore, denies the same.

101.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 101 of the Second Amended Complaint, and, therefore, denies the same.

102.     Kwik Lok admits that some of its representatives have seen some of the products represented in Exhibit D to the Second Amended Complaint and some of Kwik Lok's representatives have discussed Schutte products with Schutte Bagclosures B.V.'s executives. Kwik Lok lacks knowledge or information sufficient to form a belief as to the remaining

12

allegations set forth in paragraph 102 of the Second Amended Complaint, and, therefore, denies the same.

103.    Kwik Lok lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 103 of the Second Amended Complaint, and, therefore, denies the same

104.    Kwik Lok states that Exhibit D described in paragraph 104 of the Second Amended Complaint speaks for itself.  Kwik Lok lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 104 of the Second Amended Complaint, and, therefore, denies the same.

105.    Kwik Lok denies the allegations set forth in paragraph 105 of the Second Amended Complaint.

106.    Kwik Lok denies the allegations set forth in paragraph 106 of the Second Amended Complaint.

107.    Kwik Lok denies the allegations set forth in paragraph 107 of the Second Amended Complaint.

108.    Kwik Lok denies the allegations set forth in paragraph 108 of the Second Amended Complaint.

109.    Kwik Lok denies the allegations set forth in paragraph 109 of the Second Amended Complaint.

110.    Kwik Lok admits that it was involved in litigation with Schutte Bagclosures B.V. in Europe.  Kwik Lok denies the remaining allegations set forth in paragraph 110 of the Second Amended Complaint.

DM2\4455316.1

111.    The decision of the Hague District Court speaks for itself,  Kwik Lok denies the remaining allegations set forth in paragraph 111 of the Second Amended Complaint.

112.    The decision of the Hague Court of Appeals speaks for itself,  Kwik Lok denies the remaining allegations set forth in paragraph 112 of the Second Amended Complaint.

113.    The decision of the Supreme Court of the Netherlands speaks for itself,  Kwik Lok denies the remaining allegations set forth in paragraph 113 of the Second Amended Complaint.

114.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 114 of the Second Amended Complaint, and, therefore, denies the same.

115.    Kwik Lok admits that it does business globally.  Kwik Lok lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 115 of the Second Amended Complaint, and, therefore, denies the same.

116.    Kwik Lok denies the allegations set forth in paragraph 116 of the Second Amended Complaint.

117.    Kwik Lok denies the allegations set forth in paragraph 117 of the Second Amended Complaint.

118.    Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 118 of the Second Amended Complaint, and, therefore, denies the same.

119.    Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 119 of the Second Amended Complaint, and, therefore, denies the same.

120.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 120 of the Second Amended Complaint, and, therefore, denies the same.

121.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 121 of the Second Amended Complaint, and, therefore, denies the same.  To the extent, Schutte Bagclosures B.V. obtained a trademark registration in the United States, the document speaks for itself.

122.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 122 of the Second Amended Complaint, and, therefore, denies the same.

123.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 123 of the Second Amended Complaint, and, therefore, denies the same.

124.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 124 of the Second Amended Complaint, and, therefore, denies the same.

125.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 125 of the Second Amended Complaint, and, therefore, denies the same.

126.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 126 of the Second Amended Complaint, and, therefore, denies the same.

DM2\4455316.1

127.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 127 of the Second Amended Complaint, and, therefore, denies the same.

128.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 128 of the Second Amended Complaint, and, therefore, denies the same.

129.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 129 of the Second Amended Complaint, and, therefore, denies the same.

130.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 130 of the Second Amended Complaint, and, therefore, denies the same.

131.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 131 of the Second Amended Complaint, and, therefore, denies the same.

132.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 132 of the Second Amended Complaint, and, therefore, denies the same.

133.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 133 of the Second Amended Complaint, and, therefore, denies the same.

DM2\4455316.1

134.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 134 of the Second Amended Complaint, and, therefore, denies the same.

135.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 135 of the Second Amended Complaint, and, therefore, denies the same.

136.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 136 of the Second Amended Complaint, and, therefore, denies the same.

137.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 137 of the Second Amended Complaint, and, therefore, denies the same.

138.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 138 of the Second Amended Complaint, and, therefore, denies the same.

139.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 139 of the Second Amended Complaint, and, therefore, denies the same.

140.     Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 140 of the Second Amended Complaint, and, therefore, denies the same.

DM2\4455316.1

141.    Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 141 of the Second Amended Complaint, and, therefore, denies the same.

142.    Kwik Lok admits that Plaintiff commenced this litigation in July 2012.   Kwik Lok lacks knowledge or information sufficient to form a belief as to the remaining allegations set forth in paragraph 142 of the Second Amended Complaint, and, therefore, denies the same.

143.    Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 143 of the Second Amended Complaint, and, therefore, denies the same.

144.    Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 144 of the Second Amended Complaint, and, therefore, denies the same.

<u>COUNT ONE</u>

145.    Kwik Lok incorporates by reference its answers to paragraphs 1 through 144 as if fully set forth and realigned herein.

146.    Kwik Lok admits there is a justiciable and actual controversy concerning whether Plaintiff's commercial use of its plastic bag closure products in the United States infringe the 545 and 043 Registrations and other rights of Kwik Lok.  Kwik Lok denies the remaining allegations set forth in paragraph 146 of the Second Amended Complaint.

147.    Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 147 of the Second Amended Complaint, and, therefore, denies the same.

DM2\4455316.1

148.    Kwik Lok admits there is a substantial controversy between Plaintiff and Kwik Lok.  Kwik Lok denies the remaining allegations set forth in paragraph 148 of the Second Amended Complaint.

149.    Kwik Lok denies the allegations set forth in paragraph 149 of the Second Amended Complaint.

150.    Kwik Lok admits that Plaintiff requests the relief described in paragraph 150, but denies such relief is appropriate.

<u>COUNT TWO</u>

151.    Kwik Lok incorporates by reference its answers to paragraphs 1 through 150 as if fully set forth and realleged herein.

152.    Kwik Lok admits there is a justiciable and actual controversy concerning whether Plaintiff's commercial use of its plastic bag closure products in the United States dilutes the 545 and 043 Registrations and other rights of Kwik Lok.  Kwik Lok denies the remaining allegations set forth in paragraph 152 of the Second Amended Complaint.

153.    Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 153 of the Second Amended Complaint, and, therefore, denies the same.

154.    Kwik Lok admits there is a substantial controversy between Plaintiff and Kwik Lok.  Kwik Lok denies the remaining the allegations set forth in paragraph 154 of the Second Amended Complaint.

155.    Kwik Lok denies the allegations set forth in paragraph 155 of the Second Amended Complaint.

156.    Kwik Lok admits that Plaintiff requests the relief described in paragraph 156, but denies such relief is appropriate.

DM2\4455316.1

<u>COUNT THREE</u>

157.    Kwik Lok incorporates by reference its answers to paragraphs 1 through 156 as if fully set forth and realleged herein.

