UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCHUTTE BAGCLOSURES INC.<br><br>Plaintiff,<br><br>v.<br><br>KWIK LOK CORPORATION<br><br>Defendant.<br><br>KWIK LOK CORPORATION,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>SCHUTTE BAGCLOSURES INC. and<br>SCHUTTE BAGCLOSURES B.V.,<br><br>Counterclaim Defendants. | Case No. 12-CV-5541 (JGK)<br><br>JOINT DISCOVERY PLAN PURSUANT<br>TO FED. R. CIV. P. 26(f)(3)<br>AND<br>PROPOSED CASE MANAGEMENT<br>SCHEDULE<br><br>*Scheduling Order.*  |

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 9/11/13

Plaintiff-Counterclaim Defendant Schutte Bagclosures Inc. ("Schutte Inc.") and Counterclaim Defendant Schutte Bagclosures B.V. ("Schutte B.V."), by and through their undersigned counsel, and Defendant – Counterclaim Plaintiff Kwik Lok Corporation ("Kwik Lok"), by and through its undersigned counsel, having conducted conferences pursuant to Fed. R. Civ. P. 26(f) on August 9, 2013, August 30, 2013, and September 6, 2013 hereby submit their joint proposed discovery plan pursuant to Fed. R. Civ. P. 16(b) and 26(f)(3) and the Standing Order entered October 31, 2011 designating this case for inclusion in the Pilot Project Regarding Case Management Techniques for Complex Civil Cases in the Southern District of New York (DE 2) ("the Standing Order"). Schutte B.V. has voluntarily agreed to accept service of process through its undersigned counsel. The parties agree and stipulate that Schutte Inc.

and Schutte B.V. will file a motion to dismiss or answer to Defendant Kwik Lok's Amended Answer and Affirmative Defenses to Second Amended Complaint, and Amended Counterclaims, as filed by Kwik Lok on September 5, 2013, no later than Monday, ~~October 7~~ November 7, 2013. Nothing herein shall prejudice any party's right to seek relief from this schedule and discovery plan for good cause shown, which will include the situation in which a motion to dismiss is filed by either party on or before October 7, 2013.

### A. FED. R. CIV. P. 26(f)(3)(A) – INITIAL DISCLOSURES

The parties agree that initial disclosures shall be made within seven (7) days of Schutte Inc.'s and Schutte B.V.'s answer to Defendant Kwik Lok's Amended Answer and Affirmative Defenses to Second Amended Complaint, and Amended Counterclaims. The initial disclosures shall include (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information - that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (ii) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (iii) a computation of each category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered and (iv) any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

In addition, Kwik Lok will produce the file wrappers of federal trademark registrations nos. 1,972,043, 1,975,545, and 1,084,804 at issue in the case as part of Kwik Lok's initial disclosures.

### B. FED. R. CIV. P. 26(f)(3)(B) - DISCOVERY NEEDED

The parties agree that discovery will be needed with respect to the claims asserted in Schutte Inc.'s Second Amended Complaint and the claims asserted in Kwik Lok's Counterclaims, and shall consist of depositions, interrogatories, document requests and requests for admission.

The parties also anticipate the need for expert testimony, and the need for discovery relating to the reports of same.

### C. FED. R. CIV. P. 26(f)(3)(C) - ELECTRONICALLY STORED INFORMATION

The parties agree that, with respect to electronically stored information, no native files will be required for this case, and the parties further agree that document production in ".pdf" or ".tiff" format delivered electronically is acceptable, along with a paper copy. To the extent emails are produced and contain attachments, the emails shall be produced with such attachments. The parties do not believe that any separate order is required relating to electronic discovery.

### D. FED. R. CIV. P. 26(f)(3)(D) - CLAIMS OF PRIVILEGE OR PROTECTION

The parties submit with this Rule 26(f) report a Stipulated Protective Order that has been agreed upon by the parties to cover the disclosure of confidential information, which is attached hereto as Exhibit A. Claims of privilege are addressed in the Standing Order

### E. FED. R. CIV. P. 26(f)(3)(E) - DISCOVERY LIMITATIONS

The Parties agreed to be bound by the scope of discovery set forth by Fed. R. Civ. P. 30, Fed. R. Civ. P. 33 and Fed. R. Civ. P. 34. Due to the number and complexity of factual and legal issues in this case, the parties also agreed **not** to be bound by the limitations on requests for admissions set forth Paragraph F of the Discovery Procedures set forth in the Standing Order.

