## DuaneMorris®

FIRM and AFFILIATE OFFICES

NEW YORK
LONDON
SINGAPORE
LOS ANGELES
CHICAGO
HOUSTON
HANOI
PHILADELPHIA
SAN DIEGO
SAN FRANCISCO
BALTIMORE
BOSTON
WASHINGTON, DC
LAS VEGAS
ATLANTA
MIAMI
PITTSBURGH
NEWARK
BOCA RATON
WILMINGTON
CHERRY HILL
PRINCETON
LAKE TAHOE
HO CHI MINH CITY

BRIAN MCQUILLEN
DIRECT DIAL: 212.692.1015
PERSONAL FAX: 212.202.7804
E-MAIL: bmcquillen@duanemorris.com

www.duanemorris.com

October 24, 2013

**BY FAX (212) 805-7912**

Hon. John G. Koeltl
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   **Schutte Bagclosures Inc. v. Kwik Lok Corporation**
      **(Civil Action No. 1:12-cv-05541-JGK)**

Dear Judge Koeltl:

Pursuant to Your Honor's Individual Practice Rules, I submit this letter on behalf of defendant/ counterclaim plaintiff Kwik Lok Corporation ("Kwik Lok") to request leave to amend Kwik Lok's Answer, Affirmative Defenses and Amended Counterclaims to identify additional bag closure products (the Schutlok Type B and K Series) that Kwik Lok asserts infringe Kwik Lok's U.S. Trademark Registration No. 1,972,043 and to clarify certain nomenclature used by Kwik Lok to refer to its registered and unregistered product configurations and the full scope of Kwik Lok products covered by Kwik Lok's common law trade dress rights.

Federal Rules of Civil Procedure Rule 15(a) provides that leave to amend a party's pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Accordingly, the Supreme Court has held that "leave sought should, as the rules require, be 'freely given'" in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility of amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); Nerney v. Valenta, 66 F.3d 25, 30 (2d Cir. 1995).

Leave to amend the counterclaims should be granted because the proposed claims are well-founded in fact and law and there has been no undue delay, bad faith or dilatory motive by Kwik Lok in amending these counterclaims. Given the preliminary stage of this proceeding and the fact that plaintiff/ counterclaim defendant Schutte Bagclosures Inc. and counterclaim defendant Schutte Bagclosures B.V. (collectively, "Schutte") have not yet answered or

DUANE MORRIS LLP

1540 BROADWAY   NEW YORK, NY 10036-4086               PHONE: +1 212 692 1000   FAX: +1 212 692 1020

Hon. John G. Koeltl
October 24, 2013
Page 2

DuaneMorris

responded to Kwik Lok's Answer, Affirmative Defenses and Amended Counterclaims, Schutte will not be prejudiced by Kwik Lok's amendment of its Answer, Affirmative Defenses and Amended Counterclaims. Indeed, the proposed amended counterclaims involve the same set of operative facts and legal issues already in dispute in this litigation. Moreover, clarification of Kwik Lok's nomenclature and the scope of products covered by Kwik Lok's common law trade dress rights only furthers the interests of efficiency and judicial economy by providing clarification as to the products and intellectual property rights at issue in this litigation. Accordingly, the interests of justice, efficiency and judicial economy strongly weigh in favor of granting Kwik Lok leave to amend its counterclaims.

Plaintiff/ counterclaim defendant Schutte Bagclosures Inc. and counterclaim defendant Schutte Bagclosures B.V. (collectively, "Schutte") do not object to Kwik Lok's request for leave amend the counterclaims. On October 18, 2012, I sent an email to Carl Van der Zandt, counsel for Schutte, asking whether Schutte would consent to Kwik Lok's request to amend its counterclaims. In response to my email, on October 21, 2013, Mr. Van der Zandt requested a copy of Kwik Lok's proposed Second Amended Answer, Affirmative Defenses and Counterclaims, which was sent to him by email that same day. On October 23, 2013, Mr. Van der Zandt advised me by email that his clients did not object to Kwik Lok's proposed amendments to its counterclaims.

Although Kwik Lok will file a motion to amend the Answer, Affirmative Defenses and Amended Counterclaims should the Court deem that such a motion is necessary, Kwik Lok requests that the Court grant it leave to amend its counterclaims without the submission of a formal motion on this issue given the preliminary stage of these proceedings, the absence of any undue delay, bad faith, dilatory motive or prejudice to Schutte, and the lack of objection from Schutte to Kwik Lok's request.

Thank you for your consideration of this request.

Respectfully submitted,

Brian McQuillen

cc:   Carl Van der Zandt (counsel for Schutte Bagclosures Inc. and Schutte Bagclosures B.V.)