# EXHIBIT A

**HAND BALDACHIN & AMBURGEY LLP**
Carl M.R. van der Zandt
8 West 40th Street, 12th Floor
New York, NY 10018
Tel: (212) 295-2699
Fax: (212 376-6080
cvdzandt@hballp.com
*Counsel for Plaintiff and Counterclaim Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCHUTTE BAGCLOSURES, INC., <br><br> Plaintiffs <br><br> v. <br><br> KWIK LOK CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| KWIK LOK CORPORATION, <br><br> Counterclaim Plaintiff <br><br> v. <br><br> SCHUTTE BAGCLOSURES, INC., and <br> SCHUTTE BAGCLOSURES B.V., <br><br> Counterclaim Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Case No. 12-cv-5541 (JGK)

AFFIDAVIT OF
WOUT ABBENHUIS

WOUT ABBENHUIS, being duly instructed about the penalty of perjury under the laws of the United States of America (28 U.S.C. § 1746), states under penalty of perjury:

1. I am an officer of Schutte Bagclosures Inc. ("Schutte Inc.") and chief executive officer of Schutte Bagclosures B.V. ("Schutte BV"), and I respectfully submit this Affidavit in Support of Schutte Inc.'s and Schutte BV's Motion to Dismiss Kwik Lok Corporation's

Counterclaims for failure to state a claim against Schutte Inc. and Schutte BV pursuant to Federal Rule of Civil Procedure 12(b)(6) and to dismiss Schutte BV for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2).

2. As a result of an internal commercial and corporate restructuring, currently all shares of Schutte Inc. are held by Dutch holding company Schutte Invest B.V. Schutte Inc. does not own any stock of Schutte BV.

3. Schutte Invest B.V. also holds all shares in Schutte BV. Schutte BV does not own any stock of Schutte Inc.

4. Schutte Inc.'s New York offices have moved to the following address:

> 228 E 45th Street, Suite 9E
> New York, NY 10017
> United States

5. As of the incorporation of Schutte Inc., Schutte Inc. has appointed Mr. Jacob Willemsen, a U.S. citizen with an office at the address set forth under § 4 above, as its Corporate Secretary.

6. On or around April 19, 2012, Schutte Inc. engaged TABS Inc., located at the address set forth under § 4 above, to support its U.S. business expansion and to conduct market investigations.

7. Schutte Inc. has not designed, manufactured, offered for sale, and/or sold any products in the United States.

8. Schutte Inc. has no bag-closure device manufacturing capabilities. All design, selection, incorporation, and manufacturing of the products subject to these proceedings was and is done exclusively in The Netherlands by Schutte BV.

9. Schutte Inc.'s corporate purpose is limited to commercializing plastic bag closure products of the kind subject to these court proceedings in North America, provided that no third-party rights will be infringed in doing so.

10. For more than fifty years, Schutte BV's corporate purpose has been to sell a wide range of different closure products worldwide, with the exception of any sale thus far in North America of the bag closure products of the kind subject to these court proceedings.

11. Schutte BV does not maintain an office, a bank account, a registered agent for process, own property, have a telephone number, mailing address, employees, or pay taxes in New York or on a federal level.

12. Schutte BV has not designed, selected, manufactured, offered for sale, sold, or used any products in the United States, except for one order and shipment to a party in California in connection to an unrelated and different product not subject to these court proceedings, (i.e. a plastic clip band).

13. The only shipments to the U.S. of products of the kind subject to these court proceedings that occurred were when Schutte BV shipped some sample boxes. All of these products were not for sale and not for commercial use. No Schutlok product has ever been shipped to New York.

14. Neither Schutte Inc. nor Schutte BV have ever entered into a contract in or directed towards the state of New York for the purchase and/or supply of any products that are the subject of these court proceedings.

15. Schutte BV has never contacted and/or contracted with any U.S. legal and/or U.S. trademark counsel for the U.S. trademark prosecution of its "Clipps trademark." All

trademark prosecution on behalf of Schutte BV is executed by a third-party trademark counsel Johan Volmer, M.Sc., managing partner of EP&C, The Netherlands.

DATED: December 21, 2013

_____
Wout Abbenhuis