**HAND BALDACHIN & AMBURGEY LLP**
Carl M.R. van der Zandt
Sherli Yeroushalmi
8 West 40th Street, 12th Floor
New York, NY 10018
Tel: (212) 295-2699
Fax: (212 376-6080
cvdzandt@hballp.com
syeroushalmi@hballp.com
*Counsel for Plaintiff and Counterclaim Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCHUTTE BAGCLOSURES, INC., <br><br> Plaintiff <br><br> v. <br><br> KWIK LOK CORPORATION, <br><br> Defendant. <br><br>――――――――――――――― <br><br> KWIK LOK CORPORATION, <br><br> Counterclaim Plaintiff <br><br> v. <br><br> SCHUTTE BAGCLOSURES, INC., and <br> SCHUTTE BAGCLOSURES, B.V., <br><br> Counterclaim Defendants | Case No. 12-cv-5541 (JGK) |

**REPLY BRIEF IN SUPPORT OF THE MOTION BY COUNTERCLAIM DEFENDANTS SCHUTTE BAGCLOSURES INC. AND SCHUTTE BAGCLOSURES B.V. TO DISMISS KWIK LOK CORPORATION'S COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM PURSUANT TO RULE 12(b)(6) AND TO DISMISS SCHUTTE BAGCLOSURES B.V. FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2)**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT..................................................................................................2

ARGUMENT.............................................................................................................................3

I) SINCE SCHUTTE BV HAS NO SUFFICENT RELEVANT TIES TO THE UNITED STATES, IT IS NOT A PROPER PARTY TO THIS LITIGATION ......................................4

   A) Schutte BV Does Not Have Substantial Contacts With New York To Establish Jurisdiction................................................................................................................... 6

   B) Schutte Inc. Is An Independent Entity and Not An Agent of Schutte BV ...........................6

   C) Exercising Jurisdiction Over Schutte BV Would Violate The Constitutional Tenets Of Due Process.............................................................................................................. 10

II) KWIK LOK'S CLAIMS DO NOT SUFFICIENTLY ALLEGE CAUSES OF ACTION UPON WHICH RELIEF MAY BE GRANTED................................................................... 10

CONCLUSION........................................................................................................................11

Schutte Bagclosures Inc. ("Schutte Inc.") and Schutte Bagclosures B.V. ("Schutte BV") (collectively "Counterclaim Defendants") through their counsel, hereby submit this memorandum of law in reply to Kwik Lok Corporation's ("Kwik Lok" or "Counterclaim Plaintiff") Memorandum of Law in Opposition to Motion to Dismiss Pursuant to Rules 12(b)(2) and 12(b)(6) ("Opposition Brief").

## PRELIMINARY STATEMENT

As discussed in the Complaint and Counterclaim Defendants' Motion to Dismiss, Kwik Lok had previously litigated against Schutte BV in the Netherlands for many years, concerning identical and similar products to those at issue in this case, and as a result Kwik Lok lost all of its trademark rights. Faced with U.S. litigation in which similar questions are at stake, Kwik Lok has been trying to delay and obstruct the proceedings as much as possible by submitting two different motions to dismiss, three different answers, and three different counterclaims. Within a few weeks of filing its first counterclaims, and about 15 months into these proceedings, Kwik added Schutte BV as a counterclaim defendant in this U.S. litigation, for no apparent reason.

As the depositions taken by Kwik Lok and the documents provided to Kwik Lok show, Schutte BV has operated extremely carefully and has done virtually everything to avoid any U.S. exposure and/or presence. Aside from two shipments of nominal amounts of Type G CLIPPS bagclosures, (*see* Exhibit D to the Second Amended Complaint [hereinafter SAC]) and a very limited amount of brochures and flyers, all sent in fall of 2012 to Schutte Inc., ███████ ████████████████████████████████████████████████████████, which has been confirmed and shown by the jurisdictional discovery conducted by Kwik Lok. Under these

1

circumstances, the reasons for dragging Schutte BV suddenly and at this late moment in the proceedings can only be an attempt to harass Schutte BV and further delay these proceedings.

