# HAND | BALDACHIN | AMBURGEY LLP

LAW OFFICES

8 West 40th Street
12th Floor
New York, NY 10018

tel  212 956 9500
fax 212 376 6080

Carl M R. van der Zandt
Sherli Yeroushalmi
Attorneys at Law

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 4-21-14

April 17, 2014

**Via ECF and Email**

Honorable John G. Koetl
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*A PRE-MOTION CONFERENCE WILL BE HELD ON MONDAY, APRIL 28, 2014 AT 4:30 PM SO ORDERED.*
*4/21/14  /s/ John G. Koeltl, USDJ*

Re:   Schutte Bagclosures Inc. et al. v. Kwik Lok Corp., No. 12-cv-5541 (JGK)
      **Pre-Motion Letter for a Motion for Summary Judgment**

Dear Judge Koeltl:

We represent Schutte Bagclosures Inc. ("Schutte Inc.") and Schutte Bagclosures B.V. ("Schutte B.V.") in the above referenced matter, and write pursuant to Your Honor's Individual Practices Rule 2(A) to request a pre-motion conference with respect to our intention to file a motion for summary judgment. Although numerous discovery disputes remain, we believe we have adequate grounds and information to succeed on a motion for summary judgment, primarily on the grounds that Kwik Lok Corporation ("Kwik Lok") is not entitled to trademark protection for any of its registered or unregistered trademarks or trade dress. As a result, and for the reasons stated below, we are also seeking a stay of all discovery matters and an extension of the case management order, until a decision on the motion for summary judgment has been rendered.

We believe we have sufficient grounds for summary judgment for a number of reasons, including but not limited to:
        (i)   Kwik Lok's claimed trade dress is generic;
        (ii)  Kwik Lok has abandoned its claimed trademark rights;
        (iii) Kwik Lok's claimed trade dress is not famous;

 (iv) Kwik Lok has not shown any likelihood of confusion;
 (v) Kwik Lok has not shown actual confusion in the U.S. market;
 (vi) Kwik Lok has not shown complaints in the U.S. market;

  In light of the multiple discovery issues that have arisen, many of which will likely require the Court's intervention, we think that a stay of proceedings while our motion for summary judgment is pending would be the most efficient way for this matter to proceed. We will not burden the Court here with the details of these ongoing discovery disputes, but in order to provide the context for our proposal to stay discovery the basic nature of these disputes are set forth here. First, after multiple deficiency letters and discussions with opposing counsel, we still find ourselves without many documents that we believe are responsive to our requests. Indeed, many of these documents were confirmed to exist by Kwik Lok's own Rule 30(b)(6) designee, but have not been produced. These deficiencies would likely be the subject of a motion to compel.

  In addition, we believe that Kwik Lok has failed to provide substantive responses to a large number of Schutte Inc.'s Interrogatories ("Interrogatories"). Compounding this problem, in spite of Kwik Lok's assertions that its Director and President had assisted in answering the Interrogatories, during his deposition he stated that he was not aware of providing any such assistance and could not recall ever having seen the Interrogatories. Indeed, he identified one of Kwik Lok's responses as being largely false. These issues, too, appear likely be the subject of a motion to compel.

  Finally, although expert reports are scheduled to be due on May 16, 2014, it is nearly impossible for Schutte Inc. to have expert witnesses start working on their testimonies when whole categories of essential documents and information has not been produced by Kwik Lok. As a result, should the case proceed on the current scheduling order, Schutte Inc. will have no other option but to file a motion to compel and request the court intervene in the discovery disputes.

  In addition to these discovery issues, as the Court is aware, we still have a motion to dismiss pending.

  Rather than resolving all of the foregoing disputes and motion, we respectfully suggest the Court first decides upon the motion for summary judgment, possibly mooting the other issues at hand. Our motion will not rely on expert opinion and we believe will dispose of this case entirely. Rather than waste the parties' and the Court's time and resources on expert discovery and discovery disputes, we believe it is more efficient to brief and obtain a decision on our motion for summary judgment first, possibly eliminating the need for all other proceedings.

For these reasons, we also respectfully request that the case management order and all discovery matters be stayed or extended until after a decision on our summary judgment motion, should the Court agree to hear that motion. We have contacted counsel for Kwik Lok regarding this request for a stay and they have refused to consent to this request.

Respectfully submitted,

Carl M.R. van der Zandt
**HAND BALDACHIN & AMBURGEY LLP**

cc: Brian McQuillen, Esq. (via e-mail), counsel for Defendant Kwik Lok Corporation