NEW YORK
LONDON
SINGAPORE
PHILADELPHIA
CHICAGO
WASHINGTON, DC
SAN FRANCISCO
SILICON VALLEY
SAN DIEGO
BOSTON
HOUSTON
LOS ANGELES
HANOI
HO CHI MINH CITY
ATLANTA

DuaneMorris®

FIRM and AFFILIATE OFFICES

BRIAN MCQUILLEN
DIRECT DIAL: +1 212 692 1015
PERSONAL FAX: +1 212 202 7804
E-MAIL: bmcquillen@duanemorris.com

www.duanemorris.com

BALTIMORE
WILMINGTON
MIAMI
BOCA RATON
PITTSBURGH
NEWARK
LAS VEGAS
CHERRY HILL
LAKE TAHOE
MYANMAR
OMAN
A GCC REPRESENTATIVE OFFICE
OF DUANE MORRIS

MEXICO CITY
ALLIANCE WITH
MIRANDA & ESTAVILLO

April 24, 2014

**BY ECF**

Hon. John G. Koeltl
United States District Court for the
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

      Re: **Schutte Bagclosures Inc. v. Kwik Lok Corporation (No. 1:12-cv-05541-JGK)**

Dear Judge Koeltl:

      We submit this letter on behalf of defendant, Kwik Lok Corporation ("Kwik Lok") to request a pre-motion conference in connection with Kwik Lok's proposed motion for summary judgment based on Rule 12(b)(1) of the Federal Rules of Civil Procedure. Because Kwik Lok's motion for summary judgment can be fully resolved based on the existing evidentiary record and will significantly narrow the claims and counterclaims at issue in this case, Kwik Lok further requests that the Court stay all deadlines in this case pending the Court's resolution of Kwik Lok's motion for summary judgment. Given that the Court has scheduled a pre-motion conference to discuss Schutte's proposed summary judgment motion for April 28, 2014, Kwik Lok suggests it may be expeditious to address Kwik Lok's request during this upcoming pre-motion conference.

      With respect to Schutte Bagclosures Inc. and Schutte Bagclosures B.V. (collectively, "Schutte")'s request on April 17, 2014 to file a motion for summary judgment and request to stay all discovery matters, the Court should deny Schutte's requests since the parties have not completed expert discovery which is necessary before consideration of Schutte's proposed summary judgment motion on the issues of genericism, likelihood of confusion, fame, tarnishment, and abandonment. *R.F.M.A.S., Inc. v. So*, 619 F. Supp. 2d 39, 83 (S.D.N.Y. 2009)

Hon. John G. Koeltl
April 24, 2014
Page 2

DuaneMorris

(denying defendant's motion for summary judgment on plaintiff's trade dress claims because expert discovery had not closed).  Accordingly, Schutte's requests should be denied.[1]

Kwik Lok intends to move for summary judgment on the grounds that the Court lacks subject matter jurisdiction over most of Schutte's declaratory judgment claims.  While the Court initially found that Schutte has sufficiently pled a substantial controversy such as to warrant jurisdiction under the Declaratory Judgment Act under a motion to dismiss standard, the evidentiary record in this case clearly contradicts many of the allegations set forth in Schutte's Second Amended Complaint.  Specifically, Schutte's deposition testimony, affidavits, document production, and briefing demonstrate that Schutte has made no effort to introduce 9 of the 10 "Schutte Products" into the United States market and is attempting to use the declaratory judgment statute to obtain advisory opinions on potential future products.[2]

Adjudication of this issue is appropriate at this time given that the parties have completed fact discovery and the evidentiary record on Kwik Lok's proposed motion is complete.  While the parties have not yet completed expert discovery, no expert evidence or testimony will have any bearing upon the purely factual issues relating to subject matter jurisdiction, including the types of development, marketing, advertising, distribution and sales activities in which Schutte did—or did not—engage.  Because Kwik Lok's motion is expected to eliminate 9 of the 10 Schutte products at issue in this case, the interests of justice and judicial economy all weigh in favor of staying this case pending the outcome of Kwik Lok's motion.[3]

The Court should, however, deny Schutte leave to file their proposed motion for summary judgment and their request for a stay or extension pending the outcome of their motion for summary judgment because the evidentiary record relating to the claims upon which Schutte seeks summary judgment is not complete.  Schutte is essentially asking this Court to render summary judgment based on an incomplete evidentiary record devoid of any expert evidence or testimony—thereby, depriving Kwik Lok of the opportunity to demonstrate critical elements of

---

[1] Although Schutte has raised a number of purported discovery disputes as grounds for their request for an extension/stay, Kwik Lok notes that Schutte raised these issues with the Court before it even gave Kwik Lok an opportunity to respond to these issues, much less attempted to resolve them.  Moreover, Kwik Lok's requested stay would give the parties ample time to resolve any discovery disputes.

[2] The evidence with show that Schutte has not advertised, distributed or sold any of the Schutlok branded products (Types A, B, T, G, K and L) or any of the CLIPPS GL or BL branded products in the United States.  See Second Amended Compl., Ex. D (Dkt. No. 31.)

[3] Provided the Court grants Kwik Lok's summary judgment motion with regard to the "Schutte Products" that are the subject of Kwik Lok's motion, Kwik Lok will withdraw (without prejudice) its compulsory counterclaims directed to the same "Schutte Products."

