# HAND | BALDACHIN | AMBURGEY LLP
## LAW OFFICES

8 West 40th Street
12th Floor
New York, NY 10018

tel  212.956.9500
fax 212.376.6080

Carl M.R. van der Zandt
Sherli Yeroushalmi
Attorneys at Law

April 25, 2014

<u>Via ECF</u>

Honorable John G. Koetl
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Schutte Bagclosures Inc. et al. v. Kwik Lok Corp., No. 12-cv-5541 (JGK)

Dear Judge Koeltl:

We represent Plaintiff Schutte Bagclosures Inc. ("Schutte Inc."), and write on behalf of our client in connection to Defendant Kwik Lok Corporation's ("Kwik Lok") April 24th, 2014 letter to this Court.

Kwik Lok addresses in its letter two subjects: a request for a pre-motion conference in connection to a proposed summary judgment by Kwik Lok, and an opposition to Schutte Inc.'s request to file a motion for summary judgment. We will address both briefly in this letter and will elaborate more on Schutte Inc.'s position during this Monday's pre-motion hearing.

<u>Schutte Inc.'s request to file a motion for summary judgment.</u>

Kwik Lok argues that it should be entitled to complete expert discovery prior to Schutte Inc. filing a motion for summary judgment, but the undisputed facts establish that no trademark or trade dress protection is available to Kwik Lok.  Expert discovery cannot alter that conclusion.  Indeed, fact discovery, documents produced by Kwik Lok, and testimonies by the owner, director, president, head of sales, and vice-president of sales



make abundantly clear that Kwik Lok's claimed trade dress protection is a legal fiction, created by its attorneys over a period of more than thirty years. Kwik Lok's trademark claims do not have any basis in reality, as will be apparent in Schutte Inc.'s motion papers.

According to its own testimony and documents produced, each year Kwik Lok is distributing billions of bag closures to independent third parties for resale in the U.S. market, without any license agreement, distribution agreement or any other written agreement in place. Kwik Lok's 30(b)6 witness, owner, director and president testified verbatim, "*Kwik Lok wouldn't license a distributor for any reason*"[1]. Furthermore, when confronted with sales offerings by a third party of what he confirmed to be a Kwik Lok type closure on the EBAY website, Kwik Lok's 30(b)6 witness, owner, director and president testified as follows "*No, I don't mind. I've sold it to them and they're reselling it to somebody else. That's their business"...."It's their product. It's their property, then, once they pay for it.*"[2]

These are just a few examples of the overwhelming evidence revealed during fact discovery proving that Kwik Lok does not consider, nor treat its bag closures as trademarks or source identifiers. The record shows that for Kwik Lok its bag closures are just what they appear to be: a commodity product that should be sold as much as possible to any party without any limitation as to use. At the request of customers, Kwik Lok prints third party logos, trade names and advertisements on its bag closures. Kwik Lok also often covers the bag closures by gluing labels on them, displaying third party advertisements. Even more so, Kwik Lok promotes and encourages third parties to use its bag closures to promote their business:

"*Advertising with Kwik Lok… More Than A Closure… By printing a message on the Kwik Lok, it becomes one of the LEAST EXPENSIVE and MOST EFFECTIVE advertising mediums available.*"[3]

It would be unnecessarily burdensome and costly for the parties to conduct expert discovery, while all the facts and evidence necessary to resolve this dispute are already evident on the record. If the Court chooses not to award Schutte Inc. summary judgment relief, expert witness discovery can then be conducted.  Notably, Kwik Lok seems to agree with this in principle, insofar as it, too, seeks a stay of discovery pending resolution of the legal issues it wishes to raise.

<u>Kwik Lok's request for a pre-motion conference and summary judgment.</u>

In its letter, Kwik Lok repeats many dismissed contentions claiming the Court lacks subject matter jurisdiction in connection to 9 of the 10 bag closures by Schutte Inc. This is yet another improper attempt by Kwik Lok's attorneys to maintain Kwik Lok's monopoly in the U.S. by trying to limit this dispute to one single exact shape of bag

---

[1] Deposition Paxton, April 2, 2014, at Tr. 182, Lines 17-18.
[2] Exhibit 53 Paxton, J (KL0008904-KL0008907)
[3] See e.g. KL0001568, KL0001738, KL0001742, KL0002899, and KL0006643.

closures. While admitting that the CLIPPS G are in the U.S. market, Kwik Lok contends that the CLIPPS GL and CLIPPS BL are not. CLIPPS GL and BL have the same shape as the CLIPPS G, except that they are elongated.

As far as the Schutlok branded products are concerned, Kwik Lok contradicts its own earlier contentions that these are not in the U.S. market. Kwik Lok's 30(b)6 witness and vice-president of sales testified that, in late 2012, there was actual consumer confusion in the U.S. market in connection to the Schutlok G closure[4]. It is incomprehensible how this U.S. market confusion could have occurred, without any presence in the U.S. market.

In light of the aforementioned, we respectfully request the Court deny Kwik Lok's request for a motion summary judgment or, in the alternative, allow Kwik Lok to file its motion for summary judgment only after the Court renders its decision on the pending Motion to Dismiss by Schutte Inc. and Schutte Bagclosures B.V., and after the Court has decided on Schutte Inc.'s request and motion for summary judgment. Kwik Lok's request will be moot in the event that the Court grants Schutte Inc.'s motion for summary judgment.

Very truly yours,

_____
Carl M.R. van der Zandt
**HAND BALDACHIN & AMBURGEY LLP**

cc: Brian McQuillen, Esq. (via e-mail), counsel for Defendant Kwik Lok Corporation

---

[4] Deposition Miller, April 3, 2014, at Tr. 175 - 180.

3