# HAND | BALDACHIN | AMBURGEY LLP
LAW OFFICES

8 West 40th Street
12th Floor
New York, NY 10018

tel   212.956.9500
fax  212.376.6080

Carl M.R. van der Zandt
Sherli Yeroushalmi
Attorneys at Law

April 29, 2014

**Via ECF**

Honorable John G. Koeltl
United States District Court
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Schutte Bagclosures Inc. et al. v. Kwik Lok Corp., No. 12-cv-5541 (JGK)

Dear Judge Koeltl:

　　　Further to yesterday's conference and the Court's order to suspend expert discovery until after the Court's decision on the parties' motions for summary judgment and the pending motion to dismiss, we would like to add the following point of clarification:

　　　As the Court correctly stated, and also according to the Court's Scheduling Order fact discovery has come to a close. However, as discussed in our letter of April 25, 2014 to this Court, there remain some discovery disputes that the parties have not resolved.  In particular, it became clear during depositions of Kwik-Lok's witnesses that there are documents crucial to this dispute and crucial to the expert discovery process that Kwik Lok has not produced yet, although Kwik Lok has acknowledged the existence of these documents. These documents are the technical and design drawings for each of the product configurations claimed as a protected trade dress by Kwik Lok and would be highly relevant to our expert's analysis.

　　　Should the Court deny Schutte Bagclosures Inc.'s motion for summary judgment and the parties need to conduct expert discovery, Schutte Bagclosures Inc. may need to revisit these issues, including possibly through a motion to compel, if at that time Kwik Lok has not produced the aforementioned documents.  Although we did not specifically discuss these discovery disputes at the conference on Monday, it is our understanding that these disputes, like expert discovery, are suspended pending the Court's ruling on the summary judgment motions, which may render all of these issues moot.

If this is inconsistent with the Court's understanding, we would be happy to discuss these issues further through another conference or a call with the Court. Otherwise, we will revisit these issues with Kwik-Lok, if necessary, after the Court's rulings.

Respectfully submitted,

_____
Carl M.R. van der Zandt
**HAND BALDACHIN & AMBURGEY LLP**

cc: Brian McQuillen, Esq. (via e-mail), counsel for Defendant Kwik Lok Corporation