# HAND | BALDACHIN | AMBURGEY LLP
## LAW OFFICES

8 West 40th Street
12th Floor
New York, NY 10018

tel   212.956.9500
fax  212.376.6080

Carl M.R. van der Zandt
Sherli Yeroushalmi
Attorneys at Law

May 9, 2014

**Via ECF**

Honorable John G. Koetl
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   Schutte Bagclosures Inc. et al. v. Kwik Lok Corp., No. 12-cv-5541 (JGK)

Dear Judge Koeltl:

We represent Plaintiff Schutte Bagclosures Inc. ("Schutte Inc."), and write on behalf of our client in connection to Defendant Kwik Lok Corporation's ("Kwik Lok") April 24th, 2014 letter to this Court.

Kwik Lok addresses in its letter two subjects: a request for a pre-motion conference in connection to a proposed summary judgment by Kwik Lok, and an opposition to Schutte Inc.'s request to file a motion for summary judgment. We will address both briefly in this letter and will elaborate more on Schutte Inc.'s position during this Monday's pre-motion hearing.

Schutte Inc.'s request to file a motion for summary judgment.

Fact discovery, documents produced by Kwik Lok, and testimonies by the owner, director, president, head of sales, and vice-president of sales make abundantly clear that Kwik Lok's claimed trade dress protection is a legal fiction, created by its attorneys over a period of more than thirty years. Kwik Lok's trademark claims do not have any basis in reality.

hba

According to its own testimony and documents produced, each year Kwik Lok is distributing billions of bag closures to independent third party distributors for resale in the U.S. market, without any license agreement, distribution agreement or any other written agreement in place. █████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

These are just a few examples of the overwhelming evidence revealed during fact discovery proving that Kwik Lok does not consider and treat its bag closures as trademarks or source identifiers. The record shows that for Kwik Lok its bag closures are just what they are: a commodity product that should be sold as much as possible to any party and without any limitation as to use.

It would be unjust, extremely burdensome, and unnecessarily costly for Schutte Inc. to endure expert discovery, while all the facts and evidence necessary to resolve this dispute are already evident on the record. If the Court chooses not to award Schutte Inc. summary judgment relief, expert witness discovery can then be conducted.

Before any expert witness discovery can be properly conducted, however, at least part of Kwik Lok's discovery deficiencies need to be resolved. Although the existence of design and technical drawings of its bag closure have been confirmed by Kwik Lok, ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████ Kwik Lok has been advised that these drawings can be produced under the protective order as "highly confidential, for attorney eyes only", and in spite of the fact that these drawings were requested repeatedly, to date they have not been produced. Today, our office has received a cd-rom from Kwik Lok with 12 images, one of which is of a bag closure. Although we need to further examine these drawings, additional and more relevant drawings and sketches relating to all of the claimed trade dress product configurations have yet to be produced. These additional drawings are essential for proper expert discovery and should the Court deny Schutte Inc.'s summary judgment request, it should suspend expert discovery until these drawings have been produced.

<u>Kwik Lok's request for a pre-motion conference and summary judgment.</u>

In its letter, Kwik Lok repeats many dismissed contentions claiming the Court lacks subject matter jurisdiction in connection to 9 of the 10 bag closures by Schutte Inc.



This is yet another improper attempt by Kwik Lok's attorneys to maintain Kwik Lok's monopoly in the U.S. by trying to limit this dispute to one single exact shape of bag closures. While admitting that the CLIPPS G are in the U.S. market, Kwik Lok contends that the CLIPPS GL and CLIPPS BL are not. CLIPPS GL and BL have the same shape as the CLIPPS G, except that they are elongated.

As far as the Schutlok branded products are concerned, Kwik Lok is contradicts its own earlier contentions that these are not in the U.S. market. ███████████████████████████████████████████████████████████ It is incomprehensible how this U.S. market confusion could have occurred, without any presence in the U.S. market.

In light of the aforementioned, we respectfully request the Court deny Kwik Lok's request for a motion summary judgment or, in the alternative, allow Kwik Lok to file its motion for summary judgment only after the Court renders its decision on the pending Motion to Dismiss by Schutte Inc. and Schutte Bagclosures B.V., and after the Court has decided on Schutte Inc.'s request and motion for summary judgment, i.e. if Kwik Lok's request would not be moot at such time.

Very truly yours,

Carl M.R. van der Zandt
**HAND BALDACHIN & AMBURGEY LLP**

cc: Brian McQuillen, Esq. (via e-mail), counsel for Defendant Kwik Lok Corporation