**HAND BALDACHIN & AMBURGEY LLP**
Carl M.R. van der Zandt
Sherli Yeroushalmi
8 West 40th Street, 12th Floor
New York, NY 10018
Tel: (212) 295-2699
Fax: (212 376-6080
cvdzandt@hballp.com
syeroushalmi@hballp.com
*Counsel for Plaintiff and Counterclaim Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| SCHUTTE BAGCLOSURES INC., | ) |
| Plaintiff | ) |
| v. | ) |
| KWIK LOK CORPORATION, | ) |
| Defendant. | ) |
| _____ | ) Case No. 12-cv-5541 (JGK) |
| KWIK LOK CORPORATION, | ) |
| Counterclaim Plaintiff | ) |
| v. | ) |
| SCHUTTE BAGCLOSURES INC., and SCHUTTE BAGCLOSURES B.V., | ) |
| Counterclaim Defendants | ) |
| _____ | ) |

**PLAINTIFF SCHUTTE BAGCLOSURES INC.'S RESPONSE TO DEFENDANT KWIK LOK CORPORATION'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT**

1

Plaintiff Schutte Bagclosures Inc. ("Schutte Inc.), by and through its attorneys, hereby submits its response to Defendant Kwik Lok Corporation's ("Kwik Lok") Statement of Undisputed Facts of Which There is no Material Issue to be Tried ("Statement").

**GENERAL OBJECTIONS**

The following General Objections are incorporated into each specific response below as it is fully set forth at length herein.

1. Schutte Inc. objects to Kwik Lok's inclusion of numerous immaterial purported "facts" in their Statement. Kwik Lok impermissibly seeks to present this Court with facts relating to matters other than those on which it seeks partial summary judgment.

2. Schutte Inc. objects to Kwik Lok's submission of facts that contradict, disclaim, mischaracterize or otherwise alter, on a post hoc basis, the plain meaning of sworn testimony given by Mr. Wout Abbenhuis and Mr. Frank van Drunen, as well as documents and pleadings in this action, including plaintiffs' selective use of text quoted out of context. Accordingly, the phrases "Disputes," "Dispute," and "Disputed" should not be understood to mean that plaintiffs have properly stated a material fact as to which they contend there is no genuine issue to be tried as called for by Local Civil Rule 56.1, and any response to Kwik Lok's mischaracterizations should not be understood to raise a genuine issue of material fact but instead supply a correction to mischaracterization.

3. The phrases "do not dispute," "undisputed" and "not disputed" shall not be construed as a concession by Schutte Inc. that a statement is (a) material, (b) complete, (c) supported by the documents or exhibits cited in a particular paragraph, (d) admissible at trial, or (e) otherwise relevant information.

4.	Where Schutte Inc. does not dispute the facts in a particular paragraph, it does so for purposes of Kwik Lok's motion for partial summary judgment only, and Schutte Inc. reserves all other objections, including but not limited to, the right to object to or context each of plaintiffs' assertions of fact at the appropriate time, including the right to challenge each assertion of fact as to admissibility at trial.

5.	Evidence cited by Schutte Inc. in support of or in contradiction to a particular proposition should not be construed as the only evidence supporting or contradicting the proposition in question, and Schutte Inc. specifically reserves the right to provide additional evidence as is necessary and appropriate.

6.	Schutte Inc. objects to plaintiffs' cited exhibits to the extent that they are not complete, and characterized as being what they purport on their face to be, and otherwise fail as to authenticity, foundation, and admissibility.

7.	Schutte Inc's citation to material facts as to which Schutte Inc. contends there is no genuine issue to be tried should not be construed as an admission that a dispute exists as to these material facts.

## RESPONSES TO KWIK LOK'S STATEMENT OF UNDISPUTED FACTS

1.	Kwik Lok sued Schutte Bagclosures B.V. in 2006 in the Netherlands. McQuillen Decl. ¶ 2, Ex. A; KL0009226-9241; *See* Am. Compl., Dkt. 31

    a.	Response: UNDISPUTED.

