**DUANE MORRIS LLP**
Brian McQuillen
Vanessa C. Hew
1540 Broadway
New York, NY 10036-4086
Tel: (212) 692-1015
Fax: (212) 202-7804

*Attorneys for Defendant and Counterclaim Plaintiff,*
*Kwik Lok Corporation*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCHUTTE BAGCLOSURES INC., <br><br> Plaintiff, <br><br> v. <br><br> KWIK LOK CORPORATION, <br><br> Defendant. | Case No. 12-cv-5541 (JGK) <br> ECF CASE |
| KWIK LOK CORPORATION, <br><br> Counterclaim Plaintiff, <br><br> v. <br><br> SCHUTTE BAGCLOSURES INC. <br> SCHUTTE BAGCLOSURES B.V. <br><br> Counterclaim Defendants. | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF KWIK LOK'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

# **TABLE OF CONTENTS**

| | Page |
|---|---|
| ARGUMENT | 3 |
| I. Schutte Cannot Demonstrate that it Engaged in a Course of Conduct That Brought it into Conflict with Kwik Lok as of the Filing Date of Complaint | 4 |
| II. Schutte Cannot Demonstrate that a Real and Substantial Controversy Existed as of the Filing Date of Complaint | 8 |
| III. Because No Subject Matter Jurisdiction Exists, Schutte's Claims With Respect to the 10 Other Products Must Be Dismissed | 10 |
| CONCLUSION | 11 |

# TABLE OF AUTHORITIES

**Federal Cases**

*Alleyne v. Four Seasons Hotel - N.Y.*, No. 99 Civ. 3432, 2001 U.S. Dist. LEXIS 1503 (S.D.N.Y. Feb. 12, 2001).................................................................................................9

*Bill's Birds Inc. v. Trademarketing Resources Inc.*, 920 F.Supp. 2d 357 (E.D.N.Y. 2013)............3

*Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83 (U.S. 1993).......................................................3

*Certain Underwriters at Lloyd's, London v. St. Joe Minerals Corp.*, 90 F.3d 671 (2d Cir. 1996).............................................................................................................................10

*Conmed Corp. v. ERBE Electromedizin GmbH*, 129 F. Supp. 2d 461 (N.D.N.Y. 2001).................3

*Furminator, Inc. v. Ontel Prods. Corp.*, 246 F.R.D. 579 (E.D. Mo. 2007)......................................9

*Estate of Hamilton v. City of New York*, 627 F.3d 50 (2d Cir. 2010)..............................................7

*Hayes v. New York City Dep't of Corrections*, 84 F.3d 614 (2d Cir. 1996)....................................7

*Indigodental GmbH & Co. KG v. Ivoclar Vivadent, Inc.*, No. 08 Civ. 7657, 2008 U.S. Dist. LEXIS 101785 (S.D.N.Y. Dec. 10, 2008).........................................................................4

*Lee Loi Indus. v. Impact Brokerage Corp.*, 473 F. Supp. 2d 566 (S.D.N.Y. 2007).........................7

*Mancision v. Hyatt Hotel Corp.*, No. 09 Civ. 8295, 2011 U.S. Dist. LEXIS 124061 (S.D.N.Y. Oct. 26, 2011).................................................................................................9

*Organic Seed Growers & Trade Ass'n v. Monsanto*, 851 F. Supp. 2d 544 (S.D.N.Y. 2012)...... 4-5

*Pierre v. North Shore Univ. Hosp.*, No. 08-CV-2246, 2010 U.S. Dist. LEXIS 43963 (E.D.N.Y. Apr. 28, 2010).................................................................................................7

*Sierra Applied Scis., Inc. v. Advanced Energy Indus.*, 363 F.3d 1361 (Fed. Cir. 2004).................4

*Starter Corp. v. Converse Inc.*, No. 95 Civ. 3678, 1996 U.S. Dist. LEXIS 17502 (S.D.N.Y. Nov. 25, 1996).................................................................................................10

