**HAND BALDACHIN & AMBURGEY LLP**
Carl M.R. van der Zandt
Sherli Yeroushalmi
8 West 40th Street, 12th Floor
New York, NY 10018
Tel:  (212) 295-2699
Fax: (212 376-6080
cvdzandt@hballp.com
syeroushalmi@hballp.com
*Counsel for Plaintiff and Counterclaim Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| SCHUTTE BAGCLOSURES INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| KWIK LOK CORPORATION, ) | |
| ) | |
| Defendant ) | |
| _____) | Case No. 12-cv-5541 (JGK) |
| ) | |
| KWIK LOK CORPORATION, ) | |
| ) | |
| Counterclaim Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| SCHUTTE BAGCLOSURES INC., and ) | |
| SCHUTTE BAGCLOSURES B.V., ) | |
| ) | |
| Counterclaim Defendants ) | |
| _____) | |

**ANSWER OF COUNTERCLAIM-DEFENDANTS SCHUTTE BAGCLOSURES INC. AND SCHUTTE BAGCLOSURES B.V.'S TO THE COUNTERCLAIMS OF KWIK LOK CORPORATION**

In response to the averments of the counterclaims ("Counterclaims") of Defendant Kwik

Lok Corporation ("Kwik Lok"), Counterclaim Defendants Schutte Bagclosures Inc. ("Schutte

Inc.") and Schutte Bagclosures B.V. ("Schutte B.V.") (collectively, "Counterclaim Defendants"), by and through their attorneys, aver as follows, based upon personal knowledge as to their own actions and upon information and belief as to the actions and intent of others.

## SUBSTANCE OF THE ACTION

1.   Counterclaim Defendants deny any wrongful conduct and allegations set forth in paragraph 1 of the Counterclaims.

## THE PARTIES

2.   Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2 of the Counterclaims, and therefore, deny the same.

3.   Counterclaim Defendants admit that Schutte Bagclosures Inc. is a New York corporation with a principal place of business at 248 East 45th Street, Suite 9E, New York, New York 10017.

4.   Counterclaim Defendants admit that Schutte Bagclosures B.V. is a Netherlands corporation with a principal place of business at Brouwerstraat 8, 5405 BK, Uden, The Netherlands.

## JURISDICTION AND VENUE

5.   Counterclaim Defendants admit that this Court has original and subject matter jurisdiction over this action.

6.   Schutte Inc. admit that venue is proper pursuant to 28 U.S.C. § 1391(b) for Schutte Inc..  Schutte B.V. lacks the knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Counterclaims relating to Schutte Inc., and therefore, denies the same. Schutte B.V. denies that venue is proper pursuant to 28 U.S.C. §

1391(c) for Schutte B.V.. Schutte Inc. lacks the knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 6 of the Counterclaims related to Schutte B.V., and therefore, denies the same

7.  Schutte Inc. admits that jurisdiction is proper because Schutte Inc. resides in this District. Schutte B.V. lacks the knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 7 of the Counterclaims relating to Schutte Inc., and therefore, denies the same.

8.  Schutte Inc. denies any wrongful conduct and allegations as set for the in paragraph 8 of the Counterclaims. Schutte B.V. lacks the knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Counterclaims relating to Schutte Inc., and therefore, denies the same. Schutte B.V. denies any wrongful conduct and allegations as set for the in paragraph 8 of the Counterclaims. Schutte Inc. lacks the knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 8 of the Counterclaims relating to Schutte B.V., and therefore, denies the same.

9.  Counterclaim Defendants state that the Court's Order in *Schutte Bagclosures Inc. v. Kwik Lok Corporation*, Dkt. No. 128 (S.D.N.Y. Sept. 30, 2014) speaks for itself.

10.  Schutte Inc. admits that the U.S. Trademark Registration No. 4,177,695 is used in the United States in connection with the bag closure products identified in Exhibit C to the Third Amended Complaint. Schutte B.V. lacks the knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 10 of the Counterclaims, and therefore, denies the same.

