**DUANE MORRIS LLP**
Brian McQuillen
Vanessa C. Hew
1540 Broadway
New York, NY 10036-4086
Tel: (212) 692-1015
Fax: (212) 202-7804

*Attorneys for Defendant and Counterclaim Plaintiff,*
*Kwik Lok Corporation*


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SCHUTTE BAGCLOSURES INC., | ) | Case No. 12-cv-5541 (JGK) |
| | ) | ECF CASE |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KWIK LOK CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| KWIK LOK CORPORATION, | ) | |
| | ) | |
| Counterclaim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCHUTTE BAGCLOSURES INC. | ) | |
| SCHUTTE BAGCLOSURES B.V. | ) | |
| | ) | |
| Counterclaim Defendants. | ) | |


**MEMORANDUM OF LAW IN OPPOSITION TO SCHUTTE'S**
**MOTION FOR RECONSIDERATION AND REVISION**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................1

I.      ARGUMENT ..............................................................................................2

        A.      Legal Standard for Reconsideration....................................................... 2

II.     RECONSIDERATION OF THE COURT'S RULING REGARDING THE
        PROTECTABILITY OF KWIK LOK'S TRADE DRESS IS UNWARRANTED ...........4

        A.      The Court Properly Considered the Controlling Law............................. 4

        B.      The Court Properly Found the '043 Registration Protectable ................ 7

        C.      The Court Properly Found the Unregistered Trade Dress Protectable .................. 9

III.    RECONSIDERATION OF THE COURT'S RULING ON THE ISSUE OF
        ABANDONMENT IS UNWARRANTED .......................................................10

IV.     SCHUTTE HAS FAILED TO DEMONSTRATE ANY CIRCUMSTANCES
        WARRANTING REVISION OF THE COURT'S FINDINGS OF UNDISPUTED
        FACTS ..................................................................................................14

V.      THE COURT PROPERLY RELIED ON HAL MILLER'S TESTIMONY IN
        FINDING THAT A SUFFICIENT ISSUE OF MATERIAL FACT EXISTED ...............16

VI.     THE DECLARATION OF CARL VAN DER ZANDT SHOULD BE
        STRICKEN ..............................................................................................18

VII.    SCHUTTE'S MOTION FOR RECONSIDERATION IS FRIVOLOUS.........................19

CONCLUSION ..................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**Federal Cases**

*Ameritrust Co. Nat'l Ass'n v. Dew,* 151 F.R.D. 237 (S.D.N.Y. 1993) ..............................3

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36 (2d Cir. 2012).........................3, 11

*In re Bear Stearns Cos., Sec., Derivative, & ERISA Litig.*, No. 08 MDL 1963, 2011 U.S. Dist. LEXIS 103038 (S.D.N.Y. Sept. 6, 2011).....................................................14-15

*Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277 (2d Cir. 2011) ............................2

*City of New York v. Golden Feather Smoke Shop, Inc.,* No. 08-cv-03966, 2013 U.S. Dist. LEXIS 47037 (E.D.N.Y. Mar. 29, 2013)...............................................18

*Cobalt Multifamily Investors I, LLC v. Shapiro*, 2014 U.S. Dist. LEXIS 150028 (S.D.N.Y. Oct. 21, 2014) .........................................................................2

*Consol. Gold Fields, PLC v. AgloAm. Corp. of South Africa,* 713 F. Supp. 1457 (S.D.N.Y. 1989).............................................................................3

*Crawford-El v. Britton*, 523 U.S. 574 (1998) ...........................................................17

*Dawn Donut Co. v. Hart Food Stores, Inc.*, 267 F.2d 358 (2d Cir. 1959) .........................10-12

*Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712 (2d Cir. 2010) .........................17

*Fogel v. Chestnutt*, 668 F.2d 100 (2d Cir. 1981) .........................................................4

*Fun-Damental Too v. Gemmy Indus. Corp.*, 111 F.3d 993 (2d Cir. 1997)...................................9

*Gordon v. Rite Aid Corp.*, No. 09 Civ. 7665, 2012 U.S. Dist. LEXIS 54071, (S.D.N.Y. Mar. 9, 2012).............................................................................17

*In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613 (S.D.N.Y. 2000) .......................1-2

*Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257 (2d Cir. 2005) .... 17-18

*Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996 (2d Cir. 1995)................................Passim

*Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373 (2d Cir. 1997)................Passim

*McCullough v. Wyandanch Union Free Sch. Dist.*, 187 F.3d 272 (2d Cir. 1999).......................17

*Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP,* 322 F.3d 147 (2d Cir. 2003)...........................................................................2

*In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383 (S.D.N.Y. 2011) .........................................1, 4, 12

*Paco Sport, Ltd. v. Paco Rabanne Parfums*, 86 F. Supp. 2d 305 (S.D.N.Y. 2000)........................8

*Panchishak v. U.S. Dep't of Homeland Sec.*, No. 08 Civ. 6448 (WHP), 2010 U.S. Dist. LEXIS 123605 (S.D.N.Y. Nov. 22, 2010)...................................................4

*Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*, No. 06-12967, 2008 U.S. Dist. LEXIS 45907 (S.D.N.Y. June 12, 2008)...................................................4

