**HAND BALDACHIN & AMBURGEY LLP**
Carl M.R. van der Zandt
Sherli Yeroushalmi
8 West 40th Street, 12th Floor
New York, NY 10018
Tel:  (212) 295-2699
Fax: (212) 376-6080
cvdzandt@hballp.com
syeroushalmi@hballp.com
*Counsel for Plaintiff and Counterclaim Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SCHUTTE BAGCLOSURES INC., | ) |
| Plaintiffs | ) |
| v. | ) |
| KWIK LOK CORPORATION, | ) |
| Defendant. | ) |
| | ) Case No. 12-cv-5541 (JGK) |
| KWIK LOK CORPORATION, | ) |
| Counterclaim Plaintiff | ) |
| v. | ) |
| SCHUTTE BAGCLOSURES INC., and SCHUTTE BAGCLOSURES B.V., | ) |
| Counterclaim Defendants | ) |

**MEMORANDUM OF LAW IN REPLY TO KWIK LOK'S OPPOSITION TO SCHUTTE BAGCLOSURES INC.'S MOTION FOR REVISION AND RECONSIDERATION**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT……………………………………………………………...…1-2

ARGUMENT……………………………………………………………………………….....…3

I.      Schutte Inc. Has Provided The Court With Several Instances Of Oversight And Misinterpretation Warranting Reconsideration…………...………………………….…2-4

         A.    Kwik Lok Erroneously Interprets the Scope and Standard for Reconsideration…..........................................................................…2

         B.    Schutte Inc. Has Presented the Court with the Requisites to Merit Reconsideration………………………………………………………………..2-4

II.     Reconsideration of the Abandonment Claim Is Warranted And Necessary…..................4-5

III.    Schutte Inc. Has Effectively Demonstrated the Circumstances Necessary To Warrant A Revision Of the "Undisputed Facts"……………………………………………….....6-7

IV.    Hal Miller's Declaration Is Not Evidence And Should Not Be Considered By The Court………………………………………………………………………………..……..8

V.     The Van der Zandt Declaration Was Validly Submitted and Should Be Reviewed In Tandem With Schutte Inc.'s Reconsideration Motion…………………………..……….9

VI.    Schutte Inc. Has Fully Complied With The Formalities and Procedures Mandated by Fed.R.Civ. P. 59…………………………………………………….......................9-10

CONCLUSION……………………………………………………………………………..10

Schutte Bagclosures Inc. ("Schutte Inc.") respectfully submits this memorandum of law in reply to Kwik Lok Corporation's ("Kwik Lok") opposition to Schutte Inc.'s motion for revision and reconsideration ("Opposition Brief") of this Court's Memorandum and Order dated September 29, 2014 (Dkt. 128, the "Order"), and in opposition to Kwik Lok's motion to strike the Declaration of Carl van der Zandt in Support of Schutte's Motion for Reconsideration and Revision ("Van der Zandt Declaration") and accompanying exhibits.

## PRELIMINARY STATEMENT

Kwik Lok's Opposition Brief is a weak attempt to try to dissuade this Court from considering the relevant issues and evidence that were overlooked in the prior Order. Indeed, Schutte Inc. has presented this Court with *several* valid grounds for reconsideration.

Schutte Inc. holds steadfast the import of examining the context in which the Kwik Lok bag closures are marketed and sold. The evidence simply cannot establish that the many variations of Kwik Lok's purported "trade dress" serve to identify the source of its products. If anything, the evidence of billions of wholesale sales of sheet plastic bag closures, in different variations, promoted by decades of advertisements solely touting the functional, practical or economic advantages of Kwik Lok's bag closing systems and bag closures, establishes only one thing: Kwik Lok's alleged "trade dress" cannot serve and is not serving to identify the source.

Accordingly, the product configurations cannot constitute trade dress, and Schutte Inc. was and is entitled to summary judgment on its claims of non-infringement and cancellation of Kwik Lok's trademark registrations. Should the Court conclude there are issues of fact regarding whether Kwik Lok's bag closures can serve as source identifiers, Schutte Inc. requests the Court reconsider its dismissal of Schutte Inc.'s abandonment claim.

