UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————————

SCHUTTE BAGCLOSURES INC.,

                              Plaintiff,             12 Civ. 5541 (JGK)

           - against -                               MEMORANDUM OPINION AND
                                                     ORDER
KWIK LOK CORPORATION,

                              Defendant.
————————————————————————————————————

KWIK LOK CORPORATION,

                  Counterclaim Plaintiff

           - against -

SCHUTTE BAGCLOSURES B.V.,

                  Counterclaim Defendant.

————————————————————————————————————

JOHN G. KOELTL, District Judge:


     The plaintiff, Schutte Bagclosures Inc. ("Schutte Inc."),

brought this action requesting a judgment declaring that its use

of its plastic bag closure clips does not infringe on the

registered trade dress of defendant Kwik Lok Corporation ("Kwik

Lok").  Kwik Lok thereafter asserted counterclaims against

Schutte Inc. for, among other claims, federal trade dress

infringement and dilution.  On September 29, 2014, this Court

granted the defendant's motion for summary judgment dismissing

the majority of Schutte Inc.'s declaratory judgment claims, and

denied Schutte Inc.'s motion for summary judgment dismissing the

1

counterclaims.  The plaintiff now moves under Federal Rule of Civil Procedure 59(e) and Local Rule 6.3 for reconsideration of the part of the Court's ruling denying the plaintiff's motion for summary judgment relating to Kwik Lok's asserted trade dress.

"The decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." Vincent v. Money Store, No. 03 Civ. 2876, 2011 WL 5977812, at *1 (S.D.N.Y. Nov. 29, 2011) (citation and internal quotation marks omitted).  "Reconsideration of a previous order by the Court is an extraordinary remedy to be employed sparingly...." Anwar v. Fairfield Greenwich Ltd., 800 F.Supp.2d 571, 572 (S.D.N.Y. 2011) (internal citation and quotation marks omitted).  "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citation and quotation marks omitted); see also Assured Guar. Mun. Corp. v. RBS Sec. Inc., No. 13cv2019, 2014 WL 1855766, at *1 (S.D.N.Y. May 8, 2014).

The plaintiff has failed to show that there were any issues of fact or controlling law that the Court overlooked.  While the plaintiff disagrees with the Court's decision, that is not a

basis for reconsideration.  <u>See, e.g.</u>, <u>R.F.M.A.S., Inc. v. Mimi So</u>, 640 F. Supp. 2d 506, 512 (S.D.N.Y. 2009).

The plaintiff has not shown there was any clear error to correct or that there is any manifest justice to prevent in the Court's previous decision.  The plaintiff's motion is therefore **denied**.

The plaintiff also seeks to have the Court revise portions of its prior decision, but there is no basis for that relief. The request for revision is therefore **denied.**

The defendant has moved for sanctions on the grounds that the plaintiff's motion is frivolous.  The Court has discretion to decide whether to impose sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927, and chooses to exercise its discretion not to impose sanctions in this case because there is no sign of bad faith and this motion likely required minimal time for the defendant to oppose.  <u>See, e.g.</u>, <u>Bowman Imp./Exp., Ltd. v. F.J. Elsner & Co. N. Am.</u>, No. 02cv3436, 2003 WL 21543522, at *2 (S.D.N.Y. July 9, 2003).

## CONCLUSION

The Court has considered all of the arguments of the parties.  To the extent not specifically addressed above, any remaining arguments are either moot or without merit.  For the

reasons explained, the plaintiff's motion for reconsideration is

**denied.**

**SO ORDERED.**

**Dated:    New York, New York**
**December 4, 2014          _____/s/_____**
                                        **John G. Koeltl**
                             **United States District Judge**