UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────

SCHUTTE BAGCLOSURES INC.,

                     Plaintiff,           12 Civ. 5541 (JGK)

         - against -             MEMORANDUM OPINION AND
                                    ORDER

KWIK LOK CORPORATION,

                     Defendant.

─────────────────────────────────────────

KWIK LOK CORPORATION,

          Counterclaim Plaintiff

        - against –

SCHUTTE BAGCLOSURES B.V.,

         Counterclaim Defendant.

─────────────────────────────────────────

JOHN G. KOELTL, District Judge:


    The plaintiff, Schutte Bagclosures Inc. ("Schutte Inc."),
brought this action requesting a judgment declaring that its use
of its plastic bag closure clips does not infringe on the
registered trade dress of defendant Kwik Lok Corporation ("Kwik
Lok").  Kwik Lok thereafter asserted counterclaims against
Schutte Inc. for, among other claims, federal trade dress
infringement and dilution.  On September 29, 2014, this Court
granted the defendant's motion for summary judgment dismissing
the majority of Schutte Inc.'s declaratory judgment claims, and
denied Schutte Inc.'s motion for summary judgment dismissing the

counterclaims.  The plaintiff now moves under Federal Rule of

Civil Procedure 59(e) and Local Rule 6.3 for reconsideration of

the part of the Court's ruling denying the plaintiff's motion

for summary judgment relating to Kwik Lok's asserted trade

dress.

"The decision to grant or deny a motion for reconsideration

rests within the sound discretion of the district court."

Vincent v. Money Store, No. 03 Civ. 2876, 2011 WL 5977812, at *1

(S.D.N.Y. Nov. 29, 2011) (citation and internal quotation marks

omitted).  "Reconsideration of a previous order by the Court is

an extraordinary remedy to be employed sparingly...."  Anwar v.

Fairfield Greenwich Ltd., 800 F.Supp.2d 571, 572 (S.D.N.Y. 2011)

(internal citation and quotation marks omitted).  "The major

grounds justifying reconsideration are an intervening change of

controlling law, the availability of new evidence, or the need

to correct a clear error or prevent manifest injustice."  Virgin

Atlantic Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245,

1255 (2d Cir. 1992) (internal citation and quotation marks

omitted); see also Assured Guar. Mun. Corp. v. RBS Sec. Inc.,

No. 13cv2019, 2014 WL 1855766, at *1 (S.D.N.Y. May 8, 2014).

The plaintiff has failed to show that there were any issues

of fact or controlling law that the Court overlooked.  While the

plaintiff disagrees with the Court's decision, that is not a

basis for reconsideration.  See, e.g., R.F.M.A.S., Inc. v. Mimi
So, 640 F. Supp. 2d 506, 512 (S.D.N.Y. 2009).

The plaintiff has not shown there was any clear error to
correct or that there is any manifest justice to prevent in the
Court's previous decision.  The plaintiff's motion is therefore
**denied.**

The plaintiff also seeks to have the Court revise portions
of its prior decision, but there is no basis for that relief.
The request for revision is therefore **denied.**

The defendant has moved for sanctions on the grounds that
the plaintiff's motion is frivolous.  The Court has discretion
to decide whether to impose sanctions under Fed. R. Civ. P. 11
and 28 U.S.C. § 1927, and chooses to exercise its discretion not
to impose sanctions in this case because there is no sign of bad
faith and this motion likely required minimal time for the
defendant to oppose.  See, e.g., Bowman Imp./Exp., Ltd. v. F.J.
Elsner & Co. N. Am., No. 02cv3436, 2003 WL 21543522, at *2
(S.D.N.Y. July 9, 2003).

### CONCLUSION

The Court has considered all of the arguments of the
parties.  To the extent not specifically addressed above, any
remaining arguments are either moot or without merit.  For the

reasons explained, the plaintiff's motion for reconsideration is

**denied.**

**SO ORDERED.**

**Dated:**    **New York, New York**
         **December 4, 2014**        _____/s/_____
                                        **John G. Koeltl**
                                 **United States District Judge**