158.    Kwik Lok denies the allegations set forth in paragraph 158 of the Second Amended Complaint.

159.    Kwik Lok denies the allegations set forth in paragraph 159 of the Second Amended Complaint.

160.    Kwik Lok denies the allegations set forth in paragraph 160 of the Second Amended Complaint.

161.    Kwik Lok denies the allegations set forth in paragraph 161 of the Second Amended Complaint.

162.    Kwik Lok denies the allegations set forth in paragraph 162 of the Second Amended Complaint.

163.    Kwik Lok denies the allegations set forth in paragraph 163 of the Second Amended Complaint.

164.    Kwik Lok denies the allegations set forth in paragraph 164 of the Second Amended Complaint.

165.    Kwik Lok denies the allegations set forth in paragraph 165 of the Second Amended Complaint.

166.    Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 166 of the Second Amended Complaint, and, therefore, denies the same.

167.    Kwik Lok denies the allegations set forth in paragraph 167 of the Second Amended Complaint.

DM2\4455316.1

168.     Paragraph 168 of the Second Amended Complaint states a legal conclusion, and, therefore, Kwik Lok denies the same.

169.     Kwik Lok denies the allegations set forth in paragraph 169 of the Second Amended Complaint.

170.     Kwik Lok denies the allegations set forth in paragraph 170 of the Second Amended Complaint.

171.     Kwik Lok denies the allegations set forth in paragraph 171 of the Second Amended Complaint.

172.     Kwik Lok denies the allegations set forth in paragraph 172 of the Second Amended Complaint.

173.     Kwik Lok denies the allegations set forth in paragraph 173 of the Second Amended Complaint.

174.     Kwik Lok denies the allegations set forth in paragraph 174 of the Second Amended Complaint.

175.     Kwik Lok denies the allegations set forth in paragraph 175 of the Second Amended Complaint.

176.     Kwik Lok denies the allegations set forth in paragraph 176 of the Second Amended Complaint.

177.     Kwik Lok admits the allegations set forth in paragraph 177 of the Second Amended Complaint.

178.     Kwik Lok admits the allegations set forth in paragraph 178 of the Second Amended Complaint.

DM2\4455316.1

179.     Kwik Lok admits that Plaintiff requests the relief described in paragraph 179, but denies such relief is appropriate.

<u>COUNT FOUR</u>

180.     Kwik Lok incorporates by reference its answers to paragraphs 1 through 179 as if fully set forth and realleged herein.

181.     Kwik Lok denies the allegations set forth in paragraph 181 of the Second Amended Complaint.

182.     Kwik Lok denies the allegations set forth in paragraph 182 of the Second Amended Complaint.

183.     Kwik Lok denies the allegations set forth in paragraph 183 of the Second Amended Complaint.

184.     Kwik Lok denies the allegations set forth in paragraph 184 of the Second Amended Complaint.

185.     Kwik Lok denies the allegations set forth in paragraph 185 of the Second Amended Complaint.

186.     Kwik Lok denies the allegations set forth in paragraph 186 of the Second Amended Complaint.

187.     Kwik Lok denies the allegations set forth in paragraph 187 of the Second Amended Complaint.

188.     Kwik Lok denies the allegations set forth in paragraph 188 of the Second Amended Complaint.

189.     Kwik Lok denies the allegations set forth in paragraph 189 of the Second Amended Complaint.

190.    Kwik Lok denies the allegations set forth in paragraph 190 of the Second Amended Complaint.

191.    Kwik Lok denies the allegations set forth in paragraph 191 of the Second Amended Complaint.

192.    Kwik Lok lacks knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 192 of the Second Amended Complaint, and, therefore, denies the same.

193.    Kwik Lok denies the allegations set forth in paragraph 193 of the Second Amended Complaint.

194.    Paragraph 194 of the Second Amended Complaint states a legal conclusion, and, therefore, Kwik Lok denies the same.

195.    Kwik Lok denies the allegations set forth in paragraph 195 of the Second Amended Complaint.

196.    Kwik Lok denies the allegations set forth in paragraph 196 of the Second Amended Complaint.

197.    Kwik Lok denies the allegations set forth in paragraph 197 of the Second Amended Complaint.

198.    Kwik Lok denies the allegations set forth in paragraph 198 of the Second Amended Complaint.

199.    Kwik Lok admits that Plaintiff purports to request the relief described in paragraph 199 of the Second Amended Complaint, but denies such relief is appropriate..

<u>COUNT FIVE</u>

200.    Kwik Lok incorporates by reference its answers to paragraphs 1 through 199 as if fully set forth and realleged herein.

23

201.    Kwik Lok denies the allegations set forth in paragraph 201 of the Second Amended Complaint.

202.    Kwik Lok denies the allegations set forth in paragraph 202 of the Second Amended Complaint.

203.    Kwik Lok denies the allegations set forth in paragraph 203 of the Second Amended Complaint.

204.    Kwik Lok denies the allegations set forth in paragraph 204 of the Second Amended Complaint.

205.    Kwik Lok admits that Plaintiff purports to request the relief described in paragraph 205 of the Second Amended Complaint, but denies such relief is appropriate.

<u>COUNT SIX</u>

206.    Kwik Lok incorporates by reference its answers to paragraphs 1 through 205 as if fully set forth and realleged herein.

207.    Kwik Lok denies the allegations set forth in paragraph 207 of the Second Amended Complaint.

208.    Kwik Lok denies the allegations set forth in paragraph 208 of the Second Amended Complaint.

209.    Kwik Lok denies the allegations set forth in paragraph 209 of the Second Amended Complaint.

210.    Kwik Lok denies the allegations set forth in paragraph 210 of the Second Amended Complaint.

211.    Kwik Lok admits that Plaintiff purports to request the relief described in paragraph 211 of the Second Amended Complaint, but denies such relief is appropriate.

## <u>AFFIRMATIVE DEFENSES</u>

For its Affirmative Defenses to Schutte's Second Amended Complaint, Kwik Lok states

as follows:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to state a claim upon which relief can be granted

under the law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by acquiescence.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because they would result in unjust enrichment to Plaintiff.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because they are not ripe for disposition.

DM2\4455316.1

## AMENDED COUNTERCLAIMS

Defendant/Counterclaim Plaintiff Kwik Lok Corporation ("Kwik Lok") brings the

following counterclaims against plaintiff/counterclaim defendant Schutte Bagclosures Inc. and

Schutte Bagclosures B.V. (collectively hereinafter "Schutte") and hereby avers as follows:

### SUBSTANCE OF THE ACTION

1.       This is an action for trade dress infringement, trade dress dilution and unfair

competition under Sections 32(1), 43(c) and 43(a) of the Trademark Act of 1946 (the "Lanham

Act"), 15 U.S.C. §§ 1114(1), 1125(c) and 1125(a), and for substantial and related claims of

unfair competition and dilution under the state and common laws of the State of New York.