3

## F. FED. R. CIV. P. 26(f)(3)(F) - OTHER ORDERS

The parties agree on the following pretrial case management schedule, and respectfully request that the Court enter a case management order as follows:

March 15 ~~May 13~~, 2014....................Close of all fact discovery; document requests, interrogatories and requests to admit must be served at least thirty (30) days before this date; notices of deposition for fact witnesses must be served at least fourteen days (14) before this date.

April 19, ~~June 18~~, 2014....................Initial expert reports due.

May 17 ~~July 16~~, 2014....................Rebuttal expert reports due.

June 7 ~~August 8~~, 2014....................Close of all expert discovery.

June 28 ~~August 29~~, 2014     Last day to complete mediation before mutually agreed mediator

July 12 ~~September 12~~, 2014..........Joint Preliminary Trial Report due.

~~September 26, 2014~~............Case Management Conference.

August 30, 2014 ~~October 24, 2014~~...........Last day to file summary judgment motion(s)

28 days after Court's decision
on summary judgment motions     Joint Final Trial Report due.

## G. SPECIFIC ISSUES FROM THE INITIAL PRETRIAL CONFERENCE CHECKLIST IN THE STANDING ORDER

Pursuant to the Standing Order governing this case (DE 2), the parties have reviewed Exhibit A to the Standing Order - the Initial Pretrial Conference Checklist together and have agreed on the following points (with numbering preserved from the checklist). Any numbered paragraph from the checklist not mentioned is not applicable to this case or has been resolved by the above, in the opinion of the parties.

Paragraph 4: The parties defer to the Court with respect to whether it would find the assistance of a Magistrate Judge helpful with respect to pretrial matters.

4

Paragraph 6: Although specific discovery issues are not anticipated by the parties, the parties defer to the Standing Order with regard to how disputes should be resolved.

Paragraph 9(a): At this time, the parties do not anticipate ways in which issues of this case can be narrowed, but leave open the possibility that if any such way arises, that it may be brought to the attention of the Court at that time.

Paragraph 10: The parties do not believe that bifurcation would be helpful in this case.

Paragraph 12: The parties believe alternative dispute resolution techniques or mediation would be more appropriate after the completion of fact and expert discovery and agree to conduct mediation before filing dispositive motions as set forth above in the proposed pretrial case management schedule.

Paragraph 13: The parties do not consent to trial before a Magistrate Judge.

Paragraph 15: The parties do not anticipate the joinder of additional parties, and agree that no additional parties may be joined without leave of the Court.

Paragraph 16: The parties anticipate that expert witnesses will be utilized in this action and that the parties will require appropriate expert discovery.

Paragraph 18: The parties believe that with the filing of a preliminary joint trial report and a final joint trial report under the Pilot Project, a final pretrial order is not necessary in this case, and the parties agree to waiver of any such final pretrial order.

Paragraph 19: The parties believe that they could be ready for trial eight weeks from the Court's ruling on summary judgment motions.

Dated: New York, New York
September 6, 2013

                        Respectfully submitted,

                        GUSY VAN DER ZANDT LLP

                        By: s/

                        Carl M.R. van der Zandt
                        Matthew J. Weldon
                        261 Madison Avenue, 15th Floor
                        New York, NY 10016
                        Telephone: (646) 502-8066

                        *Attorneys for Plaintiff-Counterclaim
                        Defendant Schutte Bagclosures Inc. and
                        Counterclaim Defendant Schutte
                        Bagclosures B.V.*

                        DUANE MORRIS LLP

                        By: s/

                        Brian McQuillen
                        Vanessa C. Hew
                        R. Terry Parker
                        1540 Broadway
                        New York, New York 10036-4086
                        Telephone: (212) 692-1000
                        Fax: (212) 692-1020

                        *Attorneys for Defendant-Counterclaim
                        Plaintiff Kwik Lok Corporation*

So ordered.

/s/ John G. Koeltl
U.S.D.J.

9/10/13