Kwik Lok's attempts to paint Schutte BV and Schutte Inc. as one entity fails. Both entities are involved in different activities. Schutte Inc. has no designing, developing, and/or manufacturing capabilities, and Schutte Inc., not Schutte BV, is the entity marketing and intending to distribute and sell the products at issue in the United States. As discussed, all design, development, and manufacturing occurred exclusively in the Netherlands by Schutte BV, where it was done lawfully, and sales by Schutte BV occurred lawfully outside of the United States. While Schutte Inc. focuses solely on the U.S. market of plastic / non-metal, re-usable bag closures that are subject to these proceedings, Schutte BV sells a wide range of different products in more than 60 countries world-wide.

Schutte BV and Schutte Inc. look to save the Court and the parties time and resources by asking the Court to dismiss Kwik Lok's claims, and, to the extent all claims are not dismissed, dismiss Schutte BV as a party due to lack of personal jurisdiction.

## ARGUMENT

### I. SINCE SCHUTTE BV HAS NO SUFFICIENT RELEVANT TIES TO THE UNITED STATES, IT IS NOT A PROPER PARTY TO THIS LITIGATION

In its Opposition Brief, Kwik Lok advances two arguments to help establish jurisdiction. First, it alleges Schutte BV has substantial contacts with New York regarding the alleged infringing products. Second, it claims Schutte BV controls Schutte Inc. such that Schutte Inc. is an agent of Schutte BV, and the acts of Schutte Inc. can be attributed to Schutte BV. As discussed below, both of these claims are baseless and without merit.

2

### A. Schutte BV Does Not Have Substantial Contacts With New York To Establish Jurisdiction

1. Schutte BV sent a de minimis amount of bag closure to Schutte Inc. for sampling purposes

In its Opposition Brief, Kwik Lok claims that because Schutte BV shipped approximately 100,000 bag closure products to Schutte Inc. in New York, this is enough to establish personal jurisdiction. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Neither Schutte BV, nor Schutte Inc., made an effort to market, advertise, or sell any of the 100,000 bag closures, which are still in Schutte Inc.'s possession. In addition, out of the 20 sample reels of 2,500 bag closures each, sent to the United States, only 10 were sent to potential customers. These reels were created for promotional purposes[1]. See Abbenhuis Tr. at 107.

Schutte BV never contracted with Schutte Inc. to permit Schutte Inc. to use the CLIPPS trademark, which has been registered as a trademark worldwide. Neither Schutte BV, nor Schutte Inc., has ever claimed it offered products for sale in New York.[2] On July 23, 2013, before Judge Koetl and Kwik Lok's counsel, Counterclaim Defendants' counsel clearly stated, "The complaint

---

[1] Kwik Lok cites to *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 170 (2d Cir. 2010) to lend support to its claim that it has personal jurisdiction over Schutte BV under New York's long-arm statute, N.Y. C.P.L.R. § 302(a). This comparison, however, is misplaced. In *Chloe*, the court found it had personal jurisdiction over the out of state defendant because he had been involved in the commercial sale of more than 52 handbags to customers in New York. See Chloe, 616 F.3d at 62-163. The court found jurisdiction over the out-of-state employee because he shared in the profits the defendant company sold, had joint access to the company bank account, used company revenue to pay his rent, and shared in the decision-making and execution of the purchase and sale of handbags. Counterclaim Defendants in this case have made no sales of the products in dispute in the United States.

[2] [2] Kwik Lok cites to *Cartier v. Oakley Inc.*, No. 06 Civ. 5841, 2006 U.S. Dist. LEXIS 90112, at *8 (S.D.N.Y. Dec. 11, 2006), to illustrate the mere offer of a sale of goods is sufficient for a claim to arise. *Id*. In this case, unlike the *Cartier* case, there has been no offer of sale. Counterclaim Defendants have not made any offers for an exchange of product for money.

3

says that up to this stage there were 100,000 of these clips … in the U.S. in the New York market. They are not sold for money." Transcript of July 23, 2013 Hearing, 28: 16-19. Schutte BV and Schutte Inc. have always made it clear that no sale or exchange of money for products has been executed. *See* Amended Complaint ¶ 99 ; SAC ¶ 126; Abbenhuis Aff. ¶ 13.