Hon. John G. Koeltl  
April 24, 2014  
Page 3

DuaneMorris

its defenses and counterclaims. Moreover, grant of Schutte's requests will severely prejudice Kwik Lok because it has not completed expert discovery, which is highly probative of the issues in the contemplated summary judgment motion.

Each of the specific grounds Schutte claims that it intends to move for summary judgment will likely be the subject of expert testimony. Expert evidence is highly probative of genericism. In determining genericism, the Court typically considers expert evidence regarding the nature and scope of third-party use of the trade dress, as well as evidence and testimony from trade professionals. *See e.g., Nat'l Envelope Corp. v. Am. Pad & Paper Co. of Del., Inc.,* 2009 U.S. Dist. LEXIS 121308, *15 (S.D.N.Y. Dec. 30, 2009) (expert report regarding third-party use of the mark is relevant in determining whether mark is generic); *Something Old, Something New, Inc. v. QVC, Inc.,* 999 U.S. Dist. LEXIS 18878, at *16 (S.D.N.Y. Dec. 7, 1999) (considering expert testimony of professional jeweler in determining genericism). Moreover, survey evidence is often used to demonstrate both fame and likelihood of confusion. *See Gap, Inc. v. G.A.P. Adventures, Inc.,* No. 07 Civ. 9614, 2011 U.S. Dist. LEXIS 71675, *29 (S.D.N.Y. June 24, 2011) (finding plaintiff's mark famous based on expert survey evidence); *Gucci Am., Inc. v. Guess?, Inc.,* 831 F. Supp. 2d 723, 738 (S.D.N.Y. 2011) ("Parties to trademark infringement actions frequently use consumer surveys to demonstrate or refute a likelihood of consumer confusion").

Schutte also claims that it intends to move for summary judgment on the grounds that Kwik Lok has not shown actual confusion in the U.S. market. However, evidence of actual confusion is merely one factor in the multi-pronged analysis used to determine likelihood of confusion. Indeed, it is well established that lack of evidence of actual confusion is not dispositive of likelihood of confusion. *See Centaur Communications, Ltd. v. A/S/M Communications, Inc.,* 830 F.2d 1217, 1227 (2d Cir. 1987). Finally, actual confusion can be demonstrated by survey evidence. *R.F.M.A.S., Inc. v. So,* 619 F. Supp. 2d 39, 83 (S.D.N.Y. 2009) ("[p]roof of actual confusion is generally shown through consumer surveys") citing *Medici Classics Prods. LLC v. Medici Group LLC,* 590 F. Supp. 2d 548, 556 (S.D.N.Y. 2008).

Finally, Schutte has stated that it intends to move for summary judgment on the grounds of abandonment and that Kwik Lok has not shown complaints in the U.S. market. Once again, expert evidence is extremely probative of these issues. Tarnishment can be demonstrated not only by customer complaints—which would be impractical here given that Schutte is not selling the products—but expert evidence as well. *See Gucci Am., Inc. v. Guess?, Inc.,* 843 F. Supp. 2d 412, 428 (looking to expert testimony when determining whether defendant's marks tarnished plaintiff's marks). Expert evidence is also probative of the issue of abandonment as a claim of abandonment may be proven or refuted by survey evidence and/or expert testimony may be used to determine the protectable elements of the trade dress and whether such features have been abandoned. *See e.g., Drefus Fund, Inc. v. Royal Bank of Canada,* 525 F. Supp. 1108, 1116

Hon. John G. Koeltl
April 24, 2014
Page 4

DuaneMorris

(S.D.N.Y. 1981) (considering survey evidence when determining whether plaintiff abandoned its original mark).[4]

Accordingly, Kwik Lok respectfully requests a pre-motion conference to discuss its proposed motion for summary judgment and a stay of all deadlines pending the Court's adjudication of Kwik Lok's summary judgment motion. Moreover, the Court should deny Schutte's request to file its motion for summary judgment before completion of expert discovery for the reasons explained above.

We thank Your Honor for considering these requests.

Sincerely,

Brian McQuillen

cc:   Carl Van Der Zandt, Esq. (via ECF)
      Kenneth Murray, Esq. (via ECF)
      Sherli Yeroushalmi, Esq. (via ECF)
      Kevin S. Costanza Esq. (via ECF)
      Vanessa C. Hew, Esq. (via ECF)
      R. Terry Parker, Esq., (via ECF)

C:\Users\bmq070\Desktop\Schutte v  Kwik Lok_ Letter to Judge Koeltl Re Motion for Summary Judgment.docx

---

[4] Notably, the issue of abandonment, as well as genericism, is not even a proper subject for a motion for summary judgment as "[t]he prima facie evidence provided by the certificate of registration is generally sufficient to establish a question of material fact that cannot be resolved on summary judgment." *Am. Online, Inc. v. AT&T Corp.*, 243 F.3d 812, 818 (4th Cir. 2001); *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 238-39 (5th Cir. 2010). This is especially true where the plaintiff's registrations are incontestable, as in this case, and thus provide conclusive evidence of the validity of the mark and registration. 15 U.S.C. § 1115(b).