2.	The only product at issue in the European litigation was the SCHUTLOK G series bag closure. KL0009226-9241.

    a.	Response: DISPUTED. Schutte Inc. objects to this statement as immaterial to the resolution of Kwik Lok's motion for partial summary

3

judgment. The scope of the issues in the European litigation were not determined by the Decision of the Appellate Court, but rather the original Summons and Complaint, and Kwik Lok's subsequent Appeal. In both of these documents, Kwik Lok does not specify to the court any specific bag closures, rather it asks for a general injunction against all infringing bag closures. Furthermore, within its Appeal, Kwik Lok identifies not only the G closure, but the B and K as well, all of which it claims are identical to Kwik Lok's trade dress. Declaration of Wout Abbenhuis ("Abb. Decl.") at ¶ 32; KL0005113-5114.

3. Kwik Lok alleged in the European litigation that the SCHUTLOK G series infringed Kwik Lok's European patent 0.382.169, Kwik Lok's European community trade dress 558, 429 and Kwik Lok's European community and Benelux registered trademarks in the word mark KWIK LOK. KL0009226-9241; KL0009242-9247; KL0009248-9253; KL0009254-9256; KL0009257.

   a. Response: UNDISPUTED, subject to Stipulation of Dismissal Pursuant to Rule 41(a)(1)(A)(ii) filed in Case No. 12-cv-5541 (JGK), filed on June 20, 2014.

4. Kwik Lok's European community trade dress 558, 429 is directed to the same product shape as that protected by the 043 Registration. KL0009254-9256; See Am. Compl., Dkt. 31, Exh. A.

   a. UNDISPUTED, subject to Stipulation of Dismissal Pursuant to Rule 41(a)(1)(A)(ii) filed in Case No. 12-cv-5541 (JGK), filed on June 20, 2014.

5. The European litigation never involved an arched rectangular shaped closure similar to the 545 Registration that is currently the subject of Schutte's declaratory judgment claims in this case. KL0009226-9241.

    a. Response: DISPUTED. In the initial summons and complaint for the European litigation Kwik Lok asked the court for an injunction based upon the EU trademark registration for the product configuration similar to the US 043 Registration. Kwik Lok did not specify in the Dutch proceedings which Schutte Bagclosures B.V ("Schutte B.V.") bag closures it deemed infringing. Thus it is possible that the litigation involved an "arched, rectangular shape similar to the 545 Registration." Furthermore, within its Appeal, Kwik Lok identifies not only the G closure, but the B and K as well, all of which it claims are identical to Kwik Lok's trade dress. Abb. Decl. ¶ 32; KL0005113-5114.

6. No equivalent to the 804 Registration directed to a red logo showing a two-dimensional Kwik Lok bag closure and the letters KL inside the closure was ever at issue in the European litigation. KL0009226-9241.

    a. Response: UNDISPUTED.

7. Kwik Lok has never asserted the 043, 545, or 804 Registration in any litigation prior to this case.

    a. Response: DISPUTED. In *Kwik Lok Corp. v. World Manuf., Inc.*, cv-91-1625 DT (Tx), the 043 product configuration was in dispute, however at the time of the suit, the 043 Registration was still pending before the

>USPTO for approval, and as a result Kwik Lok claimed the exact same product shape as a common law trademark. *See* KL0006821-KL0006844.

8. Kwik Lok has never claimed that the 804 Registration "gives Kwik Lok exclusive rights to the shape on which the word mark KL appears."

>a. Response: UNDISPUTED.

9. The 804 Registration is directed to a two dimensional logo, not the shape of a product. *See* Am. Compl., Dkt. 31, Exh. C.

>a. Response: UNDISPUTED.

10. All the SCHUTLOK products identified in the amended complaints were commercially available in 2006 when Kwik Lok initiated the suit in the Netherlands. McQuillen Decl. ¶ 4, Ex. C, Van Drunen Dep. At 7:8-11; 11:9-13; 13:24-14:2; 14:24-15:2.

>a. Response: UNDISPUTED.

11. The CLIPPS branded products did not exist when the Appeal Court in the Netherlands rendered its decision with respect to the SCHUTLOK G series bag closures. McQuillen Decl. ¶ 6, Ex. E, Abbenhuis Dep. At 14:20-25; 212: 17-20.