*W. Interactive Corp. v. First Data Res., Inc.*, 972 F.2d 1295 (Fed. Cir. 1992)................................3

**State Cases**

*Consol. Cigar Corp. v. Monte Cristi de Tabacos, c.x.a.*, No. 96 Civ. 4209, 2000 U.S. Dist. LEXIS 21017, at *12 (S.D.N.Y. Nov. 14, 2000).................................................................9

*Diamonds.net LLC v. IDEX Online, Ltd*, 590 F. Supp. 2d 593, 598 (S.D.N.Y. 2008)....................3

**Other Authorities**

*N. Am. Airlines*, No. 04 Civ. 9949, 2005 U.S. Dist. LEXIS 4385, at *27 .................................. 3-4

Before addressing Schutte's opposition to Kwik Lok's Motion for Partial Summary Judgment ("Opposition"), it is important to put the present dispute in the proper context. This case is not about a company that has a monopoly attempting to use intellectual-property rights to keep competitors out of the market as Schutte repeatedly states in just about every pleading and brief Schutte has filed. Rather, Kwik Lok is one of many competitors in a large competitive market for bag closure products and this case is about a foreign competitor who wants to enter the U.S. market with a knockoff product intended to look like Kwik Lok closures and be used in Kwik Lok machines, creating confusion in the market and harming Kwik Lok's reputation.

To sell its knockoff product without concern for liability, Schutte decided to engage in a litigation driven strategy designed to force Kwik Lok to assert its intellectual property rights before subjecting itself to any liability. After initiating the action by seeking a declaration of non-infringement and non-dilution with respect to two products (Dkt. 1, Ex. E. (CLIPPS G and GL closures), Schutte filed an amended complaint greatly expanding the declaratory relief it was seeking. (Dkt. 16, Ex. D (showing 11 different Schutte closures)). However, in order to greatly expand the requested declaratory relief, Schutte mislead the Court and Kwik Lok by alleging to have shipped, promoted, and distributed in New York all eleven Schutte bag closure products when discovery has now confirmed Shutte only shipped, promoted and distributed one of its closures. (*See* Dkt. 16, at ¶¶ 74, 99, 103 and 105). As such, Kwik Lok was forced to assert compulsory counterclaims based on false allegations. Apparently, Schutte's litigation strategy was to seek advisory opinions on all possible plastic bag closures it could introduce into the U.S. market and in the process greatly complicate the claims Kwik Lok would have to prove to succeed in defending its trade dress and trademark rights. However, as of the close of discovery, the undisputed evidence shows that Schutte only promoted and distributed one bag closure in the

1

United States-the CLIPPS G-and that is the sole product that should be the subject of this action.[1]

Rather than address its failure to establish jurisdiction for 10 of the 11 products for which it seeks declaratory relief, Schutte attempts to deflect the Court's attention by creating new evidence (a small shipment of closures to the US; and an update to a website) after the close of discovery to attempt to establish jurisdiction. Schutte even accuses Kwik Lok of "withhold[ing] essential information from the Court." (Opp. Br. at 1.) However, this "essential information" is newly manufactured evidence that did not even exist until May 2014 – nearly two years after filing their declaratory judgment action. However, Schutte cannot base subject matter jurisdiction on activities that occurred after the filing of the complaint.

Indeed, Kwik Lok's moving papers provide ample *unrefuted* evidence, including admissions by Mr. Wout Abbenhuis, Schutte BV's director and Schutte Inc.'s president, showing that Schutte had taken *no steps* to introduce or promote any of the Schutte Products (except for the CLIPPS G Series) in the United States before the close of discovery in mid April 2014. The "essential information" that Schutte now attempts to rely on to show it has engaged in conduct to bring it into adversarial conflict with Kwik Lok was created after the close of discovery and after the Court granted Kwik Lok permission to file this summary judgment motion. Summary judgment is further warranted because Schutte has also failed to demonstrate that a real controversy existed at the time of the complaint for 10 of the 11 Schutte Products. .