11.  Counterclaim Defendants deny any allegations set forth in paragraph 11 of the Counterclaims.

12.     Schutte Inc. admits that Schutte Inc. engaged in activities directed at the New York market, and the Schutte group of companies made significant investments of time and money into the marketing and distribution of Schutte Inc.'s bag closure products in New York, including in the areas of design, innovation, marketing, market research, operations management, corporate structuring, tax planning, and other activities. Schutte B.V. lacks the knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12 of the Counterclaims relating to Schutte Inc., and therefore, denies the same. Schutte B.V. denies any wrongful conduct and allegations as set forth in paragraph 12 as related to Schutte B.V.. Schutte Inc. lacks the knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 12 of the Counterclaims relating to Schutte B.V., and therefore, denies the same. Furthermore, Counterclaim Defendants deny that Schutte B.V. is the corporate parent to Schutte Inc..

13.     Schutte Inc admits that Schutte Inc. has had substantial contracts with the State of New York to be subject to personal jurisdiction in this State. Schutte B.V. lacks the knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 13 of the Counterclaims relating to Schutte Inc., and therefore, denies the same.  Schutte B.V. denies any wrongful conduct and allegations as set forth in paragraph 13 as related to Schutte B.V.. Schutte Inc. lacks the knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 13 of the Counterclaims relating to Schutte B.V., and therefore, denies the same. Counterclaim Defendants state that the Court Order in *Schutte Bagclosures Inc. v. Kwik Lok*, Dkt. No. 128, slip op. at 20 (S.D.N.Y. Sept. 30, 2014) speaks for itself.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Kwik Lok's Business

14. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 14 of the Counterclaims, and therefore, deny the same. Furthermore, Counterclaim Defendants do not know the meaning of the undefined term "distinctive KWIK LOK® trade dress", and therefore, deny all allegations related thereto.

15. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 15 of the Counterclaims. Furthermore, Counterclaim Defendants do not know the meaning of the undefined terms "distinctive KWIK LOK® trade dress" and "KWIK LOK® product configuration", and therefore, deny all allegations related thereto.

### B. Kwik Lok's Registered Trade Dress Rights

16. Counterclaim Defendants admit that Kwik Lok is the owner of the Federal Trademark Registration No. 1,972,043 on the Principal Register of the United States Patent and Trademark Office. Counterclaim Defendants deny the remaining allegations set forth in paragraph 16 of the Counterclaims.

17. Counterclaim Defendants deny the allegations set forth in paragraph 17 of the Counterclaims. Furthermore, paragraph 21 of the Counterclaims states a legal conclusion, and therefore, Counterclaim Defendants deny the same.

18. Counterclaim Defendants deny the allegations set forth in paragraph 18 of the Counterclaims.

19. Counterclaim Defendants deny the allegations set forth in paragraph 19 of the Counterclaims.

20. Counterclaim Defendants deny the allegations set forth in paragraph 20 of the Counterclaims.

21. Counterclaim Defendants deny the allegations set forth in paragraph 21 of the Counterclaims. Furthermore, paragraph 21 of the Counterclaims states a legal conclusion, and therefore, Counterclaim Defendants deny the same.

22. Counterclaim Defendants deny the allegations set forth in paragraph 22 of the Counterclaims.

23. Counterclaim Defendants deny the allegations set forth in paragraph 23 of the Counterclaims.

24. Counterclaim Defendants deny the allegations set forth in paragraph 24 of the Counterclaims. Furthermore, Counterclaim Defendants state the images of the bag closures described in paragraph 24 of the Counterclaims speak for themselves.

**C. Kwik Lok's Unregistered Trade Dress Rights**

25. Counterclaim Defendants deny that Kwik Lok has protectable common law trade dress rights in the unregistered distinctive product configuration, identified as the Beveled and Notched KWIK LOK Product Configuration.

26. Counterclaim Defendants deny the allegations set forth in paragraph 26 of the Counterclaims.

27. Counterclaim Defendants state the images of the bag closures described and referenced in paragraph 27 of the Counterclaim speak for themselves.