*Park 'N Fly*, 469 U.S. at 205 ...........................................................8

*Patsy's Italian Rest., Inc. v. Banas*, 658 F.3d 254 (2d Cir. 2011)...................................13

*Pegoraro v. Marrero,* No. 10 Civ. 51(AJN) (KNF), 2012 U.S. Dist. LEXIS 107798, (S.D.N.Y. Aug 1, 2012)...........................................................19

*Polsby v. St. Martin's Press, Inc.*, No. 97-690 (MBM), 2000 U.S. Dist. LEXIS 596 (S.D.N.Y. Jan. 18, 2000)...........................................................3

*Precision Stone, Inc. v. Arch Ins. Co.*, No. 04 Civ. 9996, 2007 U.S. Dist. LEXIS 49274 (S.D.N.Y. June 22, 2007)...........................................................14

*Procter & Gamble Co. v. Quality King Distributors, Inc.,* 123 F. Supp. 2d 108 (E.D.N.Y. 2000) ........................................................... 10, 12-13

*Rafter v. Liddle*, 288 Fed. App'x 768 (2d Cir. 2008)...................................................1

*Ramasamy v. Essar Global Ltd.*, No. 11 Civ. 3912, 2012 U.S. Dist. LEXIS 67734 (S.D.N.Y. May 8, 2012)...........................................................18

*Rule v. Brine. Inc.*, 85 F.3d 1002 (2d Cir. 1996) ...........................................16

*Schoolcraft v. City of New York,* 298 F.R.D. 134 (S.D.N.Y. 2014)..........................................3, 11

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995) ...................................3, 11-13

*Singer Co. B.V. v. Groz-Beckert KG*, No. 01 Civ. 0165 (WHP), 2002 U.S. Dist. Lexis 17069 (S.D.N.Y. Sept. 12, 2002)...........................................................3

*Sogeti, U.S.A., L.L.C. v. Whirlwind Bldg. Sys.*, 496 F. Supp. 2d 380 (S.D.N.Y. 2007)................14

*System Mgmt. Arts, Inc. v. Avesta Techs*, Inc., 106 F. Supp. 2d 519, 520-521 (S.D.N.Y. 2000) ...........................................................18

**Rules**

Fed. R. Civ. P. 52.................................................................................................................14

Local Rule 6.3................................................................................................... Passim

Kwik Lok respectfully submits this memorandum of law in opposition to the motion of Plaintiff Schutte Bagclosures Inc. ("Schutte") for reconsideration and revision of this Court's Memorandum and Order dated September 29, 2014 (Dkt. 128, the "Order") and in support of Kwik Lok's motion to strike the Declaration of Carl van der Zandt in Support of Schutte's Motion for Reconsideration and Revision and accompanying exhibits.

## PRELIMINARY STATEMENT

Motions for reconsideration "are not vehicles for taking a second bite at the apple," *see Rafter v. Liddle*, 288 Fed. App'x 768, 769 (2d Cir. 2008) (citation omitted).  Motions for reconsideration are, indeed, not intended as an opportunity "to reargue those issues already considered when a party does not like the way the original motion was resolved."  *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011).

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).  Generally, reconsideration is appropriate only where there is a change of controlling law, newly available evidence,  clear error or the need prevent manifest injustice.  Moreover, in this district, the standard for reconsideration is even more stringent and must be strictly applied.  Indeed, reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked which may reasonably be expected to alter the court's conclusion.

Despite the overwhelming and incontrovertible case law, Schutte nonetheless attempts to circumvent this law by bringing its Motion for Reconsideration based on nothing more than its dissatisfaction with the Court's Order in denying its motion for summary judgment.  Brought under the guise that the Court failed to consider certain controlling decisions and/or facts, Schutte Motion for Reconsiders eschews any real discussion or analysis of these cases and/or

evidence, and instead merely uses these arguments as a vehicle to rehash its prior arguments in support of its summary judgment motion.  Unfortunately for Schutte, no matter how many times it reframes these same arguments, they are deficient and, thus, can be no more successful today than when they were first presented.  Finally, none of these arguments constitute permissible grounds upon which reconsideration may be granted.  Accordingly, Schutte's Motion for Reconsideration should be denied.

## I.  <u>ARGUMENT</u>

### A.  Legal Standard for Reconsideration

Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d at 614.  Because "there is a strong presumption against amendment of prior orders," *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 288 (2d Cir. 2011), a movant seeking reconsideration bears a substantial burden to demonstrate that reconsideration is warranted and that the limited circumstances justifying reconsideration are present.

Reconsideration is appropriate <u>only</u> where there is an intervening change of controlling law, newly available evidence, or the need to correct a clear error or prevent manifest injustice. *See Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003)(emphasis added); *Cobalt Multifamily Investors I, LLC v. Shapiro*, 2014 U.S. Dist. LEXIS 150028, at *15 (S.D.N.Y. Oct. 21, 2014) ("a motion for reconsideration should be granted only where 'the moving party can point to controlling decisions or data that the court overlooked,' or where necessary to 'correct a clear error or prevent manifest injustice'")(citations omitted).