Furthermore, Schutte Inc. respectfully requests the Court take note of certain discrepancies within the Order regarding "undisputed facts", as well as certain incorrect conclusions involving the Declaration of Hal Miller ("Miller Declaration") as evidence.

## ARGUMENT

**I.   SCHUTTE INC. HAS PROVIDED THE COURT WITH SEVERAL INSTANCES OF OVERSIGHT AND MISINTERPRETATION WARRANTING RECONSIDERATION**

**A. Kwik Lok Erroneously Interprets the Scope and Standard for Reconsideration**

Kwik Lok inaccurately contends that the only way Schutte Inc. can validly petition for reconsideration is if the "Court overlooked controlling decisions or data." Throughout its Opposition Brief, Kwik Lok references the purported requirements of Local Rule 6.3, ignoring that Schutte Inc.'s Reconsideration Motion was filed under Local Rule 6.3 *and* Fed.R.Civ. P. 59(e). Rule 59(e) governs motions to "alter or amend a judgment". Fed.R.Civ. P. 59(e). Under this Rule, courts have recognized *three* major grounds for justifying reconsideration: "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). In this case, the Court's oversight of certain facts and evidence in the record, combined with a misinterpretation of the law and statements presented by Kwik Lok, equates to a manifest injustice to Schutte Inc.; an injustice which the Court can correct and is subject to reconsideration.

**B. Schutte Inc. Has Presented the Court with the Requisites to Merit Reconsideration**

Throughout this litigation and specifically in its Motion for Summary Judgment, Schutte Inc. has emphasized that the evidence simply cannot establish that the many variations of Kwik Lok's

purported "trade dress" serve to identify the source of its products, and, as a result, its products are not protectable under the law.

Kwik Lok acknowledges that the Second Circuit "has recognized that the product and the market in which it competes are relevant to trade dress protection,"; in fact, the Circuit has held that "in order to be a trademark, the relevant term must be *used in a manner* that is clearly calculated to project to consumers that the trademarked goods originate from a single source." *See Charles of the Ritz Group, Ltd. v. Marcon, Ltd.*, 635 F. Supp. 158, 159 (S.D.N.Y. 1986) (emphasis added); *see also McGregor-Doniger Inc. v. Drizzle, Inc*. 599 F.2d 1126, 1130 (2d Cir. 1979). Kwik Lok's registered and unregistered product configurations have failed to establish the level of recognition necessary to warrant trade dress protection. *See* Dkt. 99, at pp. 12-20; and Dkt. 117, at pp. 2-4.

In its Opposition Brief, Kwik Lok attempts to divert attention from the facts by playing a game of semantics with the case law cited in Schutte Inc.'s Motion for Revision and Reconsideration ("Reconsideration Brief"). Not once does Kwik Lok respond to the litany of facts Schutte Inc. presented to show that none of Kwik Lok's product configurations can serve to identify source, let alone be the primary function of those product configurations. *See* Reconsideration Motion, at pp. 5-6. Indeed, "the focus of the inquiry is whether or not the trade dress is of such a design that a buyer will immediately rely on it to differentiate the product from those of competing manufacturers." *Tone Bros., Inc. v. Sysco Corp.*, 28 F.3d 1192, 1206 (Fed. Cir. 1994) (quoted in *Knitwaves, Inc. v. Lollytogs Ltd.*, 71 F.3d 996, 1008 (2d Cir. 1995) (emphasis added). The answer to this question can only be "no".

What Schutte Inc. seeks in its Reconsideration Motion is that the Court expressly evaluates the trade dress claims in the context of these product sales to determine the issue of

3

"distinctiveness," as required by *Knitwaves* and *Landscape Forms*. Kwik Lok mystifyingly claims that the "manner and circumstances in which the products are sold" are not relevant to whether the trade dress functions to identify source. *See* Opposition Brief, at p. 6. But this simply cannot be so. Where, as here, a consumer never relies upon – indeed, often never even sees – the product configuration in making purchases of the product, then that configuration cannot possibly serve as a source identifier. *See* Schutte Inc.'s Motion for Summary Judgment, at pp. 2-5. Kwik Lok still has not addressed this point, despite multiple briefs on the issue.