Kwik Lok brings this action based on Schutte's unauthorized distribution, marketing, promotion,

offering for sale and/or sale of certain bag closure product configurations that have been copied

from and infringe upon and violate Kwik Lok's longstanding and exclusive rights in the use of

its protectable trade dress rights in certain product configurations in connection with Kwik Lok's

bag closure products.

### THE PARTIES

2.       Defendant/Counterclaim Plaintiff Kwik Lok is a corporation formed and existing

under the laws of the State of Washington, with a principal place of business at 2712 South 16th

Avenue, Yakima, Washington 98903.

3.       Plaintiff/Counterclaim Defendant Schutte Bagclosures Inc. is a New York

corporation with a principal place of business at 248 East 44th Street, 2nd Floor, New York, New

York 10017.

4.       Counterclaim Defendant Schutte Bagclosures B.V. is, upon information and

belief,  a Netherlands corporation with a principal place of business at Brouwerstraat 8, P.O.box

377, 5400 AJ Uden, The Netherlands.

DM2\4455316.1

**JURISDICTION AND VENUE**

5.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

6.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because Schutte Bagclosures Inc. resides in this District and pursuant to 28 U.S.C. § 1391(c) because Schutte Bagclosures B.V. has transacted business within this judicial district, because the events giving rise to the claim occurred, in part, in this judicial district and because Kwik Lok is subject to this Court's personal jurisdiction with respect to this action. Personal jurisdiction over Schutte Bagclosures Inc. is proper because Schutte Bagclosures Inc. resides in this District and over Schutte Bagclosures B.V. because it is conducting business in this District and committing unlawful acts in this State, including without limitation trademark infringement, dilution, and unfair competition which causes harm in this State and District.

7.      According to Paragraph 126 of the Second Amended Complaint, Schutte Bagclosures B.V. allegedly shipped over 100,000 individual plastic bag closure products to Schutte Bagclosures Inc., which were then allegedly distributed by Schutte Bagclosures Inc. to potential business partners and customers located in New York.

8.      Schutte Bagclosures B.V. purposely availed itself of the benefits of the laws of this State, as set forth in Paragraph 123 of the Second Amended Complaint, by allegedly "incorporating Plaintiff Schutte Bagclosures Inc. under New York law, as the U.S. operating entity for its marketing, importation, production and distribution of the Schutte Products into the New York market."

9.      Schutte Bagclosures Inc. and Schutte Bagclosures B.V. have purposely engaged in activities directed at the New York market.  Specifically, as stated in Paragraph 135 of the

27

Second Amended Complaint, Schutte Bagclosures Inc. and its parent Schutte Bagclosures B.V. allegedly "have made a significant investment of time and money into this expansion into New York, and the marketing and distribution of Schutte's plastic bag closure products in New York, including in the areas of design, innovation, marketing, market research, operations management, corporate structuring, tax planning, etc."

10.     Schutte Bagclosures Inc. and Schutte Bagclosures B.V.'s marketing, distribution and/or sale of products and services in New York constitute substantial contacts with the State of New York, such that both Schutte Bagclosures Inc. and Schutte Bagclosures B.V. are subject to personal jurisdiction in this State and District and may reasonably anticipate being brought into a New York court.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Kwik Lok's Business**

11.     For more than 50 years, Kwik Lok has been a leading manufacturer, distributor and seller of plastic closures for bags, distributing and selling a range of bag closure products in connection with the distinctive KWIK LOK® trade dress.

12.     Kwik Lok has continuously distributed and sold bag closure products in interstate commerce in the United States in connection with the distinctive KWIK LOK® trade dress, in particular its distinctive product configurations, since at least as early as 1953.  The KWIK LOK® product configurations have appeared on, or have been embodied in, KWIK LOK® products, product packaging, promotional and advertising materials, and other materials, and continue to appear on, or be embodied in, KWIK LOK® products, product packaging, promotional and advertising materials, and other materials.

**B.     Kwik Lok's Registered Trade Dress Rights in Product Configurations**

13.     Kwik Lok is the owner of the following incontestable federal trademark

registrations on the Principal Register of the United States Patent and Trademark Office for trade

dress rights Kwik Lok has in the following product configurations:

| Registered Trade Dress in Product Configuration | Registration Number | Registration Date | Goods and Services |
|---|---|---|---|
|  | 1,975,545 | May 28, 1996 | Plastic Closures for Bags |
|  | 1,972,043 | May 07, 1996 | Plastic Closures for Bags |

14.     These Kwik Lok registrations are incontestable and serve as conclusive evidence

of the distinctiveness of the product configurations subject thereto and as to Kwik Lok's

exclusive right to use the product configurations in connection with the goods cited therein.

Copies of the Certificates of Registration are attached hereto as Exhibit 1 and incorporated herein

by reference.

15.     Kwik Lok's exclusive trade dress rights in the product configuration that is

subject to United States Trademark Registration No. 1,975,545 (the "Arched Rectangle KWIK

LOK® Product Configuration") date back to 1954 when Kwik Lok first shipped products

incorporating its Arched Rectangle KWIK LOK® Product Configuration.

16.     Since 1954, Kwik Lok has continuously shipped bag closures embodying the

Arched Rectangle KWIK LOK® Product Configuration throughout the United States, and it

currently ships them to consumers throughout this District, this State, the United States, and a host of other countries throughout the world.

17.     Since 1954, Kwik Lok has sold tens of millions bag closure products embodying its Arched Rectangle KWIK LOK® Product Configuration.  As a result, the Arched Rectangle KWIK LOK® Product Configuration has achieved enormous fame, and long ago acquired trademark distinctiveness.

18.     The Arched Rectangle KWIK LOK® Product Configuration is not entirely functional, and it serves to readily distinguish KWIK LOK® products from those of its competitors.

19.     Kwik Lok has sold bag closure products embodying its Arched Rectangle KWIK LOK® Product Configuration in substantially the same form since the product was first sold, and Kwik Lok acquired exclusive rights in the Arched Rectangle KWIK LOK® Product Configuration long before the infringing acts of Schutte as described herein.

20.     Kwik Lok's exclusive trade dress rights in the product configuration that is subject to United States Trademark Registration No. 1,972,043 (the "Beveled Square KWIK LOK® Product Configuration") date back to 1972, when Kwik Lok first shipped products embodying its Beveled Square KWIK LOK® Product Configuration.

21.     Since 1972, Kwik Lok has continuously sold bag closure products embodying its Beveled Square KWIK LOK® Product Configuration throughout the United States, and it currently sells the same to consumers throughout this District, this State, the United States, and a host of other countries throughout the world.

22.     Since 1972, Kwik Lok has sold more than a billion bag closure products embodying its Beveled Square KWIK LOK® Product Configuration.  As a result, the Beveled

Square KWIK LOK® Product Configuration has achieved enormous fame, and it long ago acquired trademark distinctiveness.

23.     The Beveled Square KWIK LOK® Product Configuration is not entirely functional, and it serves to readily distinguish KWIK LOK® products from those of its competitors.