Furthermore, contrary to Kwik Lok's claims, there was no contract between the New York hotels and Schutte BV for any stays in New York on business related to the infringing activities at issue in this litigation███████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████

    2. **Schutte BV provided marketing materials in anticipation of Schutte Inc.'s possible entry into the market**

In another attempt to establish personal jurisdiction, Kwik Lok makes claims that Schutte BV distributed marketing materials regarding the bag closure products to New York. Kwik Lok would like the Court to believe that researching and compiling a list of potential U.S. customers in the Netherlands, is enough to establish personal jurisdiction, but this is not the case.

    3. **Schutte BV has not transacted *any* business in New York**

Kwik Lok also alleges that because Schutte BV unknowingly hired an attorney in New York, through a Dutch third party agent, the Court should conclude that it transacted business in New York. Hiring an attorney in anticipation of possible potential business is not enough to establish personal jurisdiction See *Kimco Exchange Place Corp. v. Thomas Benz, Inc.*, 34 A.D.3d 433, 434, 824 N.Y.S.2d 353, 354 (2d Dep't 2006) (holding that "defendants' acts of faxing executed contracts to New York and of making a few telephone calls do not qualify as

4

purposeful acts constituting the transacting of business."); *see also Banker v. Esperanza Health Systems, Ltd.*, No. 05 Civ. 4115 (MBM), 2006 BL 5462, at *5 (S.D.N.Y. Jan. 9, 2006) (finding that court did not have personal jurisdiction when defendants "did not direct communications to New York to the degree that gives rise to personal jurisdiction, nor did they attend any meetings in New York related to the legal proceedings.")

In fact, several times throughout his deposition, Mr. Abbenhuis made clear that he was never made aware of any retention of New York counsel by Schutte BV in connection with its CLIPPS trademark registration ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ ███████████████████████████████████████████ Furthermore, the activities of an attorney of which Schutte BV did not directly hire, cannot be enough to establish jurisdiction. *See J.E.T. Adv. Assoc. v. Lawn King*, 84 A.D. 2d 744, 747 (1981) (finding "plaintiff's own activities in New York, on behalf of defendant, cannot be relied on to establish the presence of the defendant in this State").

### B. Schutte Inc. Is An Independent Entity and Not An Agent of Schutte BV

In its Opposition Brief, Kwik Lok conducts an analysis to prove that that Schutte Inc. is a "mere department" of Schutte BV under the agency theory. Yet, Kwik Lok conveniently fails to include one of the most decisive factors in the analysis: "to establish that a corporation doing business in New York is an agent of a related foreign corporation, the plaintiff must show that the former "does all the business which the [foreign corporation] could do were it here by its

own officials." *Dorfman v. Marriott Int'l Hotels Inc.*, No. 99 Civ. 10496, 2002 WL 14363, at *3 (S.D.N.Y. Jan. 3, 2002). The court in *Dorfman* goes on to explain, "common ownership 'gives rise to a valid inference as to the broad scope of agency', but the services performed by the corporation in New York on behalf of the foreign corporation must be important to the foreign corporation, extending beyond "mere solicitation," to subject the foreign corporation to jurisdiction." *Id.*[3]

In our case, Schutte BV designs, develops, and manufactures a wide variety of products with which Schutte Inc. has no involvement. Furthermore, Schutte BV is also involved in the direct sales in the U.S. of other closure products not related to this lawsuit.