>a. Response: DISPUTED. Schutte Inc. objects to this statement as immaterial to the resolution of Kwik Lok's motion for partial summary judgment. The CLIPPS products were in the creation phase as early as 2009. The design was finalized in 2011, and the first production was in the summer of 2012. Abb. Decl. ¶ 16.

12. The only product at issue in the European litigation was the SCHUTLOK G series, not the SCHUTLOK A, B, T, K or L series. McQuillen Decl. ¶ 4, Ex. C, Van Drunen Dep. at 13:24-15:25; ¶ 2, Ex. A, March 30, 2010 appeal decision (KL0009226-9241).

      a. Response: DISPUTED. Schutte Inc. objects to this statement as immaterial to the resolution of Kwik Lok's motion for partial summary judgment. The scope of the issues in the European litigation were not determined by the Decision of the Appellate Court, but rather the original Summons and Complaint, and Kwik Lok's subsequent Appeal. In both of these documents, Kwik Lok does not specify to the court any specific bag closures, rather it asks for a general injunction against all infringing bag closures. Furthermore, within its Appeal, Kwik Lok identifies not only the G closure, but the B and K as well, all of which it claims are identical to Kwik Lok's trade dress. Abb. Decl. ¶ 32; KL0005113-5114.

13. Schutte relies on oral statements made by unidentified Kwik Lok representatives that defy common sense, specifically that Kwik Lok "would undertake all necessary actions" to prevent Schutte from entering the U.S. market." Sec. Am. Compl., Dkt. 31, ¶¶ 116-117.

      a. Response: The allegations in this paragraph constitute matters of opinion to which No Response is Required. To the extent these allegations are deemed factual, it is DISPUTED that the oral statements made by unidentified Kwik Lok representatives deny common sense. Furthermore, the identity of these individuals has never been requested Kwik Lok. In truth, Mr. Abbenhuis and his colleague at Schutte B.V., Mr. Bertil Bruisten had a meeting in the Dutch town of Uden, with Mr. Hal Miller of Kwik Lok and Mr. Wouter Reijndorp of Kwik Lok Europe. During this meeting, Mr. Abbenhuis told Mr. Miller and Mr. Reijndorp that Schutte B.V. is a global company and eventually wants to expand to the U.S. Mr.

>Miller almost immediately responded that Kwik Lok would undertake all measures to prevent Schutte B.V. from bringing plastic bag closures to the U.S. Abb. Decl. ¶ 3.

14. Any statements Kwik Lok did make were made during settlement discussions in connection with the pending litigation in the Netherlands and thus should be construed in that specific context. Compl., Dkt. 1, ¶24; Am. Compl. Dkt. 16; Sec. Am. Compl., Dkt. 31, ¶¶ 116-117.

>a. Response: The allegations in this paragraph constitute Conclusions of Law to which no Response is required. Schutte Inc. objects to this statement as vague and ambiguous as the terms "settlement discussions" and "construed" are undefined and Schutte Inc. is unable to assess the accuracy of such statements. To the extent these allegations are deemed factual, it is DISPUTED that any statements presented during this litigation were made during settlement discussions in connection with the pending litigation in the Netherlands. Abb. Decl. ¶ 3.

15. Schutte B.V. sells many different bag closure products, including wire based bag closure products. McQuillen Decl ¶6; Ex.E, Abbenhuis Dep. at 213:21-214:18; 615-616; KL0001144-KL0001145; KL0001043-1045.

>a. Response: UNDISPUTED.

16. Kwik Lok could not have alleged that it would seek to prevent Schutte from "entering the U.S. market" given that Schutte B.V. sells many different kinds of bag closure products.

    a. Response: The allegations in this paragraph constitute matters of opinion to which No Response is Required. Schutte Inc. objects to this statement as immaterial to the resolution of Kwik Lok's motion for partial summary judgment. To the extent these allegations are deemed factual, it is DISPUTED that Kwik Lok could not have alleged that it would prevent Schutte Inc. from "entering the U.S. market" given that Schutte B.V. sells many different types of bag closure products. Kwik Lok, Schutte B.V. and Schutte Inc. are all in the business of closing bags. *See* Miller Tr. 38-41. Moreover, Schutte Inc. is only promoting and marketing bag closure clips. *See* Schutte/Kwik Lok 3793-3795.