Moreover, resolution of the declaratory claims of non-infringement and non-dilution with respect to the '043 Registration and the related issues regarding validity of the '043 Registration will provide the parties ample guidance as to how to proceed in the future without the need for litigation. For example, in the unlikely event the court concludes the CLIPPS G series does not

---

[1] For each of the Schutte Products the Court determines Schutte has failed to establish subject matter jurisdiction, Kwik Lok would be willing to dismiss its related Counterclaims without prejudice.

2

infringe or dilute the '043 Registration or the '043 Registration is invalid, Kwik Lok would have to pause and perhaps determine it could not assert other related trademark rights against Schutte's other closures to the extent Schutte actually does market and sell such products in the future. On the other hand, if the CLIPPS G were determined to infringe, Schutte would be provided with the necessary guidance to recognize that it needs to redesign the closures it actually intends to sell in the U S so as not to so closely resemble Kwik Lok closures.

## ARGUMENT

The "burden is on declaratory plaintiff to establish that jurisdiction existed at, and has continued since, the time the complaint was filed." *See Cardinal Chem. Co. v. Morton Int'l*, 508 U.S. 83, 90 (U.S. 1993). In determining whether jurisdiction exists under the Declaratory Judgment Act, the Court analyzes the facts as they existed when the complaint was filed:

> The existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed. This is true of declaratory judgment actions as well.

*N. Am. Airlines*, No. 04 Civ. 9949, 2005 U.S. Dist. LEXIS 4385, at *27; *W. Interactive Corp. v. First Data Res., Inc.*, 972 F.2d 1295, 1297 (Fed. Cir. 1992) (justiciability of declaratory judgment action is determined based on "the facts at the time the complaint is filed"); *Conmed Corp. v. ERBE Electromedizin GmbH*, 129 F. Supp. 2d 461, 464-65 (N.D.N.Y. 2001) ("this court has subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201, only if a case of actual controversy existed between the parties at the time the complaint was filed").

Moreover, where a declaratory-judgment plaintiff attempts to ground jurisdiction on activities involving distinct products, jurisdiction over each product must be independently demonstrated. *See e.g., Bill's Birds Inc. v. Trademarketing Resources Inc.*, 920 F.Supp. 2d 357, 363 (E.D.N.Y. 2013) (analyzing whether there was an actual case or controversy for the declaratory judgment claim based on each of plaintiff's products separately); *Diamonds.net LLC*

3

*v. IDEX Online*, Ltd, 590 F. Supp. 2d 593, 598 (S.D.N.Y. 2008) (analyzing whether there was an actual case or controversy for the declaratory judgment claim based on each version of plaintiff's products separately).

## I. Schutte Cannot Demonstrate that it Engaged in a Course of Conduct That Brought it into Conflict with Kwik Lok as of the Filing Date of Complaint

In support of its opposition to Kwik Lok's Motion for Partial Summary Judgment, Schutte accuses Kwik Lok of "withhold[ing] essential information from the Court" namely that "many other CLIPPS and SCHUTLOK bagclosures were already promoted on Schutte Inc.'s U.S. website and had been shipped to parties in the United States" as of the filing of Kwik Lok's Motion for Partial Summary Judgment.

Unfortunately, Schutte's opposition papers are premised on the same fundamental misconception—namely, that subject matter jurisdiction can be based on acts that occurred after the filing of the complaint. However, subject matter jurisdiction depends on the facts as they existed when the complaint was filed. *N. Am. Airlines,* No. 04 Civ. 9949, 2005 U.S. Dist. LEXIS 4385, at *27; *Indigodental GmbH & Co. KG v. Ivoclar Vivadent, Inc.*, No. 08 Civ. 7657, 2008 U.S. Dist. LEXIS 101785, at *6-*7 (S.D.N.Y. Dec. 10, 2008). The Courts have expressly rejected that subject jurisdiction can be established based on activities that occurred after the filing of the complaint. *Sierra Applied Scis., Inc. v. Advanced Energy Indus.*, 363 F.3d 1361, 1376 (Fed. Cir. 2004) ("Later events may not create jurisdiction where none existed at the time of filing."); *Organic Seed Growers & Trade Ass'n v. Monsanto*, 851 F. Supp. 2d 544, 554, n.7 (S.D.N.Y. 2012) ("Plaintiffs' allegations ... pertain only to conduct after the filing of the initial complaint and, as such, do not bear on our decision, which must be an 'evaluat[ion] [of] whether a controversy existed at the time the original complaint was filed'").