28. Counterclaim Defendants deny the allegations set forth in paragraph 28 of the Counterclaims.

29. Counterclaim Defendants deny the allegations set forth in paragraph 29 of the Counterclaims. Furthermore, paragraph 29 of the Counterclaims states a legal conclusion, and therefore, Counterclaim Defendants deny the same.

30. Counterclaim Defendants deny the allegations set forth in paragraph 30 of the Counterclaims.

31. Counterclaim Defendants deny the allegations set forth in paragraph 31 of the Counterclaims. Furthermore, paragraph 31 of the Counterclaims states a legal conclusion, and therefore, Counterclaim Defendants deny the same.

32. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 32 of the Counterclaims, and therefore, deny the same. Furthermore, Counterclaim Defendants do not know the meaning of the undefined term "successful and famous KWIK LOK®- brand of bag closure products", and therefore, deny all allegations related thereto.

33. Counterclaim Defendants admit that Kwik Lok maintains a website at the domain name address www.kwiklok.com. Counterclaim Defendants admit that Kwik Lok advertises and promotes its products, but dispute any advertisement or promotion of the KWIK LOK Product Configuration. Furthermore, Counterclaim Defendants do not know the meaning of the undefined term "KWIK LOK-brand products" and therefore, deny all allegations related thereto.

34. Paragraph 34 of the Counterclaims states a legal conclusion, and therefore, Counterclaim Defendants deny the same. Furthermore, Counterclaim Defendants deny the remaining allegations set forth in paragraph 34 of the Counterclaims.

35. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 35 of the Counterclaims, and therefore, deny the same.

**D. Schutte's Violation of Kwik Lok's Intellectual Property and Unfair Competition**

36. Schutte Inc. admits that it is entering the plastic bag closure market in the United States. Schutte Inc. denies the remaining allegations set forth in paragraph 36 of the Counterclaims. Schutte B.V. lacks the knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 36 of the Counterclaims, and therefore, denies the same.

37. Schutte Inc. denies any wrongful conduct and allegations as set forth in paragraph 37 of the Counterclaims relating to Schutte Inc. Schutte B.V. lacks the knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 37 of the Counterclaims relating to Schutte Inc. and therefore, denies the same. Schutte B.V. denies any wrongful conduct and allegations as set forth in paragraph 37 of the Counterclaims relating to Schutte B.V.. Schutte Inc. lacks the knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 37 of the Counterclaims relating to Schutte B.V., and therefore, denies the same.

38. Schutte Inc. admits that it markets, distributes, and intends to sell bag closure products referred to as the Clipps G-Series, and other Clipps bag closure products. Schutte B.V. admits that it manufactures the bag closure products referred to the as the Clipps G-Series, and other Clipps bag closure products. Furthermore, Counterclaim Defendants deny any wrongful conduct and allegations as set forth in the remainder of paragraph 38 of the Counterclaims.

39. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 39 of the Counterclaims.

40. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 40 of the Counterclaims.

41. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 41 of the Counterclaims.

42. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 42 of the Counterclaims.

43. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 43 of the Counterclaims.

44. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 44 of the Counterclaims.

45. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 45 of the Counterclaims.

46. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 46 of the Counterclaims.

47. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 47 of the Counterclaims.

**FIRST CLAIM FOR RELIEF**
**FEDERAL TRADE DRESS INFRINGEMENT (15 U.S.C. § 1114(1))**

48. Counterclaim Defendants incorporate by reference their answers to paragraphs 1 through 47 as if fully set forth and realigned herein.

49. Counterclaim Defendants deny the claims made in paragraph 49 of the Counterclaims.

50. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 50 of the Counterclaims, and therefore, deny the same.

51. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 51 of the Counterclaims.

52. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 52 of the Counterclaims. Furthermore, Counterclaim Defendants admit that Kwik Lok purports to request the relief described in paragraph 52 of the Counterclaims, but deny such relief is appropriate.