Reconsideration is further restricted by the Southern District of New York Local Rule 6.3 ("Local Rule 6.3").  Under Local Rule 6.3, to be entitled to reconsideration the movant "**must**

demonstrate that the Court overlooked controlling decisions or factual matters that were put before the Court on the underlying motion." See *Ameritrust Co. Nat'l Ass'n v. Dew,* 151 F.R.D. 237, 238 (S.D.N.Y. 1993) (emphasis added); *Consol. Gold Fields, PLC v. AgloAm. Corp. of South Africa,* 713 F. Supp. 1457, 1476 (S.D.N.Y. 1989); *Singer Co. B.V. v. Groz-Beckert KG,* No. 01 Civ. 0165 (WHP), 2002 U.S. Dist. Lexis 17069, at *4 (S.D.N.Y. Sept. 12, 2002).  The Second Circuit has held that Local Rule 6.3 must be narrowly construed and strictly applied— and thus that absent evidence that the Court overlooked controlling decisions or data, reconsideration must be denied:

> The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("[T]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked."); *Schoolcraft v. City of New York,* 298 F.R.D. 134, 137 (S.D.N.Y. 2014) ("a court must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues").

Reconsideration is thus strictly confined to matters that were overlooked "to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'" *Polsby v. St. Martin's Press, Inc.*, No. 97-690 (MBM), 2000 U.S. Dist. LEXIS 596, at *2-*3 (S.D.N.Y. Jan. 18, 2000) (citation omitted).

Thus, it "is not an invitation for parties to 'treat the court's initial decision as the opening of a dialogue . . . to advance new theories or produce new evidence in response to the court's

rulings.'" *Panchishak v. U.S. Dep't of Homeland Sec.*, No. 08 Civ. 6448 (WHP), 2010 U.S. Dist. LEXIS 123605, at *2 (S.D.N.Y. Nov. 22, 2010). Nor is it "an opportunity to renew arguments that the court considered and rejected, nor is it a chance for a party to re-argue a motion because it is dissatisfied with the original outcome." *Panther Partners, Inc. v. Ikanos Commc'ns, Inc.*, No. 06-12967, 2008 U.S. Dist. LEXIS 45907, at *4 (S.D.N.Y. June 12, 2008); *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011) (a motion for reconsideration is not a motion "to reargue those issues already considered when a party does not like the way the original motion was resolved"). Indeed, the Second Circuit has explicitly instructed:

> it is not enough . . . that defendants could now make a more persuasive argument . . . . The law of the case will be disregarded only when the court has a clear conviction of error with respect to a point of law on which its previous decision was predicated.

*Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981) (citation omitted).

## II.   Reconsideration of the Court's Ruling Regarding the Protectability of Kwik Lok's Trade Dress Is Unwarranted

### A.   The Court Properly Considered the Controlling Law

Despite this overwhelming case law, Schutte nonetheless attempts to take its second bite of the apple by recycling its prior arguments under the guise that the Court failed to consider controlling Second Circuit precedent set forth in *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996 (2d Cir. 1995) and *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373 (2d Cir. 1997) in its Order.[1] However, this ruse soon falters because these cases bear no actual relevance

---

[1] Based on the arguments set forth in Schutte's Motion for Reconsideration, it is our understanding that Schutte is not seeking reconsideration of the Court's ruling regarding the protectability of Kwik Lok's registered and unregistered trade dress on the grounds that the Court overlooked evidence in the record. However, in the event that Schutte advances such an argument in its reply papers, Kwik Lok reserves the right to respond to such arguments in a sur-reply.

4

to the arguments set forth in Schutte's Motion for Reconsideration.  Indeed, Schutte's Motion for Reconsideration references these cases only nominally at best and Schutte's limited discussion of these cases misconstrues their holdings entirely.

Indeed, Schutte argues that reconsideration of the Court's Order is warranted because the Court overlooked "the primary argument supporting Schutte Inc.'s motion for summary judgment" by failing to "first determine whether, in the context of how the bagclosures at issue are marketed and sold, the claimed trade dress could have served primarily as an identifier of source."  *See* Mot. for Recons. p. 2. In support of Schutte's argument that the Court overlooked the controlling precedent set forth in *Knitwaves* and *Landscape Forms*, Schutte provides the following analysis of these cases:

> The first question for this Court, and the question addressed in the heart of Schutte Inc.'s moving papers, is whether purchasers would perceive any of the various product configurations as a design that "identifies goods or services produced or sponsored" by Kwik Lok. *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1008 (2d Cir. 1995). This analysis will "always require a look at the product and the market in which it competes" and the Act must be "construed in the light of a strong federal policy in favor of vigorously competitive markets." *Landscape Forms, Inc.*, 113 F.3d 373, 379 (2d Cir. 1997).  Concerns about limiting competition are especially acute in trade dress cases because "granting trade dress protection to an ordinary product design would create a monopoly in the goods themselves." Id. at 380.

*See* Mot. for Recons. p. 4.  Indeed, despite the fact that its Motion for Reconsideration is entirely predicated on the purportedly overlooked controlling law set forth in *Knitwaves* and *Landscape Forms*, Schutte's entire analysis/discussion of this controlling law is limited to this short paragraph.