Even under Kwik Lok's theory, however, where Kwik Lok claims that the key to the analysis is whether the product configurations have distinctive elements that make them unique or unusual (Opposition Brief, at pp. 6-7), Kwik Lok must still lose. As fully explained in *Landscape Forms*, the claimed owner of the protectable product configuration must specify in detail what those unusual or unique elements are, which Kwik Lok still has not done because it cannot. *See Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381-82 (2d Cir. 1997) (rejecting description of trade dress product configuration where it was overly vague and where specified elements were not common to all product configurations). Respectfully, the Court did not conduct a specific analysis under either the context of the sales or the claims "unique" or "unusual" elements of Kwik Lok's product configurations. On this basis, Schutte Inc. seeks reconsideration.

## II.   RECONSIDERATION OF THE ABANDONMENT CLAIM IS WARRANTED AND NECESSARY

Kwik Lok attempts to invalidate Schutte Inc.'s argument that the Court should grant reconsideration of the abandonment claim in light of the facts, by wrongly dismissing controlling case law and misstating the facts.

Kwik Lok argues that *Procter & Gamble Co. v. Quality King Distributors, Inc.,* 123 F. Supp. 2d 108, 116 (E.D.N.Y. 2000), is not controlling law and the propositions cited have no effect on this litigation. Nevertheless, the statements cited and analyzed in that case were taken from Second Circuit precedent. For example, the principle of law that an uncontrolled license may provide the basis for an inference of abandonment of a trademark was originally cited in the Second Circuit case, *General Motors Corp. v. Gibson Chemical & Oil Corp*., 786 F.2d 105, 110 (2d Cir. 1986), and only after referenced in *Procter & Gamble,* 123 F. Supp. 2d at 116. Moreover, the principle that "an incontestable mark may be deemed abandoned when the registrant licenses the mark and fails to police the license" was initially upheld in *Warner Bros. Inc. v. Gay Toys, Inc.* 724 F.2d 327, 334 (2d Cir. 1983), and reiterated again in in *Procter & Gamble*, 123 F. Supp. 2d at 1116.

Kwik Lok is correct that a motion for reconsideration pursuant to Local Rule 6.3 is appropriate in cases where a court "overlooked controlling decisions or factual matters that were put before it on the underlying motion" which, if examined, might reasonably lead to a different result. *Eisemann v. Greene*, 204 F.3d 393, 395 n. 2 (2d Cir. 2000). However, under the law, the Court's misinterpretation or misapplication of relevant case law in its original decision is a ground for [such] reconsideration. *See Kuklachev v. Gelfman,* No. 08-CV-2214(CPS) (VVP)., 2009 BL 74519, at *2 (E.D.N.Y. Apr. 07, 2009; *O'Brien v. Bd. of Educ. of Deer Park Union Free School Dist.*, 127 F. Supp. 2d 342, 346 (E.D.N.Y. 2001); *see also Karlen v. City Colleges*, 837 F.2d 314 (7th Cir.1988).

In light of the legal authority and facts Schutte Inc. presented in its Reconsideration Motion, we respectfully request the Court reconsider its decision that Schutte Inc.'s argument for summary judgment as to abandonment is without merit.

5

### III. SCHUTTE INC. HAS EFFECTIVELY DEMONSTRATED THE CIRCUMSTANCES NECESSARY TO WARRANT A REVISION OF THE "UNDISPUTED FACTS"

Schutte Inc.'s intention in asking the Court for revisions to the "Undisputed Facts" of the Order is to provide for a clear and accurate record. This is not a motion for additional, amended or supplemental findings of fact and conclusions of law under Fed.R.Civ. P. 52; it is simply a request to provide clarification, on the record, of issues still in dispute.