24.     Kwik Lok has sold bag closure products embodying its Beveled Square KWIK LOK® Product Configuration in substantially the same form since the product was first sold, and Kwik Lok acquired exclusive rights in the Beveled Square KWIK LOK® Product Configuration long before the infringing acts of Schutte as described herein.

25.     The Beveled Square KWIK LOK® Product Configuration and the Arched Rectangle KWIK LOK® Product Configuration are collectively referred to herein as the "Registered KWIK LOK® Product Configurations."

**C.     Kwik Lok's Unregistered Trade Dress Rights in Product Configurations**

26.     Kwik Lok also sells its bag closure products in connection with the following distinctive product configurations in which, as explained below, Kwik Lok has protectable trade dress rights:

| Unregistered Trade Dress Examples | Name | Model Number | Goods and Services |
|---|---|---|---|
|  | Beveled Rectangle KWIK LOK Product Configuration | Series L, U, RL, SL and CR | Plastic Closures for Bags |

| Unregistered Trade Dress Examples | Name | Model Number | Goods and Services |
|---|---|---|---|
|  | Long Beveled Rectangle KWIK LOK Product Configuration | Series JM-NRP and KM-NRP | Plastic Closures for Bags |
|  | Skinny Long Beveled Rectangle KWIK LOK Product Configuration | Series VW-NRP | Plastic Closures for Bags |

Attached hereto as Exhibit 2 are photocopies of specimens depicting the Beveled Rectangle KWIK LOK Product Configuration, the Long Beveled Rectangle KWIK LOK Product Configuration, and the Skinny Long Beveled Rectangle KWIK LOK Product Configuration.

27.    In the alternative and only to the extent that a Court should find the registered Beveled Square KWIK LOK® Product Configuration is not entitled to protection or the registration limited to product configurations with straight peripheral edges, Kwik Lok identifies the following unregistered distinctive product configuration ("the Beveled and Notched Square KWIK LOK Product Configuration") in which, as explained below, Kwik Lok has protectable common law trade dress rights:

| Unregistered Trade Dress Example | Name | Model Number | Goods and Services |
|---|---|---|---|
|  | Beveled and Notched Square KWIK LOK Product Configuration | Series J-NRP and K-NRP | Plastic Closures for Bags |

28.    Kwik Lok contends the Beveled and Notched Square KWIK LOK Product Configuration shown above falls with the scope and is protected by the incontestable registration for the Beveled Square KWIK LOK® Product Configuration.  Should a Court find, however, that the J-NRP series (and K-NRP series) is not within the scope of the Beveled Square KWIK LOK® Product Configuration registration, Kwik Lok maintains the above product configuration is protectable trade dress because the particular features of the Beveled and Notched Square KWIK LOK Product Configuration has also acquired secondary meaning and is protectable trade dress.  Attached hereto as Exhibit 3 are photocopies of specimens depicting the unregistered Beveled and Notched Square KWIK LOK Product Configuration as used in the marketplace.

29.    The Beveled Rectangle KWIK LOK Product Configuration, the Long Beveled Rectangle KWIK LOK Product Configuration, the Skinny Long Beveled Rectangle KWIK LOK Product Configuration and the Beveled and Notched Square KWIK LOK Product Configuration are collectively referred to herein as the "Unregistered KWIK LOK Product Configurations." Attached hereto as Exhibit 4 are excerpts from Kwik Lok's product catalog depicting the Unregistered KWIK LOK Product Configurations as used in the marketplace.

33

30.     The Unregistered KWIK LOK Product Configurations are not entirely functional, and they serve to readily distinguish KWIK LOK®-brand bag closure products from the bag closure products of its competitors.

31.     Kwik Lok has sold bag closure products embodying the famous and distinctive Unregistered KWIK LOK Product Configurations in substantially the same form since the products were first sold, and the Unregistered KWIK LOK Product Configurations acquired trademark distinctiveness long before the acts of Schutte described herein.

32.     The KWIK LOK®-brand bag closure products embodying the famous and distinctive Unregistered KWIK LOK Product Configurations are currently available and sold to consumers throughout this District, this State, the United States, and a host of other countries throughout the world.

33.     Over many years, and as a result of significant marketing and promotional efforts, Kwik Lok has sold hundreds of millions of bag closure products in connection with the Registered KWIK LOK® Product Configurations and the Unregistered KWIK LOK Product Configurations (collectively referred to herein as the "KWIK LOK Product Configurations") , and Kwik Lok has built an enormously successful and famous KWIK LOK®-brand of bag closure products.  Kwik Lok®-brand bag closure products are among the most well-known and highly regarded bag closure products in the United States.  In recent years, sales of Kwik Lok ® brand bag closure products have generated millions of dollars in revenue.

34.     Kwik Lok continuously and extensively advertises and promotes its Kwik Lok®- brand bag closure products embodying the KWIK LOK Product Configurations in a variety of media in the United States, including print and online media.  For example, Kwik Lok maintains a website at the domain name address www.kwiklok.com to advertise and promote its KWIK

LOK®-brand products and the KWIK LOK Product Configurations.  In addition, Kwik Lok continuously and extensively advertises and promotes its Kwik Lok®-brand bag closure products and the KWIK LOK Product Configurations at packaging industry trade shows all over the United States and the world that target a wide variety of different industries, including the apple, potato, onion, carrot, lettuce, citrus, bakery, and supermarket industries.

35.     Because of the extensive promotion and sale of KWIK LOK®-brand closures embodying the KWIK LOK Product Configurations, the KWIK LOK Product Configurations have acquired enormous value and secondary meaning and are extremely well-known to the consuming public and trade as identifying and distinguishing KWIK LOK®-brand products from those of its competitors.

36.     Kwik Lok has invested significant amounts of time and effort and considerable financial resources over the years to maintain the highly regarded image of its KWIK LOK®-brand products.  As a result of these activities, Kwik Lok enjoys a reputation in its industry as a manufacturer and distributor of the highest quality bag closures such that, when consumers see any of the KWIK LOK Product Configurations, they immediately recognize the product configuration as originating with Kwik Lok, and know that the bag closure products will be of consistent nature and quality associated with Kwik Lok.  As a result of these efforts, sales of products embodying the KWIK LOK® Product Configurations have been enormous and the KWIK LOK Product Configurations have come to symbolize and represent an enormous amount of goodwill belonging to Kwik Lok.

**D.     Schutte's Violation of Kwik Lok's Intellectual Property and Unfair Competition**

37.     In the Second Amended Complaint, Schutte represents that it seeks to enter the plastic bag closure product market in the United States to compete with Kwik Lok.  However,

35

upon information and belief, rather than competing by innovating and developing its own unique

Schutte product configurations for its bag closure products, Schutte has chosen to compete by

merely copying Kwik Lok's well-known registered and unregistered trade dress, as embodied in

the Arched Rectangle KWIK LOK® Product Configuration, the Beveled Square KWIK LOK®

Product Configuration and others, in an obvious attempt to confuse consumers and

misappropriate the hard earned goodwill that Kwik Lok has spent more than 50 years building.