Nothing about the relationship between Schutte BV and Schutte Inc. extends beyond the traditional relationship between a parent and its subsidiary; if anything, the relationship in this case is more attenuated than the typical relationship. Schutte Inc. has its own U.S. bank account; its own local office; its own tax filings; and its own potential vendors. Schutte Inc. is a separate entity from Schutte BV. In addition, Schutte Inc. appoints its own directors and officers, and files its annual shareholders' and board resolutions- factors the court has found to be decisive for purposes of jurisdiction. *See* Exhibit 1 to Declaration of Carl M.R. van der Zandt in Support of Counterclaim Defendants Motion to Dismiss Kwik Lok Corporation's Counterclaims for Failure to State a Claim Pursuant to Rule 12(b)(6) and to Dismiss Schutte Bagclosures B.V. for Lack of Personal Jurisdiction Pursuant to Rule 12(b)(2); *see Stutts v. De Dietrich Group*, 465 F. Supp. 2d

---

[3] *See also Gelfand v. Tanner Motor Tours, Ltd.*, 385 F.2d 116, 121 (2d Cir. 1967), cert denied, 390 U.S. 996 (1968) (interpreting the *Frummer* test "to mean that a foreign corporation doing business is doing business in New York 'in the traditional sense' when its New York representative provides services beyond 'mere solicitation' and these services are sufficiently important to the foreign corporation that if it did not have a representative to perform them, the corporation's own officials would undertake to perform substantially similar services.")

156, 163-65 (E.D.N.Y. 2006) (subsidiary not a "mere department" where it kept its own books and records, filed its own tax returns, and otherwise observed all corporate formalities).[4]

To try to bolster its point, Kwik Lok cites to a number of cases in its Opposition Brief, however, the fact patterns in all of these cases are inapposite to the facts at hand. In *Dorfman*, the subsidiary had been in place for over 12 years; similarly, in *Jazini*, the subsidiary had been in existence for many years when it was still receiving support from its parent. *Dorfman*, No. 99 Civ. 10496, at *3; *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998). In *Scholastic, Inc. v. Stouffer*, No. 99 Civ. 11480, 2000 U.S. Dist. LEXIS 11516, at *15 (S.D.N.Y. Aug. 14, 2000), the agency relationship was between a writer and her publishing agent. In our case, Schutte Inc. is an emerging subsidiary, relying on its affiliated companies for assistance.

Similar to other emerging companies, Schutte Inc. initially depends on related companies for financial support. Contrary to Kwik Lok's claims, this does not create an agency relationship. *See Andresen v. Diorio*, 349 F.3d 8, 13 (1st Cir. 2003) (finding that a separately managed company is a separate entity because overall financial and policy control "is inherent in ownership and, if overall control were sufficient, every parent would be present wherever a wholly owned subsidiary was present in a state").[5]

Furthermore, Kwik Lok creatively interprets Mr. Abbenhuis's deposition to make its case. ███████████████████████████████

---

[4] *See also In re Ski Train Fire in Kaprun, Austria on November 11, 2000*, 230 F. Supp. 2d 403, 412 ("having common directors and officers is a normal business practice of a multi-national corporation and absent complete control [it] is no justification to labeling a subsidiary a mere department of a parent) (quoting *J.L.B. Equities v. Ocwen Fin. Corp.*, 131 F. Supp. 2d 544, 550 (S.D.N.Y. 2001); *see also Jerge v. Potter*, No. 99 Civ. 0312E, 2000 WL 1160459, at *3 (W.D.N.Y. Aug. 11, 2000) (subsidiary not mere department of foreign parent even though parent "directly controls the selection of the president" of subsidiary, and half of the officers of subsidiary are directors or officers of the parent); *Morse Typewriter Co. v. Samanda Office Comm'ns Ltd.*, 629 F. Supp. 1150, 1153 (S.D.N.Y. 1986) (subsidiary was not a mere department of foreign parents even though two of three members of the subsidiary's board were officers of parent).

[5] *See also Meteoro Amusement Corp. v. Six Flags*, 267 F. Supp. 2d 263, 272 (N.D.N.Y. 2003)(explaining that parent corporation's guarantee of loans for its subsidiaries does not rise to the level of financial control required by courts to demonstrate financial dependence).

███ The invoices were sent to Mr. Abbenhuis's email address. As president of Schutte Inc., he authorized payments for Schutte Inc.'s marketing expenses and corporate clerical services.

On page 7 of the Opposition Brief, Kwik Lok refers to a study non-existent on the reference pages of Mr. Abbenhuis deposition transcript. Thus, Kwik Lok's argument in this context should not be considered.