17. The parent company of Schutte Inc., Schutte B.V.", describes itself as the "undisputed number 1 and market leader of bag closures in Europe." McQuillen Decl. ¶ 6, Ex. E, Abbenhuis Dep. at 215:11-216:1; KL0001144-KL0001148.

    a. Response: UNDISPUTED.

18. Schutte describes itself promotes itself as offering a wide range of "plastic and wire closures, like Clipband and Twist ties (with or without wire), Multilooplock, Cable ties, Double loop wire ties, Multiplast, U-clips, etc." McQuillen Decl. ¶6, Ex. E, Abbenhuis Dep. at 211:24-212:20; 213:21-214:18; Van Drunen Dep. at 131:20; KL0001144-KL0001145; KL0001043-1045.

    a. Response: DISPUTED to the extent that it is Schutte B.V., not Schutte Inc. that offers a wide range of "plastic and wire closures, like Clipband and Twist ties (with or without wire), Multilooplock, Cable ties, Double

9

loop wire ties, Multiplast, U-clips, etc." Van Drunen Dep. at 131:20; KL0001043-1045.

19. The SCHUTLOK branded plastic bag closure product line is just one of the many different types of bag closure products Schutte B.V. manufactures, advertises, and sells in Europe. McQuillen Decl. ¶ 6, Ex. E, Abbenhuis Dep. at 211:24-212:20; 213:21-214:18; 615-116; KL0001144-KL0001145; KL0001043-1045.

    a. Response: UNDISPUTED.

20. As of the close of fact discovery, Schutte has done nothing to promote the SCHUTLOK products in the United States and had "not yet" made a determination as to whether Schutte would offer the SCHUTLOK branded products in the U.S. market. McQuillen Decl. ¶ 6, Ex. E, Abbenhuis Dep. at 504-505; 315:9-12.

    a. Response: DISPUTED. Schutte Inc. objects to this statement as vague and ambiguous as the term "promote" is undefined and Schutte Inc. is thus unable to assess the accuracy of this statement. Kwik Lok and opposing counsel were notified weeks ago that Schutte Inc. had shipped several SCHUTLOK Series products, including but not limited to Series G, B, and K, to distributor(s) in the United States. *See* Schutte/Kwik Lok 3804-3810.

21. Schutte's plastic bag closure products come in a variety of forms, including the SCHUTLOK branded products A, B, T, K, products G, GL, BL, T and K. McQuillen Decl. ¶ 5, Ex. D, Am. Compl., Dkt. 16, ¶74, Ex. D.

    a. Response: UNDISPUTED.

22. To date, Schutte Inc. has only received a few boxes of promotional rolls of the CLIPPS G Series products and those rolls were not intended for commercial use. McQuillen Decl. ¶6, Ex. E, Abbenhuis Dep. 106:16-24; 110:25-111:11.

  a. Response: DISPUTED. Kwik Lok was notified weeks ago that Schutte Inc. has received and shipped several SCHUTLOK and CLIPPS Series products, including but not limited to SCHUTLOK Series G, B, and K, and CLIPPS Series B and G, to distributor(s) in the United States for use. *See* Schutte/Kwik Lok 3804-3810. Furthermore, Schutte Inc. objects to this statement as vague and ambiguous as the term "for commercial use" is undefined and Schutte Inc. is thus unable to assess the accuracy of this statement. To the extent these allegations are deemed factual, it is DISPUTED that the intended use of the promotional rolls of bag closures was not "commercial use", because these rolls were advertised and distributed in the U.S. market, which is commercial use.

23. As of April 15, 2014, Schutte had not distributed any of the products identified in Exhibit D of the Amended Complaint to anyone in the United States except for some promo rolls of the CLIPPS G Series products in September 2012.  McQuillen Decl. ¶6, Ex. E, Abbenhuis Dep. 106:16-24; Am. Compl., Dkt.16, D.

  a. Response: DISPUTED. Kwik Lok was notified weeks ago that Schutte Inc. has received and shipped several SCHUTLOK and CLIPPS Series products, including but not limited to SCHUTLOK Series G, B, and K, and CLIPPS Series B and G, to distributor(s) in the United States for use.

Schutte Inc. can readily manufacture and distribute bag closure products. *See* Schutte/Kwik Lok 3804-3810.