4

Except for the CLIPP G-Series, Schutte cannot demonstrate that the Court possessed subject matter jurisdiction over any of the products at issue in this dispute as of the filing date of the complaint (or even the Second Amended Complaint). Although Schutte now claims that it has taken "significant steps" to introduce the other Schutte Products, all of these steps were taken *long after* the filing of the initial and amended complaints. This fact is confirmed by Schutte's own repeated representations to this Court. In its pending Motion to Dismiss, filed on December 31, 2013, Schutte stated that "[n]either Schutte Inc. nor Schutte BV is using its product configurations 'in connection with the sale, offering for sale, distribution, or advertising of any good' or 'in connection with the sale, offering for sale, distribution, or advertising of goods or services,'" *see* Dkt. 56 at 18, and that "the products were not sold, advertised for sale, or otherwise placed in the stream of commerce." *See* also Dkt. 56, at 22.[2]

Moreover, in Schutte's reply brief on its motion to dismiss, filed less than five months ago, Schutte unequivocally stated that "[d]uring the jurisdictional discovery process, it became clear that the only products Schutte BV ever shipped to Schutte Inc., and that were ever advertised in a very limited way in the U.S., are the CLIPPS G" (*see* Dkt. 68 at 9) and that "all claims based on trademark rights for the 545 configuration should be dismissed as well. Counterclaim Defendants have never shipped, advertised, or distributed any clips, similar to this configuration, in the U.S."[3] *see id.*

The evidentiary record in this case confirms that Schutte made no attempt to introduce in

---

[2] Unsurprisingly, Schutte chose to ignore and not address these statements in its Opposition. No doubt because it lacks any credible explanation for maintaining contradictory positions in two pending motions.

[redacted]

5

the United States 10 of the 11 Schutte Products it now seeks declaratory relief for (other than the CLIPPS G-Series) (hereinafter, the "10 Schutte Products") until almost two years after the filing of the initial complaint and nearly a year after the filing of the seconded amended complaint.



Nor can Schutte demonstrate that it engaged in any marketing, advertising, or distribution activities for any of the 10 other products in the U.S. before May 2014. Although Schutte apparently updated its website in May 2014 to include pictures of some of the 10 Other Productsthe products it just shipped and other closures described as "soon, " as of January 2014, the website *only* showed CLIPPS G series and CLIPPS K series as "coming soon".[6]

---

[4] The CLIPPS B Series referenced in Schutte's opposition papers is not one of the 11 products identified in the Second Amended Complaint and is not the subject of any of Schutte's claims for declaratory relief. (*See* Dkt. 31, Ex. D.)

[5] Contrary to Schutte's post-discovery evidence, the evidence before and during discovery confirms that Schutte had no intent to market or sell any of the SCHUTLOK branded closures in the United States. In March 2012, Schutte decided to phase out the SCHUTLOK closures and replace it with the CLIPPS brand and redesigned closures in the U.S. Moreover, the SCHUTLOK name is not registered before the United States Patent and Trademark Office and Mr. Abbenhuis' declaration is simply wrong on this. *See* McQuillen July 7 Decl., Ex. N.