## SECOND CLAIM FOR RELIEF
## FEDERAL TRADE DRESS UNFAIR COMPETITION (15 U.S.C. § 1125(a))

53. Counterclaim Defendants incorporate by reference their answers to paragraphs 1 through 52 as if fully set forth and realigned herein.

54. Counterclaim Defendants dispute the claims made in paragraph 54 of the Counterclaims.

55. Counterclaim Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 55 of the Counterclaims, and therefore, deny the same. Furthermore, paragraph 55 of the Counterclaims states a legal conclusion, and therefore, Counterclaim Defendants deny the same.

56. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 56 of the Counterclaims.

57. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 57 of the Counterclaims.

58.     Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 58 of the Counterclaims. Furthermore, Counterclaim Defendants admit that Kwik Lok purports to request the relief described in paragraph 58 of the Counterclaims, but deny such relief is appropriate.

**THIRD CLAIM FOR RELIEF**
**FEDERAL TRADE DRESS DILUTION (15 U.S.C. § 1125(c)(1))**

59.     Counterclaim Defendants incorporate by reference their answers to paragraphs 1 through 58 as if fully set forth and realigned herein.

60.     Counterclaim Defendants dispute the claims made in paragraph 60 of the Counterclaims.

61.     Counterclaim Defendants dispute the claim made in paragraph 61 of the Counterclaims.

62.     Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 62 of the Counterclaims.

63.     Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 63 of the Counterclaims.

64.     Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 64 of the Counterclaims. Furthermore, paragraph 64 of the Counterclaims states a legal conclusion, and therefore, Counterclaim Defendants deny the same. Counterclaim Defendants admit that Kwik Lok purports to request the relief described in paragraph 64 of the Counterclaims, but deny such relief is appropriate.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

65. Counterclaim Defendants incorporate by reference their answers to paragraphs 1 through 64 as if fully set forth and realigned herein.

66. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 66 of the Counterclaims.

67. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 67 of the Counterclaims.

68. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 68 of the Counterclaims. Furthermore, Counterclaim Defendants admit that Kwik Lok purports to request the relief described in paragraph 68 of the Counterclaims, but deny such relief is appropriate.

## FIFTH CLAIM FOR RELIEF
## DILUTION AND INJURY TO BUSINESS REPUTATION
## (N.Y. General Business law § 360-1)

69. Counterclaim Defendants incorporate by reference their answers to paragraphs 1 through 68 as if fully set forth and realigned herein.

70. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 70 of the Counterclaims.

71. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in paragraph 71 of the Counterclaims.

72. Counterclaim Defendants admit they do not own a U.S. trademark registration for a product configuration. Counterclaim Defendants deny any wrongful conduct and allegations as set forth in the remainder of paragraph 72 of the Counterclaims.

73. Counterclaim Defendants admit that Kwik Lok purports to request the relief described in paragraph 73 of the Counterclaims, but deny such relief is appropriate.

74. Counterclaim Defendants admit that Kwik Lok purports to request the relief described in paragraph 74 of the Counterclaims, but deny such relief is appropriate.

## PRAYER FOR RELIEF

Counterclaim Defendants deny that Kwik Lok is entitled to any of its paragraphs (1) through (10) of its prayer for relief.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to Kwik Lok's Counterclaims, Counterclaim Defendants state as follows:

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The requested relief is barred by the doctrine of unclean hands.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The requested relief is barred because Plaintiff has not suffered any damages.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The requested relief is barred because it would result in unjust enrichment to Kwik Lok.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The requested relief is barred because Kwik Lok fails to state a claim upon which relief can be granted under the law.

DATED:   New York, New York
November 11, 2014

Respectfully submitted,

_____
**HAND BALDACHIN & AMBURGEY LLP**
Carl M.R. van der Zandt
Sherli Yeroushalmi
8 West 40th Street, 12th Floor
New York, NY 10018
Tel: (212) 295-2699
Fax: (212 376-6080
cvdzandt@hballp.com
syeroushalmi@hballp.com

*Counsel for Plaintiff and Counterclaim Defendants Schutte Bagclosures Inc. and Schutte Bagclosures B.V.*