While Schutte correctly notes that analysis of trade dress protection "require[s] a look at the product and the market in which it competes,"  Schutte misinterprets this proposition by focusing entirely on this one isolated phrase and ignoring the rest of the Second Circuit's decision.  Relying solely on this limited support, Schutte concludes that both *Knitwaves* and

5

*Landscape Forms* hold that in determining trade dress protection, the Court must examine the manner and circumstances in which the products are marketed and sold—such as the sophistication of the relevant consuming public and the use of the parties' respective house marks, et al.  *See* Mot. for Recons. p. 5-6.  However, other than citing to general statements regarding the public policy favoring fair competition, Schutte provides no actual support for its proposition that the manner and circumstances in which products are sold are relevant to trade dress protection.  Indeed, neither *Knitwaves*, nor *Landscape Forms*, provides any support for this proposition—which, rather unfortunately for Schutte, erroneously conflates the standard for trade dress protection with the standard for likelihood of confusion.

While the Second Circuit has recognized that the product and the market in which it competes are relevant to trade dress protection, this inquiry does not concern the manner and circumstances in which the products are sold. Rather, the Court's inquiry focuses on whether the claimed trade dress is sufficiently distinctive within the market such that consumers are likely to perceive the design as a source indicator.  This was confirmed by the Second Circuit in *Landscape Forms.*  In *Landscape Forms,* the Second Circuit explicitly instructed that the following factors may be used "to assess whether a design is 'likely to be perceived as a source indicator'":

> whether [the design] was a "common" basic shape or design, whether it was unique or unusual in a particular field, [or] whether it was a mere refinement of a commonly-adopted and well-known form of ornamentation for a particular class of goods" which consumers view as such.

*Landscape Forms,* 113 F.3d at 378 n.3 ("[i]n reality, all three [of the Seabrook] questions are merely different ways to ask whether the design, shape or combination of elements is so unique, unusual or unexpected in this market that one can assume without proof that it will automatically be perceived by customers as an indicator of origin—a trademark") (citation omitted).

6

Indeed, the Second Circuit went on to elaborate that in determining whether trade dress is likely to indicate product source "objective consideration of the product and its similarity to others on the market *will always be relevant and often decisive*." *Id.* (emphasis added).  Indeed, even the text relied upon by Schutte in support of its argument, when reviewed in context, demonstrates that the proper standard for trade dress protection focuses on whether the claimed trade dress is distinctive within the marketplace:

> Neither principle is hard and fast, and analysis will always require a look at the product and the market in which it competes. For example, in *Mana Prods., Inc. v. Columbia Cosmetics Mfg., Inc*., 65 F.3d 1063, 1070 (2d Cir. 1995), we held that black, compact containers for cosmetics were so common in that industry as to be generic and, hence, not protectable.

*Id.* at 379.

Although in its papers, Schutte argues that the controlling law in *Knitwaves* provides further support for its position, other than the general proposition that consumers must perceive the claimed trade dress as a source identifier, Schutte has not provided any support for its proposition that the Court should examine the circumstances and condition in which a product is marketed and sold to determine trade dress protection.  Nor can it.  In *Landscape Forms*, the Second Circuit specifically examined its prior holding in *Knitwaves* and held that *Knitwaves* is consistent with and comports with the Second Circuit's holding in *Landscape Forms*—namely, that the distinctiveness of the claimed trade dress or design within the market place is relevant to, and often determinative of, the issue of trade dress protection.  *Id.* at 378 ("Knitwaves fits neatly under the last *Seabrook* question, as the autumnal pattern is a 'commonly-adopted . . . form of ornamentation'").

## B.      The Court Properly Found the '043 Registration Protectable

Not only did the Court correctly interpret the controlling precedent set forth in *Knitwaves* and *Landscape Forms,* but the controlling law set forth in *Knitwaves* and *Landscape Forms* was

thoroughly considered and addressed by this Court in its Order.  *See* Order pp. 44-48[2].  In its

Order, the Court thoroughly considered and addressed Schutte's argument that the '043

Registration was invalid because, according to Schutte, the '043 Registration presumably does

not serve the source identification function of a trademark.  *See* Order p. 43-44 ("Schutte Inc.

argues that Kwik Lok's trade dress rights in the '043 Registration are invalid because they do not

identify Kwik Lok as the source of the product, they have not acquired secondary meaning, they

are generic, and have been abandoned").

In addressing this argument, the Court noted that Kwik Lok validly registered its '043

Registration and that the '043 Registration was incontestable.  *See* Order p. 44.  However, "an

incontestable registered trademark enjoys a conclusive and irrebutable presumption of

distinctiveness," *see Paco Sport, Ltd. v. Paco Rabanne Parfums*, 86 F. Supp. 2d 305, 312

(S.D.N.Y. 2000), and "can only be challenged on certain enumerated grounds and cannot be

challenged on the basis of distinctiveness, *see Park 'N Fly*, 469 U.S. at 205.  Thus, the Court

correctly recognized that the '043 Registration could only be challenged if Schutte can show that

it is generic or has been abandoned.  Order p. 44.