Throughout this litigation, Schutte Inc. has argued, and Kwik Lok has admitted, that Kwik Lok's bag closures have been re-engineered, designed and modified throughout the years. *See e.g.* Schutte Bagclosures Inc. Rule 56.1 Statement of Undisputed Facts ("Schutte SUF") No. 1 ("Kwik Lok's engineering department designs bag closing and production equipment. Kwik Lok is constantly designing and making subtle changes to closures depending on what the engineering department thinks would make them better, or if there would be a better way for the toolmaker to make the product").

Kwik Lok would like to sweep under the rug the fact that its own filed specimen provides undisputable evidence of Kwik Lok's use of a different shape than the shape shown in the 043 Registration. *See* Dkt. 114-10. Schutte Inc. has uncovered and made evident the fact that Kwik Lok has changed its product configurations throughout the years, and has abandoned its alleged trade dress through non-use. *See* Schutte Inc.'s Motion for Summary Judgment, at pp. 24-25.

Furthermore, contrary to Kwik Lok's opposition, Schutte Inc. is not disputing that *some* of these types of bag closures were continuously sold from 1996 onwards; this does not mean, however, that these sales were performed "*under these trademarks*", or that these sales qualify as use of the 043 Registration trademark. As Schutte Inc. discussed in its Reconsideration Motion, just because the sales of these different bag closures are undisputed, it is not undisputed that

these sales were performed under the 043 Registration trade dress. *See* Reconsideration Motion, at p.10.

In fact, Kwik Lok inaccurately interprets Schutte Inc.'s argument. At this juncture, Schutte Inc. is not trying to debate which side is correct in their assertions; instead, it is asking the Court to simply recognize a dispute exists regarding the continuous use of Kwik Lok's alleged trade dress.

Kwik Lok tries to discredit Schutte Inc.'s argument based on the contention that the only evidence Schutte Inc. has introduced to show that certain facts are in dispute are its own allegations – this is simply untrue. Schutte Inc. has provided the Court with evidence of the various *different* shapes and configurations over which Kwik Lok has claimed trade dress protection under the scope of the 043 Registration. *See* Dkt. 117, at pp. 7-9; and Dkt. 118-1.

In contrast, the only support Kwik Lok provides to support its position that the 043 Product Configuration is a valid trade dress is the uncorroborated word of Hal Miller. The evidence within the record has established that the Kwik Lok bag closures are promoted and advertised as functional, utility-driven products. *See* Schutte SUF No. 78 ("Mr. Miller does not remember any advertisement or publication by or on behalf of Kwik Lok Corporation telling customers or the public, to look for a specific shape of bag closure as the trademark or identifier of a Kwik Lok product."); No. 79 (list of advertisements promoting the functionality and convenience of the Kwik Lok bag closure). These advertisements serve to support Schutte Inc.'s arguments regarding Kwik Lok's abandonment through inconsistent use of its closures, and by allowing others to use their "trade dress" to promote their own products and trademarks.

Accordingly, we request the Court respectfully strike the specific language at issue from the undisputed language portion of the Order.

7

## IV. HAL MILLER'S DECLARATION IS NOT EVIDENCE AND SHOULD NOT BE CONSIDERED BY THE COURT

As discussed in Schutte Inc.'s Reconsideration Motion, to be sufficient to create a factual issue for purposes of a summary judgment motion, an affidavit must, among other things, be based on "personal knowledge." An affidavit is not based on personal knowledge if, for example, it is based on mere "information and belief" or hearsay. *See Cusumano v. Sobek*, 2009 BL 16045, at *22 (N.D.N.Y. 2009). Furthermore, such an affidavit must not be conclusory. *See id*. If the assertions in an affidavit lack any supporting evidence or are too general, such as those in those in the Miller Declaration, the affidavit is considered conclusory. *See e.g. Bickerstaff v. Vassar College*, 196 F.3d 435, 452 (2d Cir. 1999) (McAvoy, C.J., sitting by designation) ("Statements [for example, those made in affidavits, deposition testimony or trial testimony] that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment.").