38.    Specifically, Schutte, upon information and belief, manufactures, markets,

distributes and intends to sell twenty-nine different models of "SCHUTLOK" bag closure

products as depicted in Exhibit D to its Second Amended Complaint ("SCHUTLOK Products")

and five different Clipps products also depicted in Exhibit D ("Clipps Products").  As evident in

Exhibit D, and in the Second Amended Complaint seeking declaratory judgment, Schutte has

engaged in a systematic attempt to take advantage of the marketing efforts of Kwik Lok to sell

more Schutte products than it otherwise would as a result of consumers confusing the new

Schutte products with the well-known and widely recognized Kwik Lok product configurations.

39.    The SCHUTLOK Products identified in Exhibit D to the Second Amended

Complaint as L29, L48, L29 (with slot), and L48 (with slot) ("SCHUTLOK L Series Products")

are, upon information and belief, all simulations or confusingly similar variations of Kwik Lok's

protected trade dress embodied in the Arched Rectangle KWIK LOK® Product Configuration.

40.    Upon information and belief, of the virtually unlimited possible product

configurations available to Schutte, Schutte intentionally designed a product configuration for its

SCHUTLOK L Series Products that mimics and imitates the distinctive trade dress of the Arched

Rectangle KWIK LOK® Product Configuration.  Specifically, the SCHUTLOK L Series

Products misappropriate the protected rectangular peripheral shape, as well as the arched ends, of

the Arched Rectangle KWIK LOK® Product Configuration.  The below side-by-side comparison

of Kwik Lok's protected trade dress embodied in the Arched Rectangle KWIK LOK® Product

Configuration, and the infringing SCHUTLOK L Series Products, demonstrates that Schutte has

copied and misappropriated Kwik Lok's distinctive product configuration.

| Arched Rectangle KWIK LOK® Product Configuration | SCHUTLOK L Series Products |
|---|---|
|  |  |

41.     In addition, the SCHUTLOK Products identified in Exhibit D to the Second

Amended Complaint as A1, A2, and A3 ("SCHUTLOK A Series Products") are all simulations

or confusingly similar variations of the protected trade dress embodied in the Beveled Square

KWIK LOK® Product Configuration.

42.     Upon information and belief, of the virtually unlimited possible product

configurations available to Schutte, Schutte intentionally designed a product configuration for its

SCHUTLOK A Series Products that mimics and imitates the protected trade dress of the Beveled

Square KWIK LOK® Product Configuration.  Specifically, the product configuration for the

SCHUTLOK A Series Products misappropriates the protected beveled square peripheral shape of

the Beveled Square KWIK LOK® Product Configuration.  The side-by-side comparison below

of Kwik Lok's trade dress embodied in the Beveled Square KWIK LOK® Product Configuration

and the infringing SCHUTLOK A Series Products demonstrates that Schutte has intentionally copied and misappropriated Kwik Lok's distinctive product configuration.

| Beveled Square KWIK LOK® Product Configuration | SCHUTLOK A Series Products |
|---|---|
|  |  |

43.     Moreover, the SCHUTLOK Products identified in Exhibit D to the Second Amended Complaint as G-NET, G32, G44, G59, G78, G97, and G72 ("SCHUTLOK G Series Products") are all simulations or confusingly similar variations of the protected trade dress embodied in the Beveled Square KWIK LOK® Product Configuration.

44.     Upon information and belief, of virtually unlimited possible product configurations available to Schutte, Schutte intentionally designed a product configuration for its SCHUTLOK G Series Products that mimics and imitates the distinctive trade dress of the Beveled Square KWIK LOK® Product Configuration.  Specifically, the product configuration for the SCHUTLOK G Series Products misappropriates the protected beveled square peripheral shape of the Beveled Square KWIK LOK® Product Configuration.  The side-by-side comparison below of Kwik Lok's protected trade dress embodied in the Beveled Square KWIK LOK® Product Configuration and the infringing SCHUTLOK G Series Products demonstrates that Schutte has intentionally copied and misappropriated Kwik Lok's distinctive product configuration.

| Beveled Square KWIK LOK® Product Configuration | SCHUTLOK G Series Products |
|---|---|
|  |  |

45.     Further, the SCHUTLOK Products identified in Exhibit D to the Second Amended Complaint as T-net, T44, T59, T78, and T97 ("SCHUTLOK T Series Products") are all simulations or confusingly similar variations of the protected trade dress embodied in the Beveled Square KWIK LOK® Product Configuration.

46.     Upon information and belief, of the virtually unlimited possible product configurations available to Schutte, Schutte intentionally designed a product configuration for its SCHUTLOK T Series Products that mimics and imitates the protected trade dress of the Beveled Square KWIK LOK® Product Configuration.  Specifically, the product configuration for the SCHUTLOK T Series Products misappropriates the protected beveled square peripheral shape of the Beveled Square KWIK LOK® Product Configuration.  The side-by-side comparison below demonstrates Schutte's intentional copying and misappropriation of Kwik Lok's distinctive product configuration.

| Beveled Square KWIK LOK® Product Configuration | SCHUTLOK T Series Products |
|---|---|
|  |  |

DM2\4455316.1

47.     Similarly, Schutte, upon information and belief, markets, distributes, offers to sell and sells products identified in Exhibit D to its Second Amended Complaint as SCHUTLOK B0, B1, and B2 products ("SCHUTLOK B Series Products").

48.     Upon information and belief, of the virtually unlimited possible product configurations available to Schutte, Schutte intentionally designed product configurations for its SCHUTLOK B Series to mimic the protected trade dress embodied in the Beveled Rectangle KWIK LOK Product Configuration.  Specifically, the SCHUTLOK B Series Products mimic the protected beveled rectangular peripheral shape of the Beveled Rectangle KWIK LOK Product Configuration.  The side-by-side comparison below demonstrates Schutte's intentional copying and misappropriation of Kwik Lok's distinctive product configuration.



49.     Upon information and belief, Schutte also markets, distributes, offers to sell, and sells products identified in Exhibit D to its Second Amended Complaint as SCHUTLOK K32, K44, K59, K32, K44, K59 ("SCHUTLOK K Series Products").