███████████████████████████████████

In yet another attempt to show operational control, Kwik Lok references the clippsamerica.com website. The website reflects the identity of the Schutte entities worldwide. Since Schutte BV oversees the commercial identity of the Schutte products worldwide, some of its employees "double-hat" as Schutte Invest B.V. employees when undertaking company-wide projects, including updates to the website ███████████████████████████████████

---

[6] Grasping at straws, Counterclaim Plaintiff alleges that Schutte BV is subject to this Court's jurisdiction because Mr. Abbenhuis has only one email address for communication regarding various companies and subsidiaries. If Mr. Abbenhuis were to create and check separate email accounts for every entity or jurisdiction he is involved with, he would have hardly any time left to do any business ███████████████████████████████ As is common in international business, Mr. Abbenhuis predominantly uses one email address to streamline his mail and maintain efficiency.

8

### C. Exercising Jurisdiction Over Schutte BV Would Violate The Constitutional Tenets Of Due Process

In its analysis of personal jurisdiction and federal due process, Kwik Lok discusses, "when minimum contacts are present, a case must present an 'exceptional situation' for the exercise of jurisdiction to be unreasonable." Opposition Brief, p. 14. Since July 2012 when it shipped a nominal amount of promotional material to the United States, Schutte BV has refrained from having shipping any bagclosures at issue in this dispute to the U.S.

Schutte BV would bear a substantial burden in litigating in the New York. It is a Netherlands company with no offices in New York. It would be inefficient, unreasonable, and unconstitutional to keep Schutte BV as a party to this action.

## II.  KWIK LOK'S CLAIMS DO NOT SUFFICIENTLY ALLEGE CAUSES OF ACTION UPON WHICH RELIEF MAY BE GRANTED

Kwik Lok uses most of its response to Counterclaim Defendants' 12(b)(6) claim to sidestep the issues. Kwik Lok tries to invalidate the affidavits of persons central to this litigation and expel information provided to help the Court make the most educated decision possible.

During the jurisdictional discovery process, it became clear that the only products Schutte BV ever shipped to Schutte Inc., and that were ever advertised in a very limited way in the U.S., are the CLIPPS G. Thus Kwik Lok's infringement claims in connection to any other bag closures than these CLIPPS G, including but not limited to the SCHUTLOK clips, have not even the slightest factual basis, and should all be dismissed. *See* Motion to Dismiss, p.4.

Similarly, all claims based trademark rights for the 545 configuration should be dismissed as well. Counterclaim Defendants have never shipped, advertised, or distributed any clips, similar to this configuration, in the U.S. The images below show why there is no chance of confusing the two products and why the 545 configuration claims should be dismissed.

9




CLIPPS G                                                                KL 545

Kwik Lok has no counterargument Counterclaim Defendants' reasoning. Instead of addressing Counterclaim Defendants' arguments, Kwik Lok lists out all of the allegations and claims it had made in its Counterclaims. It does not address any of Counterclaim Defendants' arguments, nor does it provide any additional support to its claims to legitimize them.

In fact, the exact cases Kwik Lok cites in its Opposition Brief help reinforce the notion that the only possible sales or marketing that could form the basis of this suit are Schutte Inc.'s. Without a remedy against Schutte BV, there can be no claim against it. Also, because Schutte Inc. does not currently design, manufacture, or sell any of the bag closure products, no relief can be ordered against it.

## CONCLUSION

For the reasons discussed above, Counterclaim Defendants respectfully request that this Court grant their Motion to Dismiss Kwik Lok's counterclaims in their entirety with prejudice.

Dated:  New York, New York
        February 21, 2014

Respectfully submitted,

HAND BALDACHIN & AMBURGEY LLP
Carl M.R. van der Zandt
Sherli Yeroushalmi
8 West 40th Street, 12th Floor
New York, NY 10018
Tel: (212) 295-2699
Fax: (212 376-6080
cvdzandt@hballp.com
syeroushalmi@hballp.com

*Counsel for Plaintiff and Counterclaim Defendants Schutte Bagclosures Inc., Schutte Bagclosures B.V.*

10