24. The only bag closure product shown on Schutte's website, clippsamerica.com, from the date Schutte launched the website in the Fall of 2012 through the close of discovery on April 15, 2014 was the CLIPPS G Series product. McQuillen Decl. ¶ 6, Ex. E, Abbenhuis Dep. 174:3-175:10, Ex. 32.

    a. Response: DISPUTED. Kwik Lok was notified weeks ago of updates to the clippsamerica.com website. Currently, the clippsamerica.com website displays the CLIPPS B, BL, G, GL, G Bio, KS, and K Series, and the SCHUTLOK B, G, and K Series. *See* Schutte/Kwik Lok 3793-3795. Although at the close of discovery only the CLIPPS products were advertised, this is an arbitrary deadline that ignores the facts as they stand today.

25. Schutte has not sent any trial orders of the products identified in Exhibit D of the Amended Complaint to anyone based on a request through the clippsamerica.com website. McQuillen Decl. ¶ 6, Ex. E, Abbenhuis Dep. 469: 15-471:21; Ex. 31; Am. Compl., Dkt. 16, Ex. D.

    a. Response: DISPUTED. Schutte Inc. objects as this statement is immaterial to the resolution of Kwik Lok's motion for partial summary judgment. Furthermore, Kwik Lok has been provided with communications between distributor(s) and sales@clippsamerica.com regarding possible business. *See e.g.,* Schutte/Kwik Lok 2718.

26. Schutte only distributed promo reels of the CLIPPS G series to 9 customers in September 2012. McQuillen Decl. ¶6, Ex. E, Abbenhuis Dep. 107:18-23, 320:2-322:25, ¶ 10, Ex. I; Willemsen Dep. 98:16-17.

    a. Response: DISPUTED to the extent that it is Schutte Inc., not Schutte B.V., who distributed the promo reels of the CLIPPS G series to 9 customers in September 2012.

27. Since September 2012, Schutte has not distributed any CLIPPS or SCHUTLOK products or any promotional materials for the CLIPPS or SCHUTLOK products to any potential customers in the United States. McQuillen Decl. ¶ 6, Ex. E, Abbenhuis Dep. 281:6- 282:17, 585:20-586:18.

    a. Response: DISPUTED. Kwik Lok was notified weeks ago that Schutte Inc. shipped several SCHUTLOK and CLIPPS Series products, including but not limited to SCHUTLOK Series G, B, and K, and CLIPPS Series B and G, to distributor(s) in the United States, as recently as this year. *See* Schutte/Kwik Lok 3804-3810.

28. Schutte Inc.'s president testified that Schutte has only distributed a few promo reels of the CLIPPS G products and that none of the CLIPPS G products distributed were intended for commercial use. McQuillen Decl. ¶6, Ex. E, Abbenhuis Dep. 106:16-24; 110:25-111:11; 317:3-6; 320:2-322:25.

    a. Response: DISPUTED. At the time of Mr. Abbenhuis' deposition(s), this testimony was accurate and truthful. However, as Kwik Lok has been informed weeks ago, Schutte Inc. shipped several SCHUTLOK and CLIPPS Series products, including but not limited to SCHUTLOK Series

        G, B, and K, and CLIPPS Series B and G, to distributor(s) in the United States. *See* Schutte/Kwik Lok 3804-3810. Furthermore, Schutte Inc. objects to this statement as vague and ambiguous as the term "for commercial use" is undefined and Schutte Inc. is thus unable to assess the accuracy of this statement. To the extent these allegations are deemed factual, it is DISPUTED that the intended use of the promotional rolls of bag closures was not "commercial use", because these rolls were advertised and distributed in the U.S. market, which is commercial use.

29. Neither Schutte Inc. nor Schutte B.V. are using their product configurations "in connection with the sale, offering for sale, distribution, or advertising of any goods…" or "in connection with the sale, offering for sale, distribution, or advertising of goods or services." Schutte Mot. To Dismiss Countercl., Dkt. 56, 18.

        a. Response: DISPUTED. The allegations in this paragraph constitute Conclusions of Law to which No Response is Required. To the extent these allegations are deemed factual, it is DISPUTED that Schutte Inc. does not use its product configurations "in connection with the sale, offering for sale, distribution, or advertising of any goods…" or "in connection with the sale, offering for sale, distribution, or advertising of goods and services," Schutte Inc. has advertised its products through its website and on flyers, and has begun distribution to distributor(s) in the US. *See* Schutte/Kwik Lok 3804-3810; Schutte/Kwik Lok 3793-3795; Miller Tr. at 175-181.