[6] Because this post-discovery manufactured evidence (shipment of a token quantity of closures and updating of the clippsamerica.com website in May 2014) is the *only* evidence Schutte repeatedly relies on to attempt to create disputed facts regarding the 10 Other Products, Schutte has, in fact, acknowledged there is no evidence that creates a material factual dispute as to many of Kwik Lok's Statement of Undisputed Facts as of the close of discovery. *See*

6

███████████████████████████████████

███████████████████████████████████

███████████████████████████████████

████████████ However, a party cannot create a factual dispute based on its own contradictory testimony. *Pierre v. North Shore Univ. Hosp.*, No. 08-CV-2246, 2010 U.S. Dist. LEXIS 43963, at *31 (E.D.N.Y. Apr. 28, 2010) ("Self contradictions do not create material issues of fact."); *Hayes v. New York City Dep't of Corrections*, 84 F.3d 614, 619 (2d Cir. 1996). Where contradictory testimony is submitted on a motion for summary judgment, the contradictory testimony is to be disregarded. *See Estate of Hamilton v. City of New York*, 627 F.3d 50, 54 (2d Cir. 2010) ("[i]t is well settled in this circuit that a party's affidavit which contradicts his own prior deposition testimony should be disregarded on a motion for summary judgment"); *see also Lee Loi Indus. v. Impact Brokerage Corp.*, 473 F. Supp. 2d 566, 570 (S.D.N.Y. 2007) ███████████████████████████████

███████████████████████████████████

████████ The totality of Schutte's evidence does not establish that Schutte engaged in a

---

Schutte's Responses to Kwik Lok's Statement of Undisputed Facts Nos. 20, 22, 23, 24, 27, 28, 29, 30, 31, 32 and 39.

7 ███████████████████████████████

███████████████████████████ This fact alone is sufficient to conclude Schutte has not taken the requisite preparatory steps to create an actual controversy with respect to these products. ███

███████████████████████████████████

7

course of conduct that brought it into conflict with Kwik Lok prior to the filing date of the complaint or even the second amended complaint with respect to the 10 Other Products. Accordingly, Kwik Lok's motion for summary judgment should be granted.

## II. Schutte Cannot Demonstrate that a Real and Substantial Controversy Existed as of the Filing Date of Complaint

In demonstrating a real or substantial controversy for each of the 11 Schutte Products, Schutte points to: (1) a prior litigation between the parties in the Netherlands; (2) a prior litigation between Kwik Lok and World Manufacturing; and (3) threats allegedly made to Schutte and Schutte's customers. However, none of these alleged threats can support the existence of an actual controversy regarding the Other Products.

In the prior litigation between the parties in the Netherlands, the SCHUTLOK G Series was the only product considered by the Netherlands courts. McQuillen May 23, 2014 Decl., Ex. A. Thus, while Kwik Lok acknowledges that this Court has subject matter jurisdiction to resolve whether the CLIPPS G Series infringes Kwik Lok's '043 Registration given that the CLIPPS G is replacing the SCHUTLOK G Series, the Dutch litigation was not about other SCHUTLOK bag closure products as Schutte now asserts. On the page before the passage relied on by Schutte, Kwik Lok makes clear that the sole issue in the Dutch litigation was the SCHUTLOK G Series:

> 4.8.2. Schutte produces its closures under the designations SCHUTLOK A, B, G, K and L. Unfortunately Kwik Lok does not have illustrations of each of these types of closures; for reason that are not clear, Schutte has screened off its product offer on its website.

McQuillen July 7, 2014 Decl., Ex. O, at KL0005113. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Further, to the extent any comment was made

8

at the meeting in Uden, it could have only related to the SCHUTLOK G Series closure since that was the only Schutte plastic bag closure Mr. Miller was aware of at the time of the meeting. Miller July 3, 2014 Decl. at ¶ 3. Because the statement was made at a settlement conference, the statement is inadmissible and cannot be considered on a motion for a summary judgment. *Consol. Cigar Corp. v. Monte Cristi de Tabacos, c.x.a.*, No. 96 Civ. 4209, 2000 U.S. Dist. LEXIS 21017, at *12 (S.D.N.Y. Nov. 14, 2000) ("Inadmissible testimony cannot create a genuine issue of material fact"). Schutte does not even address the significant policy concerns underlying the inadmissibility of statements made during settlement.