Despite careful consideration of Schutte's arguments that the '043 Registration was

generic in light of the purportedly vague and overbroad description of the product, the alleged

failure of Kwik Lok's deposition witnesses to identify the distinctive features of the product and

news articles that identify the products in generic terms, the Court held that Schutte had failed to

---

[2] While Schutte's Motion for Reconsideration (like its Motion for Summary Judgment) fails to distinguish between
Kwik Lok's registered and unregistered trade dress, and the Knitwaves and Landscape Forms decisions solely
addressed the issue of trade dress protection of unregistered trade dress, nonetheless for the purposes of this motion,
we will assume that Schutte's Motion for Reconsideration  is directed to the Court's rulings regarding the
protectability of both the registered and unregistered trade dress.

demonstrate that the '043 Registration is generic.  In denying Schutte's motion for summary

judgment, the Court held that:

> in order to prove that a registered trade dress is invalid because it is generic,
> Schutte Inc. must show that the trade dress "consists of the shape of a product that
> conforms to a well-established industry custom. Fun-Damental Too, 111 F.3d at
> 1000. Kwik Lok has produced evidence showing that its design is unique in the
> industry and that it has gone to great lengths to promote this design as its own.
> There are therefore sufficient factual disputes that preclude granting summary
> judgment on this claim.

Order p. 44-45.

While Schutte argues that the Court erred in applying the test for trade dress protection

articulated in *Fun-Damental Too v. Gemmy Indus. Corp.*, 111 F.3d 993 (2d Cir. 1997),

purportedly because the *Fun-Damental Too* case involved product packaging (as opposed to

product configuration), this argument is of no moment.  Although the Court cited to

*Fun-Damental Too*, it is clear that the test articulated by the Court is the same test adopted by the

Second Circuit in *Landscape Forms*.  This is confirmed by *Landscape Forms* wherein the

Second Circuit dismissed the differences between *Fun-Damental Too* and *Knitwaves* because

both 'tests' seek answers to the same questions and advance the same underlying policy."

*Landscape Forms, Inc.*, 113 F.3d at 380 ('Viewed in this light, the difference between Knitwaves

and Fun-Damental Too is not great, as both 'tests' seek answers to the same questions in aid of

advancing the same underlying policy").

### C.     The Court Properly Found the Unregistered Trade Dress Protectable

With respect to the unregistered Beveled Notched Square trade dress, the Court carefully

considered Schutte's arguments that the unregistered trade dresses were not entitled to trade

dress protection because "they are not indicative of their source and have not acquired secondary

meaning."  Order p. 46.  Specifically, the Court considered Schutte's arguments that "Kwik

Lok's allegedly vague and general descriptions of the product, either by deposition testimony or

advertisement, identify no distinctive attributes of the product and do not promote an association between the product and source sufficient to acquire secondary meaning." Order p. 47.

Nonetheless, the Court rejected Schutte's argument that the unregistered trade dresses were not entitled to trade dress protection in light of: (1) evidence that Kwik Lok sold the Beveled Notched Square exclusively and successfully from 1996 to 2013; (2) the fact that Kwik Lok spent millions of dollars on advertising and promoting its trade dress rights; (3) the fact that no consumer "studies regarding consumer identification of the source of Kwik Lok's products" had been produced; (4) Kwik Lok's evidence that it has successfully made its product unique in the minds of this main consumer group within the bag closures market," and "Schutte Inc. has presented no evidence to show otherwise." Order p. 47-48. Accordingly, the Court denied Schutte's Motion for Summary Judgment because it properly found that Schutte had failed to satisfy its burden to demonstrate that it was entitled to summary judgment and that genuine issues of material fact existed regarding the validity of Kwik Lok's unregistered trade dresses.

Accordingly, in light of the Court's careful consideration of the controlling law set forth in *Landscape Forms* and *Knitwaves* and their progeny, Schutte's Motion for Reconsideration is unwarranted and must be denied.

## III.   Reconsideration of the Court's Ruling On the Issue of Abandonment is Unwarranted

Schutte also seeks reconsideration of the Court's denial of Schutte's Motion for Summary Judgment that Kwik Lok abandoned its trade dress rights ostensibly on the grounds that "[t]he Courts (sic) assessment of the factual situation and the legal assessment under *Dawn Donut Co. v. Hart Food Stores, Inc.*, 267 F.2d 358, 369 (2d Cir. 1959) is incorrect" and that the Court failed to address the correct legal standard as set forth in *Procter & Gamble Co. v. Quality King Distributors, Inc.,* 123 F. Supp. 2d 108, 116 (E.D.N.Y. 2000).

10

Denial of Schutte's Motion for Reconsideration is warranted because neither of these arguments comports with the requirements of Local Rule 6.3.  Local Rule 6.3 requires that "[t]here shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.  Furthermore, in light of the stringent requirements set forth in Local Rule 6.3, the Second Circuit has explicitly held that:

> The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.

*Shrader.,* 70 F.3d at 257; *Analytical Surveys,* 684 F.3d at 52 ("[T]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked").  Accordingly, Courts "must narrowly construe and strictly apply Local Rule 6.3 so as to avoid duplicative rulings on previously considered issues."  *Schoolcraft v. City of New York,* 298 F.R.D. 134, 137 (S.D.N.Y. 2014).  Accordingly, Schutte's Motion for Reconsideration should be denied without further consideration because Schutte does not even argue—much less demonstrate—that the Court has overlooked any controlling decisions or data.