Kwik Lok tries to extract itself from the contradiction it has created by claiming the Miller Declaration is an extension of Mr. Miller's deposition testimony, and was only submitted to "amplify or explain" what was already said during depositions. *See* Opposition Brief, at p. 16. However, Kwik Lok misses the mark; the Miller Declaration *does not amplify nor explain* any prior testimony, instead, it introduces all new testimony that has previously been deemed out of declarant's realm of knowledge. In fact, Mr. Miller was designated as Kwik Lok's 30(b)(6) witness solely regarding sales issues, and specifically barred from testifying to issues of design and trade dress. Kwik Lok designated only Mr. Jerre Paxton to speak on issues regarding design and trade dress.  *See* Van der Zandt Decl. at ¶¶ 9-11; *see also Gordon v. Rite Aid Corp.,* No. 09 Civ.7665, 2012 BL 64025, at *3 (S.D.N.Y. Mar. 12, 2012) ("a party may not defeat summary judgment by contradicting deposition testimony in a subsequent affidavit").

8

For these reasons, Kwik Lok's dependence on the Miller Declaration is unsustainable, and the Court should revise its conclusions and statements as far as they rely on the Miller Declaration.

## V. THE VAN DER ZANDT DECLARATION WAS VALIDLY SUBMITTED AND SHOULD BE REVIEWED IN TANDEM WITH SCHUTTE INC.'S RECONSIDERATION MOTION

In an attempt to confuse the Court and muddy the waters, Kwik Lok asks the Court to strike the Van der Zandt Declaration. Kwik Lok inaccurately interprets the law and legal basis for Schutte Inc.'s Reconsideration Motion. Schutte Inc. filed its Reconsideration Motion under Fed.R.Civ. P. 59(e) and Local Rule 6.3; under the Federal Rule, there is no bar or restriction on submission of affidavits. *See also Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., et al.*, 373 F.3d 241, 246 (2d Cir. 2004) ("it is axiomatic that the Federal Rules of Civil Procedure trump inconsistent interpretations of local rules").

Furthermore, the Van der Zandt Declaration was submitted to provide clarification and points of reference for this Court upon review of the Reconsideration Motion. The Declaration does not provide any new information, and in fact, helps to provide the Court with a clearer picture of the documents imperative to this case. Specifically, the information provided in the Declaration was limited to the record that was before the Court on the Schutte Inc.'s Motion for Summary Judgment.

For these reasons, Schutte Inc. respectfully requests the Court deny Kwik Lok's motion to strike the Declaration.

## VI. SCHUTTE INC. HAS FULLY COMPLIED WITH THE FORMALITIES AND PROCEDURES MANDATED BY FED.R.CIV. P. 59

As discussed above, Schutte Inc. has fully complied with the regulations and procedures set forth in the Federal Rules of Civil Procedure, and the controlling law in the Circuit. Kwik Lok

9

attempts to create issues of defect to divert the Court's attention from the validity of Schutte Inc.'s argument for revision and reconsideration. Accordingly, Schutte Inc. respectfully asks that the Court deny Kwik Lok's request for attorneys' fees, and any opportunity for gratuitous briefing.

## CONCLUSION

For the foregoing reasons, Schutte's Reconsideration Motion should be granted. If the Court refuses to grant reconsideration, Schutte Inc. still respectfully ask the Court to make the appropriate revisions to the Order to reflect Schutte Inc.'s objections, and the true and accurate record.

Dated: New York, New York
November 26, 2014

    Respectfully submitted,

    /s/ Sherli Yeroushalmi
    **HAND BALDACHIN & AMBURGEY LLP**
    Carl M.R. van der Zandt
    Sherli Yeroushalmi
    8 West 40th Street, 12th Floor
    New York, NY 10018
    Tel: (212) 295-2699
    Fax: (212) 376-6080
    cvdzandt@hballp.com
    syeroushalmi@hballp.com

    *Counsel for Counterclaim Defendants Schutte Bagclosures Inc. and Schutte Bagclosures B.V.*