50.     Upon information and belief, of the virtually unlimited possible product configurations available to Schutte, Schutte intentionally designed product configurations for its

SCHUTLOK K Series to mimic the protected trade dress embodied in the Beveled Rectangle KWIK LOK Product Configuration.  Specifically, the SCHUTLOK K Series Products mimic the protected beveled rectangular peripheral shape of the Beveled Rectangle KWIK LOK Product Configuration.  The side-by-side comparison below demonstrates Schutte's intentional copying and misappropriation of Kwik Lok's distinctive product configuration.

| Beveled Rectangle KWIK LOK Product Configuration | SCHUTLOK k Series Products |
|---|---|
|  | |

51.     Schutte's use of product configurations for its SCHUTLOK L Series Products mimics the protected trade dress of the Arched Rectangle KWIK LOK® Product Configuration. Further, Schutte's use of product configurations for its SCHUTLOK A, G and T Series Products mimic the protected trade dress of the Beveled Square KWIK LOK® Product Configuration. Similarly, Schutte's use of product configurations for its SCHUTLOK B and K Series Products mimic the protected trade dress of the Beveled Rectangular KWIK LOK Product Configuration. Schutte's efforts to mimic Kwik Lok's protected trade dress is an intentional and conscious effort to confuse consumers into believing that the SCHUTLOK Series Products are somehow related to or associated with KWIK LOK®-brand products.

52.     Schutte's intent to benefit from confusion in the market place for bag closure product configurations is substantiated by Schutte's naming its L, A, T, B, and K series products "SCHUTLOK" products.  The suffix LOK is identical to the end of the KWIK LOK® mark, LOK.  Schutte is using the name SCHUTLOK with the intent and purpose of further confusing consumers of Kwik Lok closures into purchasing the infringing product configurations.

53.     In addition, the Clipps Products identified in Exhibit D to the Second Amended Complaint as type T ("Clipps T Series Products") are all simulations or confusingly similar variations of the protected trade dress embodied in Kwik Lok's Beveled Square KWIK LOK® Product Configuration.

54.     Upon information and belief, of the virtually unlimited possible product configurations available to Schutte, Schutte intentionally designed a product configuration for its Clipps T Series Products that mimics and imitates the protected trade dress of the Beveled Square KWIK LOK® Product Configuration.  Specifically, the product configuration for Clipps T Series Products misappropriates the protected beveled square peripheral shape of the Beveled Square KWIK LOK® Product Configuration.  Here again, the side-by-side comparison demonstrates Schutte's intentional copying and misappropriation of Kwik Lok's distinctive product configuration.

| Beveled Square KWIK LOK® Product Configuration | Clipps T Series Products |
|---|---|
|  |  |

DM2\4455316.1

55.     Similarly, the "Clipps Product" identified in Exhibit D to the Second Amended Complaint as Type G ("Clipps G Series Product") is a simulation or confusingly similar variation of the protected trade dress embodied in the Beveled Square KWIK LOK® Product Configuration.

56.     Upon information and belief, of the virtually unlimited possible product configurations available to Schutte, Schutte intentionally designed a product configuration for its Clipps G Series Products that mimics and imitates the protected trade dress of the Beveled Square KWIK LOK® Product Configuration.  Specifically, the product configuration for Clipps G Series Products misappropriates the protected beveled square peripheral shape of the Beveled Square KWIK LOK® Product Configuration.  The side-by-side comparison demonstrates Schutte's intentional copying and misappropriation of Kwik Lok's distinctive product configuration.

| Beveled Square KWIK LOK® Mark | Clipps G Series Products |
|---|---|
|  |  |

57.     In the alternative and only should a Court find the registered Beveled Square KWIK LOK® Product Configuration is not entitled to protection or is limited to product configurations with straight peripheral edges, the Clipps G Series Product is a simulation or confusingly similar variation of the protected trade dress embodied in the Beveled and Notched Square KWIK LOK Product Configuration described above and in which Kwik Lok has protectable common law trade dress rights.

43

58.     Upon information and belief, of the virtually unlimited possible product configurations available to Schutte, Schutte intentionally designed a product configuration for its Clipps G Series Products that mimics and imitates the protected trade dress of the Beveled and Notched Square KWIK LOK Product Configuration.  Specifically, the product configuration for Clipps G Series Products misappropriates the protected beveled square peripheral shape and notches of the Beveled and Notched Square KWIK LOK Product Configuration.  The side-by-side comparison demonstrates Schutte's intentional copying and misappropriation of Kwik Lok's distinctive product configuration.

| Beveled and Notched Square KWIK LOK Product Configuration | Clipps G Series Products |
|---|---|
|  |  |

59.     Moreover, upon information and belief, Schutte's Clipps GL Series Products, as disclosed in Exhibit D to the Second Amended Complaint, infringe Kwik Lok's exclusive rights in the Long Beveled Rectangle KWIK LOK® Product Configuration.

60.     Upon information and belief, of the virtually unlimited possible product configurations available to Schutte, Schutte intentionally designed a product configuration for its Clipps GL Series Products that mimics and imitates the unique product configuration of the Long Beveled Rectangle KWIK LOK Product Configuration .  The images below demonstrate the

44

confusing similarity between Schutte's Clipps GL Series Products and the protected trade dress of the Long Beveled Rectangle KWIK LOK Product Configuration.

| Long Beveled Rectangle KWIK LOK Product Configuration | Clipps GL Series Products |
|---|---|
|  |  |

61.     Furthermore, Schutte's Clipps BL Series Products, as disclosed in Exhibit D to the Second Amended Complaint, infringe Kwik Lok's exclusive rights in the Beveled Skinny Rectangle KWIK LOK Product Configuration.

62.     Upon information and belief, of the virtually unlimited possible product configurations available to Schutte, Schutte intentionally designed a product configuration for its Clipps BL Series Products that mimics and imitates the protected trade dress of the Beveled Skinny Rectangle KWIK LOK Product Configuration.  The images below demonstrate the confusing similarity between Schutte's Clipps BL Series Products and the distinctive trade dress of the Beveled Skinny Rectangle KWIK LOK Product Configuration.

DM2\4455316.1

| Beveled Skinny Rectangle KWIK LOK Product Configuration | Clipps BL Series Products |
|---|---|
|  |  |

63. Upon information and belief, Schutte's adoption and use of the product configurations embodied in its Clipps G, GL, BL and T Series Products and its SCHUTLOK A, B, G, T, K and L Series Products  (collectively, the "Infringing Product Configurations") for its bag closure products is likely to cause confusion in the minds of consumers because consumers will mistakenly believe that Schutte's infringing products originate with Kwik Lok or are affiliated with KWIK LOK® products.

64. Upon information and belief, Schutte is intentionally attempting to pass its Infringing Product Configurations off as Kwik Lok's products in a manner calculated to deceive Kwik Lok's customers and potential customers, as well as members of the general public, by systematically copying Kwik Lok's different product configurations in an effort to make Schutte's infringing products confusingly similar to Kwik Lok's products.

65. Schutte could have adopted and used product configurations that are noticeably different from Kwik Lok's unique product configuration, i.e., circular, triangular, starred—the list is nearly infinite.  Instead, upon information and belief, Schutte has systematically adopted and used product configurations that specifically target various and different Kwik Lok product

46

configurations to mimic and simulate those various Kwik Lok configurations in an intentional effort to confuse consumers and misappropriate the reputation that Kwik Lok has established with its consumers.