30. Neither Schutte Inc. nor Schutte B.V. has sold any of the products identified in Exhibit D of the Amended Complaint in the United States or advertised the products for sale. Schutte Mot. To Dismiss Countercl., Dkt. 56, 16, 21, 22; McQuillen Decl. ¶ 6, Ex. E, Abbenhuis Dep. 281:6-282:17, 585:20-586:18.

   a. Response: DISPUTED. Schutte Inc. has received and shipped several SCHUTLOK and CLIPPS Series products, including but not limited to SCHUTLOK Series G, B, and K, and CLIPPS Series B and G, to distributor(s) in the United States. *See* Schutte/Kwik Lok 3804-3810.

31. With exception to the CLIPPS G-Series Schutte has not marketed or advertised any of the Schutte Products in the United States. Pla. Mot. To Dis. p. 18; Pla. Mot. To Dis. p. 16; Pla. Mot. To Dis. p. 21; Pla. Mot. To Dis. p.22.

   a. Response: DISPUTED. Currently, the clippsamerica.com website advertises and displays the CLIPPS B, BL, G, GL, G Bio, KS, and K Series, and the SCHUTLOK B, G, and K Series. *See* Schutte/Kwik Lok 3793-3795. Kwik Lok advertises Furthermore, Kwik Lok was notified weeks ago that Schutte Inc. has shipped several SCHUTLOK and CLIPPS Series products, including but not limited to SCHUTLOK Series G, B, and K, and CLIPPS Series B and G, to distributor(s) in the United States, as recently as this year. *See* Schutte/Kwik Lok 3804-3810.

32. Schutte Inc. and Schutte B.V. have not used any alleged Kwik Lok mark "in commerce" in the United States. Schutte Mot. to Dismiss Countercl., Dkt. 56, 16, 22.

   a. Response: The allegations in this paragraph constitute Conclusions of Law to which No Response is Required. Schutte Inc. objects to this statement

as vague and ambiguous as the term "in commerce" is undefined and Schutte Inc. is thus unable to assess the accuracy of this statement. To the extent these allegations are deemed factual, it is DISPUTED that Schutte Inc. has not used any alleged Kwik Lok mark "in commerce" in the United States. Schutte Inc. has advertised and distributed its products in the market. *See* Schutte/Kwik Lok 3793-3795; Schutte/Kwik Lok 3804-3810.

33. Schutte Inc. has not designed, manufactured, offered for sale, and/or sold any products in the United States. Ex. E, Abbenhuis Dep. 59-60; Pla. Mot. To Dismiss 2; Pla. Mot. To Dis. 10; Pla. Mot. to Dis. 17.

    a. Response: UNDISPUTED.

34. Schutte Inc. has no employees. McQuillen Decl. ¶ 6, Ex. E, Abbenhuis Dep. 13:23-25; 103:9-11; 117:2-4.

    a. Response: UNDISPUTED.

35. As of January 29, 2014, Schutte Inc. and Schutte B.V. had not taken any steps towards opening a production facility in the United States. McQuillen Decl. ¶6, Ex. E, Abbenhuis Dep. 41:17-20.

    a. Response: UNDISPUTED. However, Schutte Inc. objects to this statement as immaterial to the resolution of plaintiff's motion for partial summary judgment.

36. As of January 29, 2014, Schutte Inc. and Schutte B.V. had no definite plans to open a production facility in the United States. McQuillen Decl. ¶6, Ex. E, Abbenhuis Dep. 41:25-42:3.

      a.  Response: DISPUTED. Schutte Inc. objects to this statement as immaterial to the resolution of Kwik Lok's motion for partial summary judgment.  Schutte Inc. also objects to this statement as it fails show any relevancy to the legal issues in this case. Furthermore, the bag closure clips are shipped from the Netherlands internationally ████ ████████████████████████████████████ Shipments of these containers from the Netherlands to the United States takes no more than two weeks, which eliminates the need for local production facilities in the U.S. Thus, the commercial viability of the business model is very stable, even without U.S. based production facilities. Abb. Decl. ¶ 8.