Similarly, Kwik lok's prior litigation against an unrelated third party and purported threats against Schutte's customers should also be disregarded. Schutte attempts to rely on a litigation over 20 years ago - before the '043 and '545 Registrations even issued - involving different rights and a different product, simply cannot establish an actual case or controversy with Schutte regarding the 10 Other Products at issue in this Motion. McQuillen July 7, 2014 Decl., Ex. P; *see also Furminator, Inc. v. Ontel Prods. Corp.*, 246 F.R.D. 579, 590 (E.D. Mo. 2007) (a declaratory judgment "may not expand the scope of [its] case to obtain an advisory declaratory ruling with respect to a product based on a controversy involving another product"). Moreover, with respect to Kwik Lok's alleged oral "threats" to Schutte's customers, not only do these statements constitute inadmissible hearsay, but other than Mr. Abbenhuis self-serving and uncorroborated vague statement, there is absolutely no evidence that such threats were ever made. *Mancision v. Hyatt Hotel Corp.*, No. 09 Civ. 8295, 2011 U.S. Dist. LEXIS 124061, at *14 (S.D.N.Y. Oct. 26, 2011) ("Inadmissible hearsay cannot raise an issue of fact sufficient to defeat a motion for summary judgment"); *Alleyne v. Four Seasons Hotel - N.Y.*, No. 99 Civ. 3432, 2001 U.S. Dist. LEXIS 1503, at *36 (S.D.N.Y. Feb. 12, 2001).

9

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████ █

Finally, Schutte argues that Kwik Lok's assertion of counterclaims can cure the deficiencies in its complaint regarding lack of subject matter jurisdiction under the Declaratory Judgment Act. However, this is not the case. Subject matter jurisdiction must exist at the time of the filing of the Complaint and must be demonstrated by the plaintiff. Accordingly, plaintiff should not be able to rely on Defendant's latter-filed compulsory counterclaims to demonstrate that this Court has subject matter jurisdiction over the litigation. Moreover, because the counterclaims were compulsory,[8] they are dependent on Plaintiff's claims and cannot be used as the assertion for an independent basis of jurisdiction—much less as basis for Plaintiff's claims.

## III. Because No Subject Matter Jurisdiction Exists, Schutte's Claims With Respect to the 10 Other Products Must Be Dismissed

Based on the foregoing, Schutte cannot demonstrate that subject matter jurisdiction under the Declaratory Judgment Act exists for the 10 Other Products. Recognizing the deficencies in its pleadings, Schutte attempts to argue that as a matter of equity, this Court should exercise its discretion and find subject matter jurisdiction because it would serve a "useful and necessary purpose in settling the legal issues involved and would finalize the controversy between Schutte Inc. and Kwik Lok." However, this argument is unavailing. *Certain Underwriters at Lloyd's, London v. St. Joe Minerals Corp.*, 90 F.3d 671, 675 (2d Cir. 1996) ("Either there is an actual controversy or there is not. If there is not, there is no discretionary action that a court can take").

---

[8] *See Starter Corp. v. Converse Inc.*, No. 95 Civ. 3678, 1996 U.S. Dist. LEXIS 17502, at *1 and *17 (S.D.N.Y. Nov. 25, 1996) (conceding that counterclaims, including claims for trademark dilution under state and federal law are compulsory counterclaims to an action seeking a declaratory judgment of non-infringement and non-dilution).

## **CONCLUSION**

For the foregoing reasons, Kwik Lok's Motion for Summary Judgment should be granted.

Dated this 7th day of July, 2014.

                        Respectfully submitted,

                        DUANE MORRIS LLP
                        Brian McQuillen
                        Vanessa C. Hew
                        1540 Broadway
                        New York, NY 10036-4086
                        Tel: (212) 692-1015
                        Fax: (212) 202-7804

                        *Attorneys for Defendant and Counterclaim Plaintiff,*
                        *Kwik Lok Corporation*