In support of its Motion for Reconsideration, Schutte first argues that "[t]he Courts (sic) assessment of the factual situation and the legal assessment under *Dawn Donut Co. v. Hart Food Stores, Inc.*, 267 F.2d 358, 369 (2d Cir. 1959) is incorrect."  As set forth above, this argument does not comport with the requirements of Local Rule 6.3 which requires that the moving party set forth "the matters or controlling decisions which counsel believes the Court has overlooked." Local Rule 6.3.

In its Motion for Reconsideration, Schutte neither argues that the Court overlooked controlling law set forth in *Dawn Donut*, nor that the Court overlooked any evidence.  Rather, Schutte acknowledges that the Court considered both the *Dawn Donut* case and Schutte's evidence of abandonment, but claims that the Court was "incorrect" in its assessment of the case law and the evidence.  However, this clearly does not comport with Local Rule 6.3 or the controlling law in this Circuit governing motions for reconsideration.  Indeed, Schutte neither contends—nor demonstrates—that the Court overlooked any controlling law or evidence.  Nor that there is any new law or evidence warranting reconsideration.  Despite the surfeit of controlling law explicitly limiting the bases upon which reconsideration may be granted, Schutte blithely seeks its second bite of the apple solely because it is unhappy with the Court's Order.  This is not legitimate grounds for reconsideration.  *See In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011) (a motion for reconsideration is not a motion "to reargue those issues already considered when a party does not like the way the original motion was resolved") (citation omitted).  Accordingly, based on the controlling law set forth by the Second Circuit in *Shrader*, denial of Schutte's request for reconsideration is warranted.  *Shrader,* 70 F.3d at 257.

Additionally, Schutte seeks reconsideration on the grounds that the Court failed to address the correct legal standard as set forth in *Procter & Gamble Co. v. Quality King Distributors, Inc.*, 123 F. Supp. 2d 108, 116 (E.D.N.Y. 2000).  Once again, Schutte's grounds for reconsideration do not comport with Local Rule 6.3.  Specifically, Local Rule 6.3 requires that the moving party set forth "the matters or controlling decisions which counsel believes the Court has overlooked."  However, *Procter & Gamble* is not a controlling decision, but merely persuasive authority.  Accordingly, Schutte's argument does not comport with Local Rule 6.3 and should be denied.  *Shrader,* 70 F.3d at 257.

Furthermore, in its Order, the Court cited and relied upon *Patsy's Italian Rest., Inc. v. Banas*, 658 F.3d 254, 261-62 (2d Cir. 2011), which issued from the Second Circuit and thus is a controlling decision. As set forth in the Court's Order, this case explicitly holds "naked licensing will lead to an abandonment of a mark only where the mark loses its significance." *Id.* at 265. To the extent that Schutte argues that the Court erred in failing to address the proposition set forth in *Procter & Gamble Co.* (*i.e.* that "an incontestable mark may be deemed abandoned when the registrant licenses the mark and fails to police the license"), this argument is of no moment because the holdings of these cases are in conflict, the Second Circuit's decision in *Patsy's* is obviously controlling—thus, any argument that the Eastern District's proposition is the "correct standard" is unsustainable. Second, the holdings of these cases are not in conflict. Contrary to Schutte's representations in *Procter & Gamble*, the Eastern District did not hold that failure to police a mark automatically results in abandonment of rights in the mark. Rather, it held that such failure to police a mark *could* lead to abandonment. This is consistent with the Second Circuit's decision in *Patsy's* wherein the Second Circuit held that "naked licensing" or failure to police a mark will lead to abandonment of the mark *if* the mark has lost its source identifying significance. Moreover, to the extent that the holdings of these cases were in conflict, the Second Circuit's decision in *Patsy's* would obviously controlling—thus, any argument that the Eastern District's proposition is the "correct standard" is unsustainable.

Even if this Court were inclined to entertain Schutte's Motion for Reconsideration regarding the issue of abandonment on these grounds, Schutte has not demonstrated any judicial error or overlooked matters which "might reasonably be expected to alter the conclusion reached by the court." *See* Shrader, 70 F.3d at 257. As set forth in the Court's Order, "naked licensing will lead to an abandonment of a mark only where the mark loses its significance." *Patsy's* at

13

265.  Because the Court found that "Kwik Lok's product configurations still retain their significance to the relevant market of distributors," the Court found that there was no abandonment.   Order p. 46.  Accordingly, the Court's denial of Schutte's motion for summary judgment on the issue of abandonment was clearly warranted and Schutte's Motion for Reconsider should be denied.