66.     Upon information and belief, in addition to systematically copying the Kwik Lok's various product configurations, Schutte calls most of its product configurations "SCHUTLOK" products to further confuse consumers into mistakenly believing that its bag closure products originate with or are otherwise affiliated with KWIK LOK® products.

67.     Upon information and belief, Schutte has engaged in a pattern of deliberate and willful infringement and misappropriation designed to confuse consumers as to the source of Schutte's products and trade upon Kwik Lok's valuable intellectual property, good will and reputation.  Such systematic copying is intentional and constitutes a bad faith misappropriation of the labors and expenditures of Kwik Lok.

68.     Indeed, Exhibit D to the Second Amended Complaint discloses Schutte's deliberate and willful infringement and misappropriation of Kwik Lok's goodwill by identifying model numbers of the KWIK LOK Product Configurations that Schutte targets for copying.

69.     Schutte's adoption and use of the Infringing Product Configurations in connection with its bag closure products is without Kwik Lok's authorization and is likely to dilute the KWIK LOK® brand by creating an association between Schutte and Schutte's products and the protected trade dress in the Kwik Lok and KWIK LOK Product Configurations.  Such an association will undermine and damage the substantial goodwill and reputation in the protected trade dress in the Kwik Lok and KWIK LOK Product Configurations, which Kwik Lok has spent several decades and millions of dollars to develop.  Such association will dilute the distinctiveness of the KWIK LOK Product Configurations.

47

70.     Unless Schutte's illegal activities are enjoined by this Court, Schutte's unlawful activities will cause and/or are likely to cause consumers to suffer harm and/or injury as a result of use of Schutte's infringing products, which are of inferior quality.

71.     If Schutte is permitted to continue marketing, selling and distributing the infringing products, Kwik Lok is likely to lose future business from consumers who mistakenly purchased and used Schutte's infringing products.

## FIRST CLAIM FOR RELIEF
## FEDERAL TRADE DRESS INFRINGEMENT (15 U.S.C. § 1114(1))

72.     Kwik Lok realleges paragraphs 1 through 71 above and incorporates them by reference as if fully set forth herein.

73.     Kwik Lok's federal registrations for the Beveled Square KWIK LOK® Product Configuration and Arched Rectangle KWIK LOK® Product Configuration are valid and enforceable.

74.     Among the consuming public, the Beveled Square KWIK LOK® Product Configuration and Arched Rectangle KWIK LOK® Product Configuration acquired distinctiveness as exclusive indicators of source for Plaintiff and its KWIK LOK®-brand products prior to Schutte's initial infringing acts alleged herein.

75.     Schutte's use of a copy, variation, simulation or colorable imitation of the Arched Rectangle KWIK LOK® Product Configuration for bag closure products, specifically Schutte's product configuration embodied in the SCHUTLOK L Series Products, infringes Kwik Lok's exclusive rights in the Beveled Square KWIK LOK® Product Configuration, is likely to cause confusion, mistake, or deception, and constitutes trade dress infringement, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

76.     Schutte's use of a copy, variation, simulation or colorable imitation of the Beveled Square KWIK LOK® Product Configuration for bag closure products, specifically Schutte's product configuration embodied in the SCHUTLOK A, G, T Series Products and its Clipps G and T Series Products, infringes Kwik Lok's exclusive rights in the Beveled Square KWIK LOK® Product Configuration, is likely to cause confusion, mistake, or deception, and constitutes trade dress infringement, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

77.     Schutte's selection, incorporation and use of protected elements of the Beveled Square KWIK LOK® Product Configuration and Arched Rectangle KWIK LOK® Product Configuration, and/or copies, variations, simulations or colorable imitations thereof, in the product configurations of Schutte's infringing SCHUTLOK L, A, G, T Series Products and its Clipps G and T Series Products was made with full knowledge of Kwik Lok's longstanding and extensive prior use of the Beveled Square KWIK LOK® Product Configuration and Arched Rectangle KWIK LOK® Product Configuration.

78.     Schutte's conduct is causing immediate and irreparable injury to Kwik Lok, and to its goodwill and reputation, and will continue both to damage Kwik Lok and to confuse the public unless enjoined by this Court.  Kwik Lok has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**FEDERAL TRADE DRESS UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

79.     Kwik Lok realleges paragraphs 1 through 78 above and incorporates them by reference as if fully set forth herein.

80.     Kwik Lok's Unregistered KWIK LOK Product Configurations are not purely functional and have acquired trademark distinctiveness through prominent, long-term, exclusive use and promotion, all prior to Schutte's infringing acts alleged herein.

49

81.     Among the consuming public, Kwik Lok's Unregistered KWIK LOK Product Configurations function as exclusive indicators of source for Kwik Lok and its KWIK LOK®-brand products.

82.     Schutte's use of a copy, variation, simulation or colorable imitation of the Unregistered KWIK LOK Product Configurations for Schutte's bag closure products infringes Kwik Lok's exclusive rights in the Unregistered KWIK LOK Product Configurations, is likely to cause confusion, mistake, or deception, and constitutes trade dress infringement, in violation of Section 43 of the Lanham Act, 15 U.S.C. §1125(a)(1).

83.     Schutte's selection, incorporation and use of protected elements of the Unregistered KWIK LOK Product Configurations, and/or copies, variations, simulations or colorable imitations thereof, for Schutte's Infringing Product Configurations was made with full knowledge of Kwik Lok's longstanding and extensive prior use and exclusive trade dress rights in the Unregistered KWIK LOK Product Configuration.

84.     Schutte's conduct is causing immediate and irreparable injury to Kwik Lok, and to its goodwill and reputation, and will continue both to damage Kwik Lok and to confuse the public unless enjoined by this Court.  Kwik Lok has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**FEDERAL TRADE DRESS DILUTION (15 U.S.C. §1125(c)(1))**

85.     Kwik Lok realleges paragraphs 1 through 84 above and incorporates them by reference as if fully set forth herein.

86.     As a result of Kwik Lok's continuous and extensive use and advertising of the Beveled Square KWIK LOK® Product Configuration and Arched Rectangle KWIK LOK® Product Configuration for bag closure products, the Beveled Square KWIK LOK® Product Configuration and Arched Rectangle KWIK LOK® Product Configuration have become famous

50

and highly distinctive of, and uniquely associated with, Kwik Lok and its KWIK LOK®-brand products.

87.     The Beveled Square KWIK LOK® Product Configuration and Arched Rectangle KWIK LOK® Product Configuration are distinctive.

88.     Schutte's above-described actions, specifically, its use of the Infringing Product Configurations, which occurred after the Beveled Square KWIK LOK® Product Configuration and the Arched Rectangle KWIK LOK® Product Configuration acquired fame, have diluted and will, unless restrained, continue to dilute and are likely to dilute the distinctive quality of the famous Beveled Square KWIK LOK® Product Configuration and Arched Rectangle KWIK LOK® Product Configuration by destroying the exclusive association between such trade dress and Kwik Lok's goods, and/or otherwise lessening the capacity of the Beveled Square KWIK LOK® Product Configuration and Arched Rectangle KWIK LOK® Product Configuration to exclusively identify Kwik Lok and its KWIK LOK®-brand goods.