37.  As of January 29, 2014, Schutte Inc. and Schutte B.V. had not lined up any distributors or agents in the United States. McQuillen Decl. ¶6, Ex. E Abbenhuis Dep. 132:3-6.

      a.  Response: DISPUTED. Schutte Inc. objects to this statement as vague and ambiguous as the term "lined up" is undefined and Schutte Inc. is thus unable to assess the accuracy of this statement. Schutte Inc. has been in touch, and developed business relationships, with a number of distributors, including but not limited to, PRI and Closuretech. Schutte Inc. has also shipped product to a distributor in the United States.  *See* Schutte/Kwik Lok 557-566, Schutte/Kwik Lok 2713-2716.

38.  Schutte has not even established a price for the Schutte Products in the United States. McQuillen Decl. ¶6, Ex. E Abbenhuis Dep. 122:19-123:5.

    a.  Response: DISPUTED.  Schutte Inc. objects to this statement as immaterial to the resolution of Kwik Lok's motion for partial summary judgment. Furthermore, prices for bag closures are constantly adjusted around the world, based on the market; it has only stayed so constant in the U.S. because Kwik Lok has maintained a monopoly over the market for so long. Also, early on in the disclosure process, Schutte Inc. provided Kwik Lok with documents estimating pricing. See Schutte/Kwik Lok 490, 1571. Schutte Inc. has provided Kwik Lok with Schutte/ Kwik Lok 496; Schutte/Kwik Lok 1571.

39.    Schutte has done nothing to introduce the SCHUTLOK products in the United States. McQuillen Decl. ¶6, Ex. E Abbenhuis Dep. 57:8-10.

    a.  Response: DISPUTED.  Schutte Inc. objects to this statement as vague and ambiguous as the term "introduce" is undefined and Schutte Inc. is thus unable to determine the accuracy of this statement. Schutte Inc. has received and shipped several SCHUTLOK and CLIPPS Series products, including but not limited to SCHUTLOK Series G, B, and K, and CLIPPS Series B and G, to distributor(s) in the United States. *See* Schutte/Kwik Lok 3804-3810.

40.    The Clipps K series has not been manufactured. McQuillen Decl. ¶6, Ex. E Abbenhuis Dep. 175:11-14.

    a.  Response: DISPUTED.  Schutte Inc. objects to this statement as immaterial to the resolution of Kwik Lok's motion for partial summary judgment. Schutte Inc. further objects to this statement as ambiguous as

        the term "manufactured" is undefined and Schutte Inc. is thus unable to assess the accuracy of this statement. Nonetheless, the CLIPPS K series has been advertised and can be readily available for distribution in the U.S. upon request. Abb. Decl. ¶ 14.

41. As of January 29, 2014, Wout Abbenhuis had not received any emails at his clippsamerica.com email address. McQuillen Decl. ¶6, Ex. E Abbenhuis Dep. 180:6-8.

    a. Response: DISPUTED. Schutte Inc. objects to this statement as immaterial to the resolution of Kwik Lok's motion for partial summary judgment. Furthermore, since Mr. Abbenhuis consolidates his clippsamerica.com email address with his schutte.nl email address, thus emails regarding CLIPPS would potentially go to the schutte.nl email address. *See* Abb. Tr. at 180.

42. With respect to the SCHUTLOK L series that Schutte sells in Europe, Schutte acknowledged that Schutte has sold "almost none." McQuillen Decl. ¶6, Ex. E Abbenhuis Dep. 406:16-18.

    a. Response: UNDISPUTED.

Dated: June 20, 2014

        Respectfully submitted,

        __/s/ Carl van der Zandt_____
        HAND BALDACHIN & AMBURGEY LLP
        Carl M.R. van der Zandt
        Sherli Yeroushalmi
        8 West 40th Street, 12th Floor
        New York, NY 10018
        Tel: (212) 295-2699
        Fax: (212 376-6080
        cvdzandt@hballp.com
        syeroushalmi@hballp.com
        *Counsel for Plaintiff*