## IV.   Schutte Has Failed to Demonstrate Any Circumstances Warranting Revision of the Court's Findings of Undisputed Facts

Motions for additional, amended or supplemental findings of fact and conclusions of law pursuant to Rule 52 will not be granted simply to reconsider issues that have already been fully litigated and upon which a legally sound decision has already been rendered.  *See Sogeti, U.S.A., L.L.C. v. Whirlwind Bldg. Sys.*, 496 F. Supp. 2d 380, 381 (S.D.N.Y. 2007) citing *Shrader*, 70 F.3d at 257.  The standard governing consideration of a motion for an amendment of findings of fact under Fed. R. Civ. P. 52(b) mirrors the standard governing motions for reconsideration under Local Rule 6.3.  *See Precision Stone, Inc. v. Arch Ins. Co.*, No. 04 Civ. 9996, 2007 U.S. Dist. LEXIS 49274, at *1-2 (S.D.N.Y. June 22, 2007) citing *Wechsler v. Hunt Health Systems, Ltd.,* 2004 U.S. Dist. LEXIS 19757, 2004 WL 2210261, at *2 (S.D.N.Y. Sep. 30, 2004).  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Precision Stone*, No. 04 Civ. 9996, 2007 U.S. Dist. LEXIS 49274, at *2 citing *Shrader*, 70 F.3d at 257.  However, "'[the court] [should] not consider facts not in the record to be facts that the court overlooked.'"  *In re Bear Stearns Cos., Sec., Derivative, & ERISA Litig.*, No. 08 MDL 1963, 2011 U.S. Dist. LEXIS 103038, at * 6-7 (S.D.N.Y. Sept. 6, 2011) citing *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008).

Here, Schutte has not demonstrated that the Court overlooked any facts such as to warrant revision of the court's findings of undisputed facts, specifically of the Court's finding that:

> Kwik Lok has been selling products under these trademarks continuously each year since 1996, as well as similarly configured products for which it claims unregistered trade dress rights.

Order p. 5.  Despite Schutte's claim that "this statement is consistently disputed," Schutte points to no actual evidence on the record which disputes this statement—much less any evidence on the record that the Court overlooked.  *See In re Bear Stearns Cos., Sec., Derivative, & ERISA Litig.*, No. 08 MDL 1963, 2011 U.S. Dist. LEXIS 103038, at * 6-7 (S.D.N.Y. Sept. 6, 2011) ("'[the court] [should] not consider facts not in the record to be facts that the court overlooked'") (citing *Rafter v. Liddle*, 288 Fed. Appx. 768, 769 (2d Cir. 2008).

In support of this statement, Schutte merely cites to its own allegations from its Second Amended Complaint and Motion for Summary Judgment—which are uncorroborated by any evidence from the actual record.  Indeed, the sole piece of independent evidence that Schutte cites to is a Declaration of Use submitted by Kwik Lok in connection with the '043 Registration on April 4, 2006.  However, this declaration does not demonstrate that the mark has not been in continuous use since 1996.  Rather, the evidence, on its face, demonstrates continuous use of the design pictured.  Moreover, in making its finding of undisputed fact in the Order, the Court cited to the substantial evidence of continuous use submitted by Kwik Lok in opposition to Schutte's motion for summary judgment.

Indeed, Schutte's motion to revise the Court's findings of undisputed fact regarding Kwik Lok's continuous use of the trade dress is ridiculous given that Schutte itself conceded in its Statement of Undisputed Facts that Kwik Lok has continuously used its trade dress since at least as early as 1972!  *See* Schutte Bagclosures Inc. Rule 56.1 Statement of Undisputed Facts

("Schutte SUF") No. 71 ("The fame of each of Kwik Lok's claimed trade dress product configurations is based on their continued use since at least 1972, its extensive and continuous promotion at trade shows and online, and the billions of bag closures sold each year"). *See also* Schutte SUF No. 17 ("Customers in the United States can identify the product configuration shown in the 043 Registration as a product of Kwik Lok, because Kwik Lok has sold so many over a long period of time"). Thus, Schutte's motion for revision to the Court's findings of undisputed fact should be denied.

**V.     The Court Properly Relied On Hal Miller's Testimony In Finding That A Sufficient Issue of Material Fact Existed**

Finally, Schutte moves for reconsideration of the Court's Order on the grounds that the Court incorrectly relied on Hal Miller's testimony (specifically statements from Mr. Miller's declaration submitted in connection with Kwik Lok's Opposition to Schutte's Motion for Summary Judgment) to find that a sufficient issues of material facts existed <u>such as to preclude summary judgment</u>. Unfortunately, Schutte's request for reconsideration on these grounds is once again unsustainable. As set forth in detail above, Schutte's request for reconsideration on these grounds does not comply with Local Rule 6.3 and does not constitute valid grounds for reconsideration under the controlling law of this Circuit. Indeed, Schutte is merely repeating arguments already briefed and argued in its Motion for Summary Judgment—arguments which were carefully considered by this Court and rejected. Accordingly, on these grounds alone, reconsideration must be denied.

Schutte's request for reconsideration on these grounds is further unsustainable because it is well settled that a witness may amplify or explain prior deposition testimony through a declaration or affidavit. *See Rule v. Brine. Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996) ("A material issue of fact may be revealed by . . . subsequent sworn testimony that amplifies or explains, but

does not merely contradict . . . prior testimony"); *Gordon v. Rite Aid Corp.*, No. 09 Civ. 7665, 2012 U.S. Dist. LEXIS 54071, at *10 (S.D.N.Y. Mar. 9, 2012) ("An issue of fact may be revealed by a party's subsequent sworn statement that amplifies or explains, but does not merely contradict, his prior testimony").  Since Schutte has not demonstrated that any of the statements in Mr. Miller's declaration conflict with any of his prior testimony, Schutte's objection to the Court's reliance on this testimony is baseless.  Indeed, significantly, Schutte does not challenge any specific statements in Mr. Miller's testimony, but rather attempts to attack Mr. Miller's testimony as a whole based on purported deficiencies in Mr. Paxton's testimony.[3]  *See* Mot. for Recons. p. 12.