89.     Schutte's above-described actions, specifically its use of the Infringing Product Configurations, which occurred after the Beveled Square KWIK LOK® Product Configuration and the Arched Rectangle KWIK LOK® Product Configuration acquired fame, have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish the valuable Beveled Square KWIK LOK® Product Configuration and the Arched Rectangle KWIK LOK® Product Configuration by undermining and damaging the valuable goodwill and reputation associated therewith.

90.     Schutte's aforesaid actions are intentional and in violation of Section 43(c)(1) of the Trademark Act, 15 U.S.C. § 1125(c)(1), and have already caused Kwik Lok irreparable

damage and will, unless restrained, continue to so damage Kwik Lok, all of which have no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**
**COMMON LAW UNFAIR COMPETITION**

91.     Kwik Lok realleges paragraphs 1 through 90 above and incorporates them by reference as if fully set forth herein.

92.     Upon information and belief, Schutte was aware of Kwik Lok's prior exclusive trade dress rights, and adopted and used the Infringing Product Configurations in disregard of Kwik Lok's prior use and exclusive rights in the KWIK LOK Product Configurations.

93.     Upon information and belief, Schutte's sale of Infringing Product Configurations has resulted in the misappropriation of and trading upon Kwik Lok's goodwill and business reputation at Kwik Lok's expense and without any expense to Schutte.  The effect of Schutte's misappropriation of the goodwill symbolized by the KWIK LOK Product Configurations is to unjustly enrich Schutte, damage Kwik Lok and confuse and/or deceive the public.

94.     Schutte's conduct constitutes unfair competition with Kwik Lok, all of which has caused and will continue to cause irreparable injury to Kwik Lok's goodwill and reputation unless enjoined by this Court.  Kwik Lok has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF**
**DILUTION AND INJURY TO BUSINESS REPUTATION**
**(N.Y. General Business law §360-l)**

95.     Kwik Lok realleges paragraphs 1 through 94 above and incorporates them by reference as if fully set forth herein.

96.     Schutte's unauthorized use of the Infringing Product Configurations, including SCHUTLOK B and K Series Products and its Clipps GL and BL Series Products, for its bag closure products will cause the dilution of the distinctive quality of the Beveled Square KWIK

52

LOK® Product Configuration and the Arched Rectangle KWIK LOK® Product Configuration, resulting in injury to Kwik Lok's business reputation.

97.     Schutte's use of the Infringing Product Configurations, including SCHUTLOK B and K Series Products and its Clipps GL and BL Series Products, for goods not controlled or otherwise subject to Kwik Lok's control is causing and will continue to cause dilution and/or injury to the reputation of Kwik Lok and Kwik Lok's goods.

98.     Upon information and belief, Schutte does not own a U.S. trademark registration for its Infringing Product Configurations.

99.     By reason of the foregoing, Kwik Lok is entitled to injunctive relief under New York General Business Law §360-l.

100.    Schutte's conduct has caused and will continue to cause irreparable injury to Kwik Lok unless enjoined by this Court.  Kwik Lok has no adequate remedy at law.

WHEREFORE, Kwik Lok demands judgment as follows:

1.     Preliminarily and permanently enjoining Schutte, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assignors, and all those in active concert and participation with Schutte from:

> (a)     using or authorizing any third party to use as a trade dress, or symbol of origin any of the KWIK LOK Product Configurations and/or any other counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the KWIK LOK Product Configurations in any manner or form, on or in connection with any business, products or services, or in the marketing, advertising and promotion of same;

(b)     imitating, copying, making, offering to sell, selling, or importing into the United States any unauthorized products that copy, imitate, simulate or otherwise infringe any of the KWIK LOK Product Configurations, or any copy, simulation, variation or imitation thereof;

(c)     making or displaying any statement or representation that is likely to lead the public or the trade to believe that Schutte's goods are in any manner associated or affiliated with or approved, endorsed, licensed, sponsored, authorized or franchised by or are otherwise connected with Kwik Lok;

(d)     making false and/or misleading claims and/or statements;

(e)     using or authorizing any third party to use in connection with the rendering, offering, advertising, or promotion of any goods, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress which falsely associate such goods or services with Kwik Lok or tend to do so;

(f)     diluting the distinctive quality of any of the KWIK LOK Product Configurations ;

(g)     registering or applying to register any trade dress that infringes on or is likely to be confused with any of the KWIK LOK Product Configurations;

(h)     engaging in any other activity constituting unfair competition with Kwik Lok, or constituting an infringement of any of the KWIK LOK Product Configurations, or of Kwik Lok's rights therein; and

(i)     aiding, assisting or abetting any other party in doing any act prohibited by sub-paragraphs (a) through (h).

2.      Requiring Schutte to direct all distributors, retail establishments or wholesale establishments to cease the distribution or sale of any and all goods bearing the Infringing Product Configurations.

3.      Directing that Schutte deliver for destruction all products and goods, advertisements for such, and other materials in its possession, or under its control, incorporating or bearing any simulations, variations or colorable imitations of any of the KWIK LOK Product Configurations, used alone or in combination with other words and/or designs.

4.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that any product or service manufactured, sold, distributed, licensed or otherwise offered, circulated or promoted by Schutte is authorized, sponsored by, or otherwise affiliated with Kwik Lok or related in any way to Kwik Lok's products.

5.      Directing that Schutte file with the Court and serve upon Kwik Lok's counsel within thirty (30) days after entry of such judgment, a report in writing under oath, setting forth in detail the manner and form in which Schutte has complied therewith.

6.      Awarding Kwik Lok such damages as it has sustained or will sustain by reason of Schutte's trademark infringement, unfair competition, dilution and injury to business reputation and deceptive trade practices.

7.      Awarding Kwik Lok all gains, profits, property and advantages derived by Schutte from such conduct, and pursuant to 15 U.S.C. § 1117, awarding Kwik Lok three times the amount of the actual damages sustained as a result of Schutte's violations of the Lanham Act.

8.      Awarding Kwik Lok exemplary and punitive damages to deter any future willful infringement as the Court finds appropriate.

DM2\4455316.1

9.      Awarding Kwik Lok its costs and disbursements incurred in this action, including its reasonable attorneys' fees.

10.      Awarding Kwik Lok interest, including pre-judgment interest, on the foregoing sums.

## JURY DEMAND

Kwik Lok hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated:  New York, New York
          September 5, 2013

Respectfully submitted,

DUANE MORRIS LLP

By: _____s/_____
Brian McQuillen
Vanessa C. Hew
R. Terry Parker
1540 Broadway
New York, New York 10036-4086
Telephone: (212) 692-1000
Fax: (212) 692-1020

*Attorneys for Defendant/*
*Counterclaim Plaintiff*
*Kwik Lok Corporation*

DM2\4455316.1