However, general attacks on a witness's credibility are not sufficient to defeat a summary judgment motion. *See Crawford-El v. Britton*, 523 U.S. 574, 600 (1998) (general attacks on a witness's credibility are not sufficient to defeat the motion).  *See also Island Software & Computer Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261-62 (2d Cir. 2005) ("Broad, conclusory attacks on the credibility of a witness will not, by themselves, present questions of material fact") (citation omitted); *McCullough v. Wyandanch Union Free Sch. Dist.*, 187 F.3d 272, 280 (2d Cir. 1999). Thus, the Second Circuit has explicitly held that a district court may not discredit a witness's testimony because "the assessment of a witness's credibility is a function reserved for the jury." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 725 (2d Cir. 2010).

---

[3] To the extent that Schutte claims that "Mr. Miller has already been disqualified by Kwik Lok's own counsel to testify to issues regarding design and trade dress," we note that Schutte once again provides no support for this statement.  Nor can it—as no such thing ever occurred and it is merely the product of Schutte's fervent imagination.

Indeed, to establish a genuine issue of fact, "the non-moving party must identify affirmative evidence supporting its version of events, *i.e.*, evidence that establishes a genuine issue of material fact." *See Island Software*, 413 F.3d at 261-62; *City of New York v. Golden Feather Smoke Shop, Inc.,* No. 08-cv-03966, 2013 U.S. Dist. LEXIS 47037, at *54 (E.D.N.Y. Mar. 29, 2013).  Here, Schutte has not only failed to identify which of the specific statement in Mr. Miller's testimony that it is challenging, but it also has failed to identify any specific evidence that either conflicts with this testimony or supports Schutte's arguments.  Because Schutte has failed to satisfy the standards for reconsideration and/or present any affirmative evidence in support of its claims and general attacks on a witness's credibility are not permitted, Schutte's request for reconsideration on these grounds should also be denied.

VI.     **The Declaration of Carl van der Zandt Should be Stricken**

Finally, Kwik Lok moves that the Declaration of Carl van der Zandt and accompanying exhibits (collectively, the "van der Zandt Decl.") filed in support of Schutte's Motion for Reconsideration be stricken from the record because Schutte's submission of this declaration is in violation of Local Rule 6.3.  Specifically, Local Rule 6.3 prohibits the submission of affidavits or declarations in connection with a motion for reconsideration absent permission by the court. *See* Local Rule 6.3.  *See also System Mgmt. Arts, Inc. v. Avesta Techs*, Inc., 106 F. Supp. 2d 519, 520-521 (S.D.N.Y. 2000).  Prior to submitting the van der Zandt Decl., Schutte neither sought, nor did the Court grant Schutte, permission to file the van der Zandt Declaration. Accordingly, the van der Zandt Decl. should be stricken and disregarded without further consideration.  *See System Mgmt. Arts,*  106 F. Supp. 2d at 521 (striking and disregarding declaration and accompanying materials even where the exhibits contain material that is already part of the record and the new items are responsive to the motion for reconsideration); *Ramasamy v. Essar Global Ltd*., No. 11 Civ. 3912(JSR), No. 11 Civ. 3912, 2012 U.S. Dist. LEXIS 67734, at *1 n.1

18

(S.D.N.Y. May 8, 2012) (stating that "the Court does not consider the [additional] declaration or accompanying exhibit in deciding this motion") (citation omitted); *Pegoraro v. Marrero,* No. 10 Civ. 51(AJN) (KNF), 2012 U.S. Dist. LEXIS 107798, at *3 (S.D.N.Y. Aug 1, 2012) (declining to consider declaration and exhibits submitted in support of a motion for reconsideration).

## VII.   Schutte's Motion for Reconsideration is Frivolous

In light of Schutte's failure to comply with Local Rule 6.3 and the controlling law in this Circuit governing motions for reconsideration and the multitude troubling substantive and procedural defects in Schutte's Motion for Reconsideration, to the extent that the Court finds Schutte's Motion for Reconsideration frivolous, Kwik Lok respectfully requests that the Court award it its attorneys' fees in responding to Schutte's Motion for Reconsideration and/or provide it with an opportunity to submit further briefing on this issue.

## CONCLUSION

For the foregoing reasons, Schutte's Motion for Reconsideration should be denied in its entirety and the Declaration of Carl van der Zandt should be stricken and disregarded without further consideration.

Dated this 17th day of November, 2014.

Respectfully submitted,

/s/ Brian McQuillen
DUANE MORRIS LLP
Brian McQuillen
Vanessa C. Hew
1540 Broadway
New York, NY 10036-4086
Tel: (212) 692-1015
Fax: (212) 202-7804

*Attorneys for Defendant and Counterclaim Plaintiff, Kwik Lok Corporation*

DM